**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>     v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON,<br><br>        Defendants. | Case No. 5:22-cv-03600-BLF<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT MICHAEL TOBIAS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: Beth Labson Freeman<br>Hearing: December 15, 2022<br>Time: 9:00 AM<br>Ctrm: 3 – 5th Floor (San Jose) |

1

NOT. OF MTN. AND MTN. OF MICHAEL TOBIAS FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
5:22-cv-03600-BLF

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 15, 2022 at 9:00 AM before the Honorable Beth Labson Freeman in the San Jose Courthouse, 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, Movant Michael Tobias ("Movant") will and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel. This Motion is brought pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") on the grounds that: (1) Movant should be appointed Lead Plaintiff for the class of purchasers of Terra Tokens including between May 20, 2021 and May 25, 2022, inclusive (the "Class Period"), as Movant has timely made this Motion and is the "most adequate plaintiff" and otherwise satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure; and (2) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen with exhibits, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Michael Tobias ("Movant"), respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)      appointing Movant as Lead Plaintiff for all persons other than those excluded[1] who were purchasers of Terra Tokens between May 20, 2021 and May 25, 2022, inclusive (the "Class

---

[1] Excluded from the Class are: (a) Defendants; (b) Defendants' affiliates, agents, employees, officers, and directors; (c) Plaintiffs' counsel and Defendants' counsel; and (d) the judge assigned to this matter, the judge's staff, and any member of the judge's immediate family. Movant

Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws, and non-securities violations of provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and California law (the "Class"); and

(2)    appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Movant as the Lead Plaintiff; and

2.    Whether the Court should approve Movant's selection of Rosen Law as Lead Counsel.

## II.    STATEMENT OF FACTS

This action was commenced on June 17, 2022 in the United States District Court Northern District of California against Defendants for claims under Sections 5, 12(a)(1), and 15 of the Securities Act, Section 10(b) of the Exchange Act, and non-securities violations of provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and California law (the "Class"). On June 20, 2022, a PSLRA early notice advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

TerraForm Labs Pte. Ltd. ("TFL") operates the Terra blockchain and its related protocol which hosts, supports, and funds decentralized financial applications and products known collectively as the Terra ecosystem. TFL's primary focus is developing, marketing, and selling a suite of digital assets and financial products within the Terra ecosystem, including the native and governance tokens within the Terra ecosystem, so-called "stablecoins," a bevy of financial products such as "mirrored assets," bonded assets, liquidity pool tokens, along with various protocols (*e.g.,* Anchor, Mirror, etc.) to support and facilitate their sale. These digital assets are collectively referred to as the "Terra Tokens" and are worth tens of billions of dollars in total

reserves the right to modify, change, or expand the various class definitions set forth above, based on discovery and further investigation.

NOT. OF MTN. AND MTN. OF MICHAEL TOBIAS FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
5:22-cv-03600-BLF

market cap. All of TFL's decentralized applications are designed to manufacture a reason to use the Terra Tokens since there is no purpose for these digital assets other than as investments.

TFL repeatedly touted the stability of UST as an "algorithmic" stablecoin that is paired to the Terra ecosystem's native token LUNA and the sustainability of the Anchor Protocol—a type of high-yield savings account whereby investors can "stake" or deposit UST with TFL in exchange for a guaranteed 20% APY interest rate. As a part of this promotional campaign, TFL formed the Luna Foundation Guard—a group six venture capital groups that promised to support and fund the Terra ecosystem and to "defend the peg" in the event that high volatility caused the UST/LUNA pair to become untethered. The Luna Foundation Guard and its members acted on behalf of TFL to promote the stability of UST and mislead investors into believing that (1) the Luna Foundation Guard's reserve pool would be sufficient to defend the peg against a proverbial run on the bank by UST/LUNA investors, and (2) that the Luna Foundation Guard would be able to maintain interest payments from the Anchor Protocol through a well-capitalized "Anchor Yield Reserve" fund.

Then, between May 6, 2022 and May 9, 2022, structural infirmities specific to the Terra ecosystem exposed a crack in UST's ability to maintain its peg to $1. The truth regarding the stability and sustainability of the UST/LUNA pair and the Anchor Protocol could not be hidden any longer from investors, and within a week, the price of UST and LUNA collapsed by approximately 91% and 99.7%, respectively.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Terra Tokens, Movant and other Class members have suffered significant losses and damages.

III.     **ARGUMENT**

**A.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the

NOT. OF MTN. AND MTN. OF MICHAEL TOBIAS FOR APPT. AS LEAD PLAINTIFF &
APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
5:22-cv-03600-BLF

date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### 1.  Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson,* 2007 WL 1129344 at * 4 (citing cases).

5

NOT. OF MTN. AND MTN. OF MICHAEL TOBIAS FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
5:22-cv-03600-BLF

Movant invested $452,991 in UST on 452,991 UST tokens, which he continues to hold, and lost approximately $441,062 under the Exchange Act in connection with his transactions of Terra Tokens, specifically UST which were staked utilizing the Anchor Protocol, during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satsif[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the federal securities laws by, among other things, selling unregistered securities and publicly

6

disseminating a false and misleading information. Movant, as did all of the members of the Class, purchased unregistered Terra Tokens at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### 4. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of

adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Movant has researched and retained competent and experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Terra Tokens and is therefore, extremely motivated to pursue claims in this action.

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### B. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z- 1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the

7

NOT. OF MTN. AND MTN. OF MICHAEL TOBIAS FOR APPT. AS LEAD PLAINTIFF &
APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
5:22-cv-03600-BLF

interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class' and the Movant's claims—reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. Rosen Law has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## IV.        CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.


Dated: August 19, 2022.                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/Laurence M. Rosen
                                           Laurence M. Rosen, Esq. (SBN 219683)
                                           355 South Grand Avenue, Suite 2450
                                           Los Angeles, CA 90071
                                           Telephone: (213) 785-2610
                                           Facsimile: (213) 226-4684
                                           Email: lrosen@rosenlegal.com

                                           *Counsel for Movant and [Proposed]*
                                           *Lead Counsel for the Class*

8

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On August 19, 2022 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT MICHAEL TOBIAS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on August 19, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen

NOT. OF MTN. AND MTN. OF MICHAEL TOBIAS FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
5:22-cv-03600-BLF