# EXHIBIT C

LAW OFFICES OF

# MCNAUL EBEL NAWROT & HELGREN
A PROFESSIONAL LIMITED LIABILITY COMPANY

600 UNIVERSITY STREET, SUITE 2700
SEATTLE, WASHINGTON 98101-3143
TELEPHONE: (206) 467-1816
FACSIMILE: (206) 624-5128

GREGORY J. HOLLON                                            E-MAIL: GHOLLON@MCNAUL.COM
Direct (206) 389-9348

TIMOTHY B. FITZGERALD                             E-MAIL: TFITZGERALD@MCNAUL.COM
Direct (206) 389-9338

September 1, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    **In re Tether and Bitfinex Crypto Asset Litigation**
               **No. 19 Civ. 9236 (S.D.N.Y.)**

Dear Judge Failla:

      Together with O'Melveny & Myers, we represent Defendant Bittrex, Inc. in the referenced matter. Defendant Poloniex LLC, represented by Nelson Mullins, also joins in this letter (Bittrex and Poloniex are collectively "the Exchange Defendants"). We write to join in the requests made by the B/T Defendants in responding to Plaintiffs' Motion for Kyle W. Roche to Withdraw as Attorney (Dkt. No. 229) – namely, (1) that Roche Freedman LLP be terminated as counsel in this case, and (2) that both Mr. Roche and Roche Freedman LLP certify, in connection with their termination, that they have returned or destroyed all documents and information produced by the Exchange Defendants and that they have not shared any of those documents or information with any third party.

      In the video recordings released by Crypto Leaks, Mr. Roche states that "litigation is an underused tool," and confirms that he has used class action litigation as a "strategic instrument" to support non-party Ava Labs, a cryptocurrency company in which he and other Roche Freedman attorneys maintain a substantial interest. He states that he has used litigation against other participants in the cryptocurrency space to further the interests of Ava Labs. He goes on to state that he is Ava Labs' "crypto expert . . . because I sue half the companies in the space" and brags that he has "seen in the insides of every single crypto company." Mr. Roche describes himself in one of the videos as a "crazy mother****er" who will "take you to the end" to get a

The Honorable Katherine Polk Failla
September 1, 2022
Page 2

piece of paper saying "I own your company now," and describes that "power" as "a tool that has not been unlocked by many."

Mr. Roche's statements raise troubling questions about his firm's use of the discovery process in this matter. As the Court is aware, Plaintiffs amended their complaint in June 2020 to add the Exchange Defendants. *See* Dkt. No. 114. The Amended Complaint relies heavily on allegations that the B/T Defendants owned or controlled certain accounts on the Exchange Defendants' platforms, including specifically the "1AA6" account on Bittrex and the "1J1d" account on Poloniex, incorrectly describing those accounts as the "Bitfinex deposit address(es)." *Id.* at ¶ 207. In response to those allegations, the Exchange Defendants provided Mr. Roche and his colleagues conclusive evidence, including a sworn declaration from the actual holder of the supposed "Bitfinex deposit address(es)," that the accounts in question are not and never have been owned or controlled by the B/T Defendants; instead, they have always been exclusively owned and controlled by a foreign arbitrage trader who has no relation to the B/T Defendants. The Exchange Defendants have identified that trader, provided sworn testimony from him about his arbitrage activities, and produced documents proving that the relevant accounts are—contrary to the allegations in the Amended Complaint—not owned or controlled by the B/T Defendants.

Notwithstanding the arbitrage trader's sworn testimony about his trading, Plaintiffs say that they cannot yet re-evaluate their claims against the Exchange Defendants because "[f]ull discovery, from all Defendants, is needed to test the assertions in the Anonymous Declaration." Plaintiffs say that such discovery must include "documents and deposition testimony not only from the declarant, but also from the Exchange Defendants, Bitfinex, and their affiliates." Dkt. No. 181 at 2.

The Exchange Defendants have worked diligently in preparing a substantial production of documents to Plaintiffs.[1] Mr. Roche's recent statements raise serious concerns about the intent behind such discovery and how it will be used. While the Exchange Defendants appreciate that a protective order has been entered in this matter and that attorneys can be expected to comply with such orders, Mr. Roche's statements make clear that he has already used confidential materials produced in litigation for improper purposes. Moreover, the Court previously recognized that the protective order is not sufficient protection for certain information Defendants have produced. *See* Dkt. No. 195. Under the circumstances, simply accommodating Mr. Roche's withdrawal is not sufficient. He remains a member of Roche Freedman, and it must be assumed that, just as the actions he described in the recently released videos benefited Mr. Roche, his firm, and Ava Labs, any further access by Roche Freedman to the highly confidential materials produced in this matter may be subject to similar misuse.

For the above reasons, the Exchange Defendants respectfully join in the B/T Defendants' requests that (1) Roche Freedman LLP be terminated as counsel in the matter, and (2) Roche

---

[1] Plaintiffs originally proposed nearly 300 search terms to each of the Exchange Defendants, many of which related to broad aspects of the cryptocurrency industry but did not appear related to any of the claims or defenses in this matter.

The Honorable Katherine Polk Failla
September 1, 2022
Page 3


Freedman LLP be required to certify that is has destroyed all documents produced by the Defendants in this matter, and that no such materials remain in the possession, custody, or control of any principals, agents, or employees of the firm.

      Given these revelations, the Exchanges Defendants reserve the right to pursue additional relief as they obtain more information.

      Respectfully,

      Gregory J. Hollon
      Timothy B. Fitzgerald

GJH/TBF:ln