Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Proposed Lead Counsel and Counsel
for Movant, José Luis Villasenin*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON, )<br><br>Defendants. ) | Case No. 3:22-cv-03600-TLT<br><br>**JOSÉ LUIS VILLASENIN'S REPLY IN SUPPORT OF HIS MOTION TO APPOINT HIM AS LEAD PLAINTIFF AND APPROVE HIS SELECTION OF COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge:    Hon. Trina L. Thompson<br>Date:     December 13, 2022<br>Time:     2:00 P.M.<br>Courtroom: Courtroom 9, 19TH Floor |

JOSÉ LUIS VILLASENIN'S REPLY IN SUPPORT OF
HIS MOT. TO APPOINT HIM AS LEAD PLAINTIFF
AND APPROVE HIS SELECTION OF COUNSEL

CASE NO. 3:22-cv-03600-TLT

1    On September 2, 2022, the five competing movants for lead plaintiff filed responses in further

2    support of their motions: (i) José Luis Villasenin; (ii) Michael Tobias; (iii) Shing Yiu Ng; (iv) Josh

3    Golder; and (v) Nick Patterson. *See* ECF Nos. 35, 37, 38, 41, and 42, respectively. While Mr.

4    Villasenin does not possess the largest financial interest, he remains ready and willing to serve as lead

5    plaintiff if applicants with larger losses are deemed inadequate or atypical. *See* ECF No. 35.

6    As a preliminary matter, the PSLRA mandates a sequential approach to evaluating the

7    candidates, ranking them according to which one has the largest financial interest in the relief sought

8    by the class. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Moreover, this sequential

9    process:

10   . . . provides no occasion for comparing plaintiffs with each other on any basis other
     than their financial stake in the case. Once that comparison is made and the court
11   identifies the plaintiff with the largest stake in the litigation, further inquiry must focus
     on that plaintiff alone and be limited to determining whether he satisfies the other
12   statutory requirements.

13   *Id*. at 732. In sum, the PSLRA precludes consideration of the relative merits of each movant on "a

14   round-robin basis." *Id*.; *see also Robb v. Fitbit Inc.*, 2016 U.S. Dist. LEXIS 62457, at *11 (N.D. Cal.

15   2016) (same); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004).[1]

16   Nevertheless, certain movants maintain that—while not possessing the largest financial

17   interests in the relief sought by the class—they should still be appointed as lead plaintiff. Patterson

18   (the lowest-ranked movant), for instance, ignores the Ninth Circuit's sequential process altogether,

19   making arguments touting the purported breadth of his investments and skill of his counsel, engaging

20   in precisely the type of "round-robin" approach rejected by the Ninth Circuit in *Cavanaugh*. *Cf.* 306

21   F.3d at 732, *with* ECF No. 42 at 2-4, 8-14. Tobias attacks Golder's adequacy and choice of counsel,

22   citing reports of a "secret pact with blockchain company Ava Labs whereby Kyle Roche and his firm

23   [Roche Freedman, LLP] would pursue class action litigation against competing blockchain

24   companies[,]" simply to, *inter alia*, "damage and distract Ava Labs' and its token AVAX's

25

26   [1]    Here, movants Villasenin, Tobias, and Ng, each acknowledged that they do not appear to
     possess the largest financial interest in the relief sought by the class. *See* ECF No. 35 at 1; ECF No.
27   37 at 1; ECF No. 38 at 1.

28   José Luis Villasenin's Reply in Support of          1          Case No. 3:22-cv-03600-TLT
     His Mot. to Appoint Him as Lead Plaintiff
     and Approve His Selection of Counsel

1    competitors[.]"[2] ECF No. 37 at 2.

2         Their arguments against Mr. Villasenin are baseless.  First, Golder asserts without any proof

3    whatsoever that Mr. Villasenin faces extraterritoriality issues, erroneously assuming that Mr.

4    Villasenin purchased his LUNA tokens on a foreign exchange. *See* ECF No. 41 at 3-4, citing *Morrison*

5    *v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010). Golder's suggestion is both speculative and incorrect.

6    *See In re SolarCity Corp. Sec. Litig.*, 2017 U.S. Dist. LEXIS 11553, at *17 (N.D. Cal. 2017) ("Absent

7    proof that the lead plaintiff candidate with the largest financial interest does not satisfy the

8    requirements of Rule 23, said candidate is 'entitled to lead plaintiff status.'"). Here, Mr. Villasenin

9    purchased his LUNA tokens through Kraken, a cryptocurrency exchange based in the United States.

10   *See Williams v. Block One*, 2020 U.S. Dist. LEXIS 265365, at *7 (S.D.N.Y. 2020) (noting Kraken is

11   one of many "cryptocurrency exchanges based in the United States"). Accordingly, if the Court's

12   sequential analysis reaches Mr. Villasenin, Golder's speculation is insufficient to disqualify him.

13   *LeVenthal v. Chegg, Inc.*, 2022 U.S. Dist. LEXIS 161501, at *10 (N.D. Cal. 2022) ("speculation [. . .]

14   is insufficient to rebut the lead plaintiff presumption."); *Doherty v. Pivotal Software, Inc.*, 2019 U.S.

15   Dist. LEXIS 195360, at *18 (N.D. Cal. 2019) ("The PSLRA requires 'proof' . . . speculative assertions

16   are insufficient.").[3]

17        Next, Patterson—with losses of just $26,774 (*see* ECF No. 25 at 7) compared to Mr.

18   Villasenin's $191,991 loss—contends that Mr. Villasenin is subject to unique defenses because he is

19   a foreign investor. ECF No. 42 at 6-7. It is a weak argument, particularly given that courts in this

20   District routinely appoint foreign investors as sole lead plaintiffs. *See, e.g., Shenwick v. Twitter, Inc.*,

21   2016 U.S. Dist. LEXIS 177714 (N.D. Cal. 2016); *SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp.

22   3d 1113, 1121 (N.D. Cal. 2020) ("the Court appointed Plaintiff SEB Investment Management AB as

23   lead plaintiff . . . . "). The cases Patterson cites are not remotely applicable here. In *In re Network*

24   _____

25   [2]    Roche Freedman, LLP withdrew Mr. Roche from this matter on September 4, 2022 at the
     request of counsel for Villasenin (Kahn, Swick & Foti, LLC) on September 2, 2022. *See* ECF No. 43.

26   [3]    Because Mr. Villasenin purchased his shares on Kraken—a domestic exchange—Mr.
     Patterson's reliance upon *Borochoff v. Glaxosmithkline Pub. Ltd. Co.*, 246 F.R.D. 201 (S.D.N.Y. 2007)
27   (*see* ECF No. 42 at 6-7) is also misplaced.

28   JOSÉ LUIS VILLASENIN'S REPLY IN SUPPORT OF          2               CASE No. 3:22-cv-03600-TLT
     HIS MOT. TO APPOINT HIM AS LEAD PLAINTIFF
     AND APPROVE HIS SELECTION OF COUNSEL

1   *Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017 (N.D. Cal. 1999), Judge Alsup disqualified two foreign

2   movants based on a litany of concerns, including, *inter alia*, that one was unwilling to attend

3   depositions and the other was associated with two banks under criminal investigation. *Id.* at 1029-30.

4   No such concerns are present here as Mr. Villasenin's certification and declaration establish his

5   understanding of the fiduciary duty he owes to members of the putative Class, and his willingness to

6   testify, review documents, instruct counsel, and attend hearings. *See* ECF No. 24-2 at ¶ 3; ECF No.

7   24-4 at ¶¶ 3-5. *Eichenholtz v. Verifone Holdings, Inc.*, 2008 U.S. Dist. LEXIS 64633 (N.D. Cal. 2008),

8   which disqualified an unrelated grouping of five foreign investors, each with its own investment

9   strategy and unique defenses, is similarly unpersuasive because Mr. Villasenin is an individual with

10  no such concerns. *Id.* at *22-30.[4]

11          Patterson's other arguments in support of his counsel's efforts to be appointed co-lead counsel

12  are equally unavailing as courts routinely hold that the PSLRA does not require a lead plaintiff to have

13  personal standing to sue on every cause of action. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d

14  Cir. 2004) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with

15  standing to sue on every available cause of action."); *Bodri v. GoPro, Inc.,* 2016 U.S. Dist. LEXIS

16  57559, at *20-21 (N.D. Cal. 2016) (rejecting similar gambit); *Aronson v. McKesson HBOC, Inc.*, 79

17  F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999) (same). Accordingly, Patterson's attempt to upend the

18  PSLRA's sequential analysis by touting the purported breadth of his investments is inappropriate.

19  *Cavanaugh*, 306 F.3d at 732.

20          In conclusion, Mr. Villasenin stands ready, willing, and able to represent the class as lead

21  plaintiff.

22

23  Dated: September 9, 2022                                    Respectfully submitted,

24                                                             **KAHN SWICK & FOTI, LLP**

25                                                             By:___*s/ Ramzi Abadou*_____

26  _____

27  [4]      That the group also changed counsel while its motion was pending raised further questions
    about the stability of its decision-making structure. *Id*. at *30.

28

Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(to be admitted *pro hac vice*)
Morgan M. Embleton
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Proposed Lead Counsel and Counsel
for Movant, José Luis Villasenin*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                        *s/ Ramzi Abadou*
                                        RAMZI ABADOU

JOSÉ LUIS VILLASENIN'S REPLY IN SUPPORT OF       4       CASE No. 3:22-cv-03600-TLT
HIS MOT. TO APPOINT HIM AS LEAD PLAINTIFF
AND APPROVE HIS SELECTION OF COUNSEL

# Mailing Information for a Case 3:22-cv-03600-TLT Patterson v. TerraForm Labs Pte Ltd. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,scott-scott@ecf.courtdrive.com,scaesar@scott-scott.com,edewan@scott-scott.com

- **Sean T. Masson**
  smasson@scott-scott.com

- **Ivy T. Ngo**
  ingo@rochefreedman.com,ingo@ecf.courtdrive.com,ECF_Notifications@rochefreedman.com

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Colby Brian Springer**
  cspringer@polsinelli.com,sfdocketing@polsinelli.com,sildocketing@polsinelli.com,catherine-schmitz-7536@ecf.pacerpro.com,caschmitz@polsinelli.com

- **Daniel Amon Zaheer**
  daniel.zaheer@kobrekim.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)