**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]
Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON, <br><br> Defendants. | Case No. 3:22-cv-03600-TLT <br><br> **REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Trina L. Thompson <br> Hearing: December 13, 2022 <br> Time: 2:00 PM <br> Ctrm: 9 – 19th Floor (San Francisco) |

Movant Michael Tobias ("Mr. Tobias") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion. Dkt. No. 19.

Only one remaining lead plaintiff candidate[1] claims a larger financial interest than Mr. Tobias—Josh Golder ("Mr. Golder"). Mr. Golder's opposition does nothing to rehabilitate his inadequacy and atypicality demonstrated in his selection of inadequate and conflicted counsel. Nor does Roche Freedman LLP ("Roche Freedman") named partner Kyle Roche's belated withdrawal from the case (Dkt. No. 43) save Mr. Golder as Kyle Roche's firm is irrevocably tainted to represent plaintiffs in crypto class actions like this one.

In contrast to the inadequate and atypical Mr. Golder, Mr. Tobias lost $441,062. Dkt. No. 19-4. Mr. Tobias faces no issues with regards to *Morrison v. National Australia Bank Ltd.,* 561 U.S. 247, (2010), as he is a citizen and resident of New York. Dkt. No. 37 at 2. Further, his single, clean, domestic trade renders him a more than adequate lead plaintiff candidate without the distraction of any debilitating issues. *See generally* Dkt. No. 37.

In opposition, competing movants Mr. Golder and Nick Patterson ("Mr. Patterson") advance two categories of arguments against Mr. Tobias. First, competing movants claim that Mr. Tobias may face jurisdictional issues with regards to *Morrison*. Second, competing movants suggest Mr. Tobias is not an appropriate lead plaintiff because he did not purchase *all* the potentially relevant securities during the Class Period and lacks standing. These arguments are meritless.

**A. Mr. Tobias Has No Jurisdictional Problems Under *Morrison***

Mr. Tobias is and was a citizen of New York at all relevant times. Dkt. No. 37 at 2. Therefore, he is not subject to jurisdictional issues under *Morrison*. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 66281, at *3 (N.D. Cal. Jan. 4, 2017) ("After *Morrison*, courts have applied a two-prong test to determine whether a particular

---

[1] Shing Yiu Ng and José Luis Villasenin, regardless of their own deficiencies or financial interests (*see* Dkt. No. 37 at 2, 6-9 and 11), have abandoned their motions by filing notices of non-opposition to competing motions. Dkt. Nos. 35 and 38; *see Marquez v. Bright Health Grp., Inc.*, 2022 WL 1314812, at *1 (E.D.N.Y. Apr. 26, 2022) (denying as moot lead plaintiff motions whose movants later filed notices of non-opposition to competing motions or withdrew their motion).

1

REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER
SUPPORT OF HIS LEAD PLAINTIFF MOTION
3:22-cv-03600-TLT

securities transaction is properly within the territorial reach of Section 10(b): (1) whether the transaction is in 'securities listed on domestic exchanges'; or (2) whether the transaction is a 'domestic transaction[ ] in other securities.'") (quoting *Morrison*, 561 U.S. at 267).

**B. Mr. Tobias is Not Required to Have Purchased All the Securities in the Class to Have Standing**

It is well established that a lead plaintiff need not have standing to pursue every claim. "Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action … it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *In re CTI Biopharma Corp. Sec. Litig.*, 2016 WL 7805876, at *4 (W.D. Wash. Sept. 2, 2016) (citing *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004)); *Schueneman v. Arena Pharm., Inc.*, 2011 WL 3475380, at *5 (S.D. Cal. Aug. 8, 2011) (same).

Indeed, competing movant Mr. Patterson, who advances this argument, himself, does not have standing to represent all of the Terra tokens set forth in his Complaint.[2] Mr. Patterson did not make any Class Period *transactions* of KRT, $WHALE, $MINE, MINE-UST-LP, and bLUNA which are specified in the complaint. *Compare* Dkt. No. 1 ¶¶ 45-48, 50, and 53 *with* Dkt. Nos. 1 at 67-63 and 25-3. Mr. Patterson did not make any Class Period *purchases* of APOLLO or MIR. *Compare* Dkt. No. 1 ¶¶ 45-48, 50, and 53 *with* Dkt. Nos. 1 at 67-63 and 25-3. Either Mr. Patterson filed with the Court an incorrect PSLRA certification (*see* Dkt. No. 37 at 4-5) or his arguments regarding standing are knowingly disingenuous. Further, Mr. Patterson listed transactions in ANC-UST-LP, MINE, MINE-UST-LP, WHALE, kUST, and wETH while none of these tokens are mentioned in the Complaint. *See* Dkt. Nos. 1 and 25-3. Finally, Mr. Patterson made clear in the Complaint that the token list was not exhaustive. *See e.g.*, Dkt. No. 1 ¶¶ 48, 50, and 53 ("TFL's Mirrored Assets include, but are not limited to, the following[,]" "TFL's LP

---

[2] The Class Period, as provided in the Complaint states: "This action is brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who **purchased** Terra Tokens between May 20, 2021 and May 25, 2022, inclusive (the 'Class Period'), and who were damaged thereby (the 'Class')". Dkt. No. 1 at ¶ 1 (emphasis added).

tokens include, but are not limited to, the following[,]" "The bAssets developed and sold by TFL include the following[.]").

Mr. Patterson's cases are off the mark. In *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *7-11 (N.D. Cal. Nov. 8, 2019), the movant had *no standing whatsoever* because the movant could not trace its purchases to the relevant company's initial public offering under Section 11 of the Securities Act of 1933—which are absent here. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), a pre-PSLRA case, was on class certification and turned on a proposed class representative's "extensive experience in prior securities litigation, his relationship with his lawyers, his practice of buying a minimal number shares of stock in various companies, and his uneconomical purchase of only ten shares of stock in Dataproduct." *Id*.

\*   \*   \*

The chaos caused by Kyle Roche and Roche Freedman is spreading causing harm to other crypto class actions. Roche Freedman's own proposed co-lead counsel here, Dontzin Nagy & Fleissig LLP, withdrew from this case in a footnote in Mr. Golder's opposition. Dkt. No. 41 at 2 n.1.

Roche Freedman's co-lead counsel in *In re Tether and Bitfinex Crypto Asset Litigation*, case no. 1:19-cv-09236-KPF (S.D.N.Y.), sought the removal of Roche Freedman as co-lead counsel because they "believe that Roche Freedman's continued involvement in the litigation is not in the best interests of the class. Accordingly, we respectfully request that the Court terminate Roche Freedman's status as interim co-lead counsel[,]" even after Kyle Roche withdrew himself. Attached as Exhibit A to Declaration of Laurence M. Rosen ("Rosen Decl.").

In that same case, counsel for other members of that putative class have also filed applications seeking to remove Roche Freedman, even after Kyle Roche himself withdrew, because of the "sideshow" that Roche Freedman has thrust upon that putative class, the harm that the putative class has already suffered, and the clear risks to the putative class with particular focus on discovery and class certification. Rosen Decl., Ex. B.

This is not an isolated event. On September 6, 2022 a motion to disqualify Roche Freedman as counsel was filed in *Kleiman v. Wright*, case no. 22-11150 (11th Cir.). Rosen Decl., Ex. C. Grounds for the motion cited Kyle Roche's misconduct revealed in the Crypto Leaks Report, and Kyle Roche's violations of the New York Rules of Professional Conduct including those relating to conflicts of interest and prejudicial administration of justice. *Id*.

Lastly, it appears that Kyle Roche is not the only lawyer at Roche Freedman with significant holdings in AVAX. The other remaining named partner, Devin "Velvel" Freedman, appears to hold a significant interest in the cryptocurrency through Roche Freedman at approximately 32% of Roche Freedman's holding which was valued at $250 million at one point. Rosen Decl., Ex. D, *Cyrulnik v. Roche, et al.*, case no. 2021-005837-CA-01 (Fla.Cir.Ct.), Filing 122776616 ¶ 32. Further, other attorneys at the firm, Edward Normand and Nathan Holcomb, also appear to hold approximately 5% stakes each in Roche Freedman's significant cryptocurrency holding. *Id*.

In short, Roche Freedman cannot have any leadership role in this case, as it is not in the best interests of the class. Even if the allegations against Kyle Roche and Roche Freedman are inaccurate,[3] these unique issues will become a major focus of the litigation and will harm the class. *See In re Snap Inc. Sec. Litig.,* 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019) ("Importantly, '[t]here is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial.'") (quoting *In re Netflix Inc., Sec. Litig.*, 2012 WL 1496171, at * 5 (N.D. Cal. Apr. 27, 2012)); *Koos v. First Nat'l Bank,* 496 F.2d 1162, 1164 (7th Cir. 1974) ("Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff … then the named plaintiff is not a proper class representative.").

## CONCLUSION

For the foregoing reasons, including in Mr. Tobias' opening and opposition papers, Mr. Tobias' motion should be granted in its entirety and the competing motions should be denied.

---

[3] Kyle Roche has not publicly denied the genuineness of the video clips of himself and his statements included in the Crypto Leaks Report.

1  Dated: September 9, 2022                  Respectfully submitted,

2

3                                            **THE ROSEN LAW FIRM, P.A.**

4                                            /s/Laurence M. Rosen
                                             Laurence M. Rosen, Esq. (SBN 219683)
5                                            Pronouns: he/him/his
                                             355 South Grand Avenue, Suite 2450
6                                            Los Angeles, CA 90071
7                                            Telephone: (213) 785-2610
                                             Facsimile: (213) 226-4684
8                                            Email: lrosen@rosenlegal.com

9
                                             *Counsel for Movant and [Proposed]*
10                                           *Lead Counsel for the Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             5
REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER
SUPPORT OF HIS LEAD PLAINTIFF MOTION
3:22-cv-03600-TLT

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On September 9, 2022 I electronically filed the following **REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on September 9, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen