# EXHIBIT A

 

September 2, 2022

**Via ECF and E-mail**

The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-cv-09236 (KPF)

Dear Judge Failla:

Selendy Gay Elsberg PLLC ("Selendy Gay Elsberg") and Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace") write in their capacity as interim class counsel, and specifically not on behalf of the named plaintiffs, in response to the letter dated September 2, 2022, by Roche Freedman LLP ("Roche Freedman"), ECF No. 232. The named plaintiffs have all reviewed this letter and stated that they disagree with its content and recommendation; in short, the named plaintiffs express a strong preference that Roche Freedman remain in the case.[1] Undersigned counsel nevertheless believe they have a duty to the Court and the putative class to inform the Court of their views. *See* Fed. R. Civ. P. 23(g)(3) (stating interim class counsel is appointed to "act on behalf of a putative class.").

As explained below, Selendy Gay Elsberg and Schneider Wallace believe that Roche Freedman's continued involvement in the litigation is not in the best interests of the class. Accordingly, we respectfully request that the Court terminate Roche Freedman's status as interim co-lead counsel. Selendy Gay Elsberg and Schneider Wallace are ready and willing to continue representing the class as interim co-lead counsel.

Selendy Gay Elsberg and Schneider Wallace became aware of video recordings of Kyle Roche, a founding partner of Roche Freedman, when they were published online on August 26, 2022.[2] In the recordings, Mr. Roche makes statements regarding the blockchain industry and his approach to class action litigation. On August 31, 2022, Mr. Roche (though not Roche Freedman) filed a motion to withdraw as counsel. ECF No. 229. Later that day, the B/T Defendants submitted

---

[1] Selendy Gay Elsberg and Schneider Wallace were not aware of the affidavits of the class representatives until they were filed as exhibits to Roche Freedman's letter. *See* ECF Nos. 232-2–232-6. Although Selendy Gay Elsberg and Schneider Wallace respect the opinions expressed in those affidavits, they believe their duty as interim class counsel is to "the interests of the class" as a whole. *See* Fed. R. Civ. P. 23(g)(4).

[2] *See Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman*, Crypto Leaks (Aug. 26, 2022), *available at* https://cryptoleaks.info/case-no-3.

a letter asking the Court to terminate Roche Freedman as counsel for the class. ECF No. 230. The Exchange Defendants filed a letter on September 1, joining this request. ECF No. 231.[3]

Given the content of the recordings—and the fact that Mr. Roche, in an August 29, 2022 public response, did not deny the recordings' authenticity[4]—Selendy Gay Elsberg and Schneider Wallace asked Roche Freedman to withdraw as counsel to protect the interests of the class. Roche Freedman declined to withdraw.

Selendy Gay Elsberg and Schneider Wallace are not able to evaluate the credibility of Roche Freedman's statements concerning Ava Labs, AVAX tokens, or Mr. Roche's position at his firm or his financial interest in this litigation. However, Roche Freedman's continued involvement as counsel in the case is contrary to the best interests of the class. Roche Freedman's continued representation of the class would likely spawn significant discovery and motion practice as to the veracity and/or import of the allegations. These issues are likely to unnecessarily distract from the merits of this dispute, and can be avoided by the removal of Roche Freedman as class counsel.

Selendy Gay Elsberg and Schneider Wallace are both experienced and capable class counsel, with expertise in litigation concerning digital assets, and will continue to prosecute this action on behalf of the class as interim co-lead counsel. For example, Selendy Gay Elsberg has been appointed as co-lead counsel in numerous class actions in this district where the plaintiffs' allegations involve the technical details of dozens of different crypto-assets.

To protect the interests of the putative class, we respectfully request that the Court terminate Roche Freedman's appointment as interim co-lead counsel.

---

[3] Selendy Gay Elsberg and Schneider Wallace disagree with Defendants' claims that Plaintiffs have sought "information that has no apparent link to the claims and defenses in this lawsuit," ECF No. 230 at 2, or which "related to broad aspects of the cryptocurrency industry but did not appear related to any of the claims or defenses in this matter," ECF No. 231 at 2 n.1. Rather than air that dispute here, Plaintiffs will continue to meet and confer with Defendants in an effort to resolve any remaining discovery issues without Court intervention. *See* ECF No. 228 at 2.

[4] https://medium.com/@kyleroche/my-response-b691563c255b

Respectfully submitted,

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*