**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
Phillip Kim (*pro hac vice*)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 3:22-cv-03600-TLT<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT MICHAEL TOBIAS TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION**<br><br><u>CLASS ACTION</u><br><br>Judge: Trina L. Thompson<br>Hearing: December 13, 2022<br>Time: 2:00 PM<br>Ctrm: 9 – 19th Floor (San Francisco) |

1

NOTICE OF MOTION AND MOTION OF MOVANT MICHAEL TOBIAS TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION – Case No. 3:22-cv-03600-TLT

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 13, 2022 at 2:00 PM before the Honorable Trina L. Thompson in the San Francisco Courthouse, 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Movant Michael Tobias ("Mr. Tobias" or "Movant") will and does move this Court for an order granting the Motion to strike arguments raised for the first time in competing movant Nick Patterson's ("Mr. Patterson") reply memorandum of law in further support of his lead plaintiff motion, Dkt. No. 46.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Tobias respectfully submits this memorandum in support of his motion for an Order striking arguments first made in Mr. Patterson's reply.

### I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should strike Mr. Patterson's assertions first raised on reply.

### II. STATEMENT OF FACTS

Pursuant to the early notice issued June 20, 2022, Mr. Tobias, Mr. Patterson, Josh Golder ("Mr. Golder") and others filed motions for appointment as lead plaintiff in this case on August 19, 2022.

On September 2, 2022, Mr. Tobias, Mr. Patterson, and Mr. Golder filed opposition briefing in response to the competing motions.

On September 9, 2022, Mr. Tobias, Mr. Patterson, Mr. Golder, and José Luis Villasenin filed reply briefs in further support of each movants original motion.

In reply, Mr. Patterson raised for the first time purported issues with Mr. Tobias' certification to speculate that Mr. Tobias does not understand the allegations in this case. Dkt. No. 46 at 9-10.

Mr. Patterson did not raise these untimely assertions in his opposition brief. Dkt. No. 42. Therefore, Mr. Patterson cannot raise these meritless assertions on reply. *Duran v. Fernandez*

2

NOTICE OF MOTION AND MOTION OF MOVANT MICHAEL TOBIAS TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION – Case No. 3:22-cv-03600-TLT

*Bros., Inc.*, 2015 WL 7012884, at *2 (N.D. Cal. Nov. 12, 2015) ("under Ninth Circuit precedent, the Court shall not consider issues that are raised for the first time by the parties in their reply briefs."); *Loumena v. Hammon*, 2015 WL 7180679, at *5 (N.D. Cal. Nov. 16, 2015), *aff'd,* 671 F. App'x 447 (9th Cir. 2016) ("the Court does not consider issues that are raised for the first time by the parties in their reply briefs.") (citing *Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980)).

Even if Mr. Patterson could raise these assertions, they are meritless and should be seen for what they are—throwaway arguments raised to justify their new and untimely co-lead motion.

First, Mr. Tobias filed a proper certification pursuant to the PSLRA. *Compare* Dkt. No. 19-3 *with* 15 U.S.C. § 77z-1(a)(2)(A)(i)-(vi) and 15 U.S.C. § 78u-4(a)(2)(A)(i)-(vi). Mr. Tobias' certification containing minor typos by listing "Price per Share" and "Common Stock" is no issue and does not render it defective. *In re Solar City Corp. Sec. Litig.*, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017) ("Multiple district courts have held that minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.") (cleaned up) (citing cases). Indeed, in similar circumstances, certifications regarding common units or American Depositary Shares have stated an incorrect security type without issue. *E.g.*, *Sanchez v. Hoegh LNG Partners LP, et al.*, case no 2:21-cv-19374-KM-JBC (D.N.J.) (appointing lead plaintiff who submitted a certification listing "Shares" when the security at issue was a "common unit" and not a share of common stock of the entity at issue); *Fu v. Wanda Sports Group Company Limited*, case no. 3:19-cv-01852-MO (D. Ore.) (appointing lead plaintiff who submitted a certification listing "Share" when the security at issue was an American Depositary Share, or ADS, and not a share of common stock of the company at issue); *Liang v. DouYu International Holdings Limited, et al.*, case no. 2:20-cv-02747-SVW-MAA (C.D. Cal.) (same); *Chen v. X Financial, et al.*, case no. 1:19-cv-06908-KAM-SJB (E.D.N.Y.) (same); *Ikeda v. Baidu, Inc., et al.*, case no. 5:20-CV-02768-LHK (N.D. Cal.) (appointing lead plaintiff who submitted a certification listing "Units" when the security at issue was an American Depositary Share, or ADSs, and not a common unit of the company at issue).

Mr. Tobias noted in his opening brief that he only purchased UST. Dkt. No. 19 at 6 ("Movant invested $452,991 in UST on 452,991 UST tokens, which he continues to hold, and lost approximately $441,062 under the Exchange Act in connection with his transactions of Terra Tokens, specifically UST which were staked utilizing the Anchor Protocol, during the Class Period.").

Mr. Patterson's feigned concern that it is unclear which security Mr. Tobias purchased has no basis. Indeed, Mr. Patterson understood what security Mr. Tobias purchased as Mr. Patterson acknowledged in his opposition that "Movant Tobias only claims to have suffered losses from UST." Dkt. No. 42 at 10.

Even if a typo could derail lead plaintiff appointment (they do not)—Mr. Patterson's typos clearly demonstrate a lack of knowledge. Mr. Patterson's name is misspelled in his filings. *See* Dkt. No. 42 at 16 (spelling "Patterson" as "Paterson"). Mr. Patterson has other typos congruent with his lack of knowledge, seeking himself to be appointed as "Lead Counsel." *See* Dkt. No. 42 at 6 ("It is thus appropriate to appoint Patterson as Lead Counsel over the entire class …").

Contrary to Mr. Patterson's speculation, Mr. Tobias read and understood the complaint. Dkt. No. 19-3 ¶ 1; *see also* Dkt. Nos. 19 at 2-4, 36 at 2-5, and 37 at 6. These speculative and incorrect assertions do not rebut the strong presumption that Mr. Tobias is the most adequate lead plaintiff and must be appointed (as Mr. Golder, the only competing movant with a larger financial interest is inadequate and atypical, *see* Dkt. Nos. 37 at 2-6 and 48 at 2, 4-5). *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

\*   \*   \*

Mr. Golder, Mr. Patterson, and their counsel also belatedly seek to be appointed co-lead plaintiff and co-lead counsel in some way—a practice that Courts often reject and Courts in this District strongly reject. *E.g.*, *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at \*7-8 (N.D. Cal. Dec. 16, 2019); *Isaacs v. Musk*, 2018 WL 6182753, at \*2-3 (N.D. Cal. Nov. 27, 2018); *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at \*8-10 (N.D. Cal. Aug. 22, 2008). No movant in this case originally sought appointment as part of a group investors due to the significant issues such groupings create. *See* Dkt. Nos. 19, 24, 25, 28, 32.

Further, similar belated groupings of movants and counsel have been rejected due to such groupings violating the PSLRA's strict sixty-day deadline and to prevent lawyer-driven litigation. *In re Vaxgen Sec. Litig.*, 2004 WL 7350274, at *3-4 (N.D. Cal. Apr. 14, 2004); attached as Exhibit A to Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. A, *In re Silver Lake, L.L.C., Sec. Litig.*, case no. 4:20-cv-03766-JSW (N.D. Cal. Dec. 1, 2020), Dkt. No. 36 at 3-4.

## CONCLUSION

For the foregoing reasons, Mr. Tobias respectfully requests the Court grant his motion in full and strike the impermissible assertions first made in Mr. Patterson's reply memorandum of law in further support of motion for appointment as lead plaintiff and approval of counsel pursuant to Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act as amended by the PSLRA.

Dated: September 29, 2022.                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
Phillip Kim (*pro hac vice*)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On September 29, 2022 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT MICHAEL TOBIAS TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on September 29, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen