John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

[Additional Counsel on Signature Page.]

*Attorneys for Lead Plaintiff Movant Nick Patterson*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/ DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 3:22-cv-03600 (TLT)<br><br>**MOVANT PATTERSON'S OPPOSITION TO MOVANT TOBIAS' MOTION TO STRIKE**<br><br>Date:         December 13, 2022<br>Time:        2:00 p.m.<br>Courtroom.: San Francisco Courthouse<br>                     Courtroom 9, 19 Floor<br>Judge:       Hon. Trina L. Thompson |

**STATEMENT OF THE ISSUES TO BE DECIDED**

Whether the Court should strike certain arguments raised in Movant Nick Patterson's ("Patterson") Reply in support of his motion for appointment as lead plaintiff.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This motion to strike stems from a contested leadership appointment process that has been fully briefed by all of the movants still seeking appointment, including Movants Michael Tobias ("Tobias") and Patterson.  Movant Tobias took an aggressive approach in his opposition brief regarding the other movants' adequacy and their ability to represent the class.  The arguments that Patterson raised on reply are not a pleading subject to being stricken under Rule 12(f).  Further, the assertions in questions were simply made in response to those arguments proffered in Movant Tobias' opposition brief.  As such, these are not "new" arguments that should be stricken from the arguments under consideration.  The instant motion should, therefore, be denied.

**II.    ARGUMENT**

**A.     The Request for Relief Is Both Improper and Without Merit**

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from the pleadings any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Pleadings" include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (holding that the district court erred in striking a motion under Rule 12(f)).  Because Movant Tobias seeks to strike "arguments" and "assertions" in Movant Patterson's reply brief as opposed to one of the enumerated definitions of a pleading (*see* ECF No. 57 at 2), the instant motion cannot be granted. *See, e.g.*, *Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842-JST, 2013 WL 6234628, at *2 (N.D. Cal. Dec. 2, 2013); *United States v. Machinski*, No. 11-CV-01118-LB, 2017

WL 2617904, at *7 (N.D. Cal. June 16, 2017), *aff'd*, 745 F. App'x 723 (9th Cir. 2018); *see also Niederklein v. PCS EdventuresA.com, Inc.*, No. 1:10-CV-00479, 2011 WL 759553, at *10 (D. Idaho Feb. 24, 2011) (denying motion to strike portions of a reply brief in further support of a PSLRA leadership application because the movant was "not seeking to strike a pleading" and stating that the court would consider the "entirety" of the reply brief in question).[1]

Even if Movant Tobias' request for relief under Rule 12(f) was properly made (which it is not), it is still without merit.  Generally, a party cannot raise new evidence or arguments in a reply brief.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  However, evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief.  *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."); *Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-6467-C-MMC, 2013 WL 6577143, at *1 n.1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's Administrative Motion for Leave to File Sur–Reply is hereby DENIED . . . Mentor does not '[raise new arguments and evidence] . . . in its reply brief'. . . but, rather, responds to arguments made in Synopsys's opposition."); *Markson v. CRST Int'l, Inc.*, No. 5:17-CV-01261-SB-SP, 2022 WL 790960, at *1 n.1 (C.D. Cal. Feb. 24, 2022) ("The arguments and evidence in Plaintiffs' reply to which Defendants object were directly responsive to Defendants' arguments, and therefore neither improper nor a basis for allowing leave to file a surreply.").

Here, the arguments that Movant Tobias seeks to strike were all proffered by Movant Patterson to rebut the arguments in the competing leadership motions and opposition briefs. Notably, the opening sentence of Section II.B of Movant Patterson's reply explicitly states that this argument was raised in response to an argument in Movant Tobias' opposition brief and even gives the pin cite to it: "While Movant Tobias takes Movant Golder to task for having a defective PSLRA certification (*see* ECF No. 37 at 3-4), it appears that his own PSLRA certification is also fatally deficient by his own standards."  ECF No. 46 at 5.  Similarly, Movant Tobias' complaint

---

[1] The cases relied by Movant Tobias (ECF No. 57 at 2-3) do not involve a motion to strike and, thus, provide no support for the instant motion.

about the response that he did not understand the claims alleged in this action (ECF No. 57 at 4) is equally baseless. Again, as Movant Patterson's reply brief expressly indicates, this argument was raised in direct response to the "moving papers of Movants Golder and Tobias." *See* ECF No. 46 at 6. Thus, both of these arguments are entirely proper to raise on reply. *See Applied Materials*, 2020 WL 8515132, at *1; *Synopsys*, 2013 WL 6577143, at *1 n.1; *Markson*, 2022 WL 790960, at *1 n.1.

### B. Movant Tobias' Other Complaint Misses the Mark

In insisting that the arguments at issue in Movant Patterson's reply should be stricken from consideration, Movant Tobias also suggests that Patterson's reply was actually just a vehicle to "justify their new and untimely co-lead motion." ECF No. 57 at 3. This statement is both curious and incorrect. First, Movant Patterson has consistently requested, in the alternative, to be appointed as "Co-Lead" with any of the other movants in his opening motion (ECF No. 25 at 10), his opposition (ECF No. 42 at 2-5, 14), and his reply brief. ECF No. 46 at 6-10. Thus, it is unclear how Movant Patterson's argument for co-leadership appointment could be considered "new and untimely." Second, it appears that Movant Tobias is conflating the arguments raised by Movant Josh Golder ("Golder") with those submitted by Movant Patterson. While Movant Golder argued for a co-lead structure with Movant Patterson in the event that Movant Golder was not appointed as sole lead (*see* ECF No. 49 at 6-7), Movant Patterson did not directly join in this argument. Instead, Movant Patterson has consistently argued that he should be appointed as either sole lead or as co-lead – regardless of who is the presumptive lead under the PSLRA. And his position is that, while he should be appointed to a sole lead position, he is willing to work together as co-lead with any of the other movants should this Court find that such a structure would help advance the interests of all the class members in this action.[2] This position has never wavered.

---

[2] For the avoidance of any doubt, counsel for Movant Patterson believes that, notwithstanding any appearance of contentiousness surrounding the instant motion and leadership appointment process, we can work collegially and effectively with any of the movants, including Movant Tobias and his chosen counsel.

## III.     CONCLUSION

For the foregoing reasons, Movant Patterson respectfully requests that the Court deny Movant Tobias' motion to strike.

DATED:  October 13, 2022          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

  *s/ John T. Jasnoch*
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Sean T. Masson (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
smasson@scott-scott.com

*Attorneys for Lead Plaintiff Movant Nick Patterson*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on October 13, 2022, at San Diego, California.

                                                  *s/ John T. Jasnoch*
                                                  JOHN T. JASNOCH (CA 281605)