**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
Phillip Kim (*pro hac vice*)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 3:22-cv-03600-TLT<br><br>**REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS MOTION TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION**<br><br><u>CLASS ACTION</u><br><br>Judge: Trina L. Thompson<br>Hearing: December 13, 2022<br>Time: 2:00 PM<br>Ctrm: 9 – 19th Floor (San Francisco) |

1

Movant Michael Tobias ("Mr. Tobias") respectfully submits this reply memorandum of law in further support of his motion to strike assertions in movant Nick Patterson's reply memorandum of law in further support of his lead plaintiff motion. Dkt. No. 57.

In opposition, Nick Patterson ("Mr. Patterson") primarily advances two arguments. First, Mr. Patterson argues that his reply brief is not a pleading and thus Rule 12(f) of the Federal Rules of Civil Procedure does not apply. Dkt. No. 61 at 2. Second, that Mr. Patterson did not raise any new arguments in reply but was responding to arguments made by Mr. Tobias in opposition. *Id*. These arguments are without merit.

**A. Mr. Tobias' Motion to Strike is Proper; Rule 12(f) is a Red Herring**

Courts have the authority to strike or simply not consider improper arguments first raised on reply. Mr. Tobias's motion to strike was brought under the Court's general authority to strike, not under Rule 12(f). Dkt. No. 57 (no mention of Rule 12(f)); *see* Dkt. No. 57 at 2-3 (citing cases); *see also Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Pacquiao v. Mayweather*, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("The court may strike a filing for 'any redundant, immaterial, impertinent, or scandalous matter.' FED.R.CIV.P. 12(f). ***Further, to the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond.***") (citing *Tovar v. United States Postal Service,* 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993)); *see also 1600 E. Newlands Drive, LLC v. Amazon.com.NVDC, LLC,* 2020 WL 7319412, at *2 (D. Nev. Dec. 11, 2020) ("Where a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. … ***The Court similarly finds that it should strike Plaintiff's new argument in its reply***.") (citing cases) (emphasis added); *Swan View Coal. v. Weber*, 2019 WL 952329, at *2 n.1 (D. Mont. Feb. 27, 2019) (granting motion to strike on the Court's own authority because the non-moving party was deprived of an opportunity to respond).

The Ninth Circuit is clear that District Courts do not consider arguments first brought on reply and that such improperly late arguments are waived. *E.g., United Specialty Ins. Co. v. Shot Shakers, Inc.*, 831 F. App'x 346, 347 (9th Cir. 2020) (Ninth Circuit finding the District Court did not abuse its discretion by refusing to consider arguments newly raised in a reply brief") (citing *Zamani*, 491 F.3d at 997); *In re Donnelly*, 773 F. App'x 963, 964 (9th Cir. 2019) (same); *Gulec v. Boeing Co.*, 698 F. App'x 372, 373 (9th Cir. 2017); *Mitchell v. United States,* 971 F.3d 1081, 1084 (9th Cir. 2020) (after the District Court held that an argument first brought on reply was waived, the Ninth Circuit stated that "[r]easonable jurists would not debate the court's conclusion."); *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) (same).

Mr. Patterson's assertion that Mr. Tobias is moving under Rule 12(f) is simply wrong. Additionally, Mr. Patterson's cases are off the mark.

First, most of these decisions relied on motions brought under Rule 12(f), which is not the case here. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 881 (9th Cir. 1983) (affirming the District Court's order striking a motion for reconsideration under Rule 12(f) on harmless error grounds as the motion for reconsideration of an order granting summary judgment was decided on the merits); *Choyce v. SF Bay Area Indep. Media Ctr.*, 2013 WL 6234628, at *1, 10 (N.D. Cal. Dec. 2, 2013) (denying motion to strike a motion to strike state law causes of action pursuant to California's anti-SLAPP statute brought under Rule 12(f)); *United States v. Machinski*, 2017 WL 2617904, at *1, 7 (N.D. Cal. June 16, 2017), *aff'd,* 745 F. App'x 723 (9th Cir. 2018) (denying motion to strike the government's statement regarding its settlement offer under Rule 12(f) in part because the Court had previously granted the government's of summary judgment motion); *Niederklein v. PCS EdventuresA.com, Inc.*, 2011 WL 759553, at *10 (D. Idaho Feb. 24, 2011) (denying motion to strike brought under Rule 12(f) in part due to the movant's motion to strike adequately addressing the untimely new arguments and evidence; the movant who filed the motion to strike was appointed lead plaintiff).

Second, the remaining decisions regarded arguments *directly tied* to arguments raised in opposition briefing, which is not the case here. *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (denying motion for leave to file a sur-reply while

3

discussing how the new evidence proffered on reply was directly in response to arguments raised in opposition); *Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 WL 6577143, at *1 n.1 (N.D. Cal. Dec. 13, 2013) (denying motion for leave to file a sur-reply because the party which moved for a motion for leave to amend invalidity contentions under local patent rules did not attempt for the first time to meet its burden of proving diligence in its reply brief but instead responded to arguments in the opposition); *Markson v. CRST Int'l, Inc.*, 2022 WL 790960, at *1 n.1 (C.D. Cal. Feb. 24, 2022) (denying an evidentiary objection seeking to admit a supplemental declaration from an expert and also a motion for leave to file a sur-reply in part because the moving party failed to confer with the opposing party breaking local rules and the arguments and evidence were directly responsive to the opposing party's arguments).

**B. Mr. Patterson Improperly Brought New Arguments on Reply**

Mr. Patterson argues that in reply that his "assertions in questions [sic] were simply made in response to those arguments proffered in Movant Tobias' opposition brief." Dkt. No. 61 at 2. This is untrue. Mr. Tobias did not raise any arguments regarding Mr. Patterson in opposition as he has the smallest losses. Dkt. No. 37 at 11. Likewise, no competing movant attacked Mr. Patterson's certification or understanding of the case. Dkt. Nos. 37 and 41.

In reality, Mr. Patterson chose not to raise these arguments against Mr. Tobias in opposition, but decided to do so for the first time in reply. Dkt. Nos. 42 and 46. The Court should not consider Mr. Patterson's new arguments against Mr. Tobias made for the first time in reply. Dkt. No. 57; *see also* Dkt. No. 61 at 3 ("Generally, a party cannot raise new evidence or arguments in a reply brief.") (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

\*   \*   \*

Mr. Patterson attempts to have the Court and fellow class members overlook his ever-changing and vague position on whether he should be appointed sole lead plaintiff (Dkt. No. 25), co-lead plaintiff over certain classes and subclasses of securities claims and all non-securities claims (Dkt. No. 42 at 6-10, 19), or co-lead plaintiff over all claims (Dkt. No. 46). *See* Dkt. No. 57 at 4-5; *see also* Dkt. No. 42 at 10-14.

4
REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS MOTION TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION – Case No. 3:22-cv-03600-TLT

Josh Golder similarly has shifted his position on whether he should be appointed sole lead plaintiff (Dkt. Nos. 32 and 41) or co-lead plaintiff with Mr. Patterson (Dkt. No. 49 at 7-8); *see also* Dkt. No. 41 at 6 (Mr. Golder in opposition stating "it is unclear exactly what Patterson intends" with regards to his vague attempt at some sort of leadership role for his selected counsel, then Mr. Golder's counsel stating it is willing to work with Mr. Patterson's selected counsel without more specificity). Both competing movants have shifted their requests regarding counsel—including which firm(s) represent Mr. Golder and which claims or subclasses Mr. Patterson requests his chosen counsel should represent as lead or co-lead counsel.

Even as both Mr. Patterson and Mr. Golder and their selected counsel seek some sort of leadership role, however they can get it, this District generally disfavors grouped lead plaintiffs, particularly when the grouping occurs during an opposed PSLRA lead plaintiff process. *See* Dkt. Nos. 57 at 4-5 (citing cases), 57-2. That Mr. Patterson did not "directly join" Mr. Golder's attempt to cobble together a late lead plaintiff grouping does not mean that Mr. Patterson had not invited and implicitly joined such an effort. *See* Dkt. Nos. 42 and 46.

## CONCLUSION

For the foregoing reasons, Mr. Tobias respectfully requests the Court grant his motion in full and strike the impermissible assertions first made in Mr. Patterson's reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of counsel pursuant to Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act as amended by the PSLRA.

5

REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS MOTION TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION – Case No. 3:22-cv-03600-TLT

Dated: October 20, 2022.                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
Phillip Kim (*pro hac vice*)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]
Lead Counsel for the Class*

6

REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS MOTION TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION – Case No. 3:22-cv-03600-TLT

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On October 20, 2022 I electronically filed the following **REPLY MEMORANDUM OF LAW OF MOVANT MICHAEL TOBIAS IN FURTHER SUPPORT OF HIS MOTION TO STRIKE ASSERTIONS IN MOVANT NICK PATTERSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on October 20, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen