John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

[Additional Counsel on Signature Page.]

*Attorneys for Plaintiff Nick Patterson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similar Situated<br><br>Plaintiff,<br><br>vs.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS and DO KWON,<br><br>Defendants. | Case No. 3:22-cv-03600-TLT<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hon. Trina L. Thompson |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Nick Patterson ("Plaintiff") and Defendants Jump Trading LLC ("Jump"), Republic Maximal LLC d/b/a Republic Capital ("Republic" and along with Jump, "Responding Defendants"), held a meeting of counsel on October 20 and 21, 2022.  This is the Parties' Joint Case Management Statement.

## I.   JURISDICTION & SERVICE

Plaintiff alleges that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(b)(2) because the amount in controversy for the proposed class exceeds $5,000,000, exclusive of interest and costs.  The requisite minimal diversity exists because more than two-thirds of putative Class Members are citizens of a state different than Defendant.  Plaintiff alleges that venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the conduct described in this Complaint was carried out in this District.

Responding Defendants Jump, and Republic have been served.  Defendants Tribe Capital, Definance Capital/Definance Technologies OY, GSR/GSR Markets Limited, Three Arrows Capital PTE. LTD., Nicholas Platias, and Do Kwon remain unserved.  Given the fact that these Defendants are based in foreign countries, Plaintiff respectfully requests that that the deadline for service of these Defendants be extended to 60 days following the filing of an amended complaint.

As the parties anticipate an amended complaint, Responding Defendants have not yet had an opportunity to analyze the jurisdictional allegations. Responding Defendants reserve their rights to challenge jurisdiction and/or venue at the motion to dismiss stage.

## II.   FACTS

*PLAINTIFF'S STATEMENT*

The Action asserts claims under §§5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act"), as well as under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased so-called Terra Tokens from May 20, 2021, and May 25, 2022 inclusive (the "Class Period"), and who were damaged thereby.

Terraform Labs is a company that operates the Terra blockchain and its related protocol, which hosts, supports, and funds a community of decentralized financial applications and products known collectively as the Terra ecosystem. TFL's primary focus is developing, marketing, and selling a suite of digital assets and financial products within the Terra ecosystem, including the native and governance tokens within the Terra ecosystem, so-called "stablecoins," a bevy of financial products such as "mirrored assets," bonded assets, liquidity pool tokens, along with various protocols (e.g., Anchor, Mirror, etc.) to support and facilitate their sale. These digital assets are collectively referred to as the "Terra Tokens" and are worth tens of billions of dollars in total market cap. Terra tokens include the unregistered securities known as: UST, LUNA, KRT, ANC, WHALE, ASTRO, APOLLO, XDEFI, MINE, aUST, vUST, MIR, Mirrored Assets (e.g., mBTC, mETH, mVIXY, mTSLA, etc.), Liquidity Pool tokens (e.g., UST-mVIXY-LP, bLUNA-LUNA-LP, XDEFI-UST-LP, etc.) and/or Bonded Assets (e.g., bLUNA and bETH).

TFL repeatedly touted the stability of UST as an "algorithmic" stablecoin that is paired with the Terra ecosystem's native token LUNA and the sustainability of the Anchor Protocol ("Anchor") – a type of high-yield savings account whereby investors can "stake" or deposit UST with TFL in exchange for a guaranteed 20% APY interest rate. As a part of this promotional campaign, TFL formed the Luna Foundation Guard – a group of six venture capital groups that promised to support and fund the Terra ecosystem and to "defend the peg" in the event that high volatility caused the UST/LUNA pair to become untethered from one another. The Luna Foundation Guard and its members, Defendants Jump Crypto, Tribe Capital, Republic Capital, GSR, DeFinance Capital, and Three Arrows Capital acted on behalf of TFL to promote the stability of UST and mislead investors into believing that (1) the Luna Foundation Guard's reserve pool would be sufficient to defend the peg against a proverbial run on the bank by UST/LUNA investors, and (2) that the Luna Foundation Guard would be able to maintain interest payments from the Anchor Protocol through a well-capitalized "Anchor Yield Reserve" fund.

These promotions, along with the announcement of financial backing of major venture capitalists in the sector, were a siren song to both veteran and rookie crypto investors alike, luring

them in with a purportedly "stable" digital asset in UST that would nevertheless provide outsized returns on investment via Anchor. The marketing of UST and Anchor was so effective that approximately $14 billion of UST's market cap (75%) was deposited into Anchor at its peak.

Between May 6, 2022 and May 9, 2022, however, structural infirmities specific to the Terra ecosystem exposed a crack in UST's ability to maintain its peg to $1. The truth regarding the stability and sustainability of the UST/LUNA pair and the Anchor Protocol could not be hidden any longer from investors, and within a week, the price of Terra tokens plummeted, with UST and LUNA collapsing by approximately 91% and 99.7%, respectively.

The complaint alleges that Defendants violated provisions of the Exchange Act by carrying out a plan, scheme, and course of conduct that TFL intended to and did deceive retail investors and thereby caused them to purchase Terra Tokens at artificially inflated prices; endorsed false statements they knew or recklessly should have known were materially misleading; and, made untrue statements of material fact and omitted to state material facts necessary to make the statements made not misleading. The complaint alleges that TFL and the Individual Defendants also violated provisions of the Securities Act by selling non-exempt security without registering it.

The complaint alleges that the TFL and Individual Defendants also violated provisions of the Securities Act by participating in TFL's failure to register the Terra Tokens. The complaint further alleges non-securities claims, such as California common law claims for aiding and abetting and for civil conspiracy. Finally, the complaint alleges that all Defendants violated provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by conducting the affairs of an enterprise through a pattern of racketeering activity. The complaint further alleges that the Defendants violated provisions of California Common Law by possessing the monetary value of Terra Tokens at inflated value which rightfully belong to the Plaintiff and members of the Class.

*DEFENDANTS' STATEMENT*

Responding Defendants acknowledge that Plaintiff has alleged the above facts in his complaint. Responding Defendants do not admit any of the facts included herein or in the complaint and disagree with many of the characterizations in Plaintiff's allegations, including the description

of the Luna Foundation Guard's composition and mandate, that Responding Defendants made any of the alleged statements, that any of defendants' statements were misleading to traders, that the Terra Tokens were securities, that the May 2022 depeg was caused by structural infirmities in the Terra ecosystem, and that Responding Defendants engaged in racketeering activity. Given the status of the case, including the lack of Lead Plaintiff, the lack of service on all defendants, the anticipated amended complaint, and the lack of discovery, Responding Defendants' investigation into the allegations in this case is in its early stages. As the case progresses, Responding Defendants anticipate the factual foundation of the case to expand and clarify.

## III.     LEGAL ISSUES

The parties believe that the legal issues in this case will include the following:

1. Whether the Terra tokens are unregistered securities pursuant to the Securities Act;
2. Whether Defendants made fraudulent statements in violation of the Securities Exchange Act of 1934
3. Whether Defendants violated the provisions of the RICO statute;
4. Whether Defendants have been unjustly enriched;
5. Whether Plaintiff and the Class are entitled to restitution;
6. Whether Plaintiff and the Class state a claim for injunctive or declaratory relief;
7. Whether Plaintiff and the Class can bring their claims on a class-wide basis;
8. Whether Plaintiff and the Class have been damaged and the extent of those damages;
9. Whether Defendants are control persons, and if so whether they acted in good or bad faith;
10. Whether a conspiracy existed to misleadingly promote the Terra Tokens and Anchor Protocol; and
11. Whether Defendants aided and abetted TFL.

The parties note that as they expect the appointed Lead Plaintiff to file an amended complaint and discovery has not commenced, these legal issues may be narrowed or additional legal issues may be added.

## IV. MOTIONS

1. **PENDING MOTIONS:** On August 19, 2022, Plaintiff and undersigned counsel for Plaintiff, as well as other movants and their counsel, filed timely motions with the Court for appointment as Lead Plaintiff and Lead Counsel (See ECF Nos. 19, 24, 25, 28, 32) pursuant to the Private Securities Litigation Reform Act (the "PSLRA"). The hearing on the motions for appointment as Lead Plaintiff and Lead Counsel is set for December 13, 2022 (See ECF No. 44). On September 29, 2022, Lead Plaintiff movant Michael Tobias filed a Motion to Strike Assertions in Movant Nick Patterson's Reply Memorandum of Law. The hearing on the Motion to Strike is also scheduled for December 13, 2022.

2. **PLAINTIFF'S ANTICIPATED MOTIONS**: Plaintiff anticipates that the Court appointed Lead Plaintiff will be filing a motion for class certification and for summary judgment, after substantial completion of the discovery process. The parties will coordinate regarding scheduling of oral arguments and any necessary and/or required meet and confer sessions.

3. **DEFENDANTS' ANTICIPATED MOTIONS:** Responding Defendants anticipate filing individual motions to dismiss the amended complaint that Plaintiff references below. Responding Defendants will evaluate additional motions based on the status of the case after resolution of their motions to dismiss.

## V. AMENDMENT OF PLEADINGS

Plaintiff anticipates the filing of an amended complaint following Court appointment of a Lead Plaintiff and Lead Counsel. Plaintiff further states that a lead plaintiff may amend the complaint in response to any motion to dismiss and may seek further amendment to the extent that the discovery process reveals that additional legal claims could be asserted against Defendants, arising from the same set of facts as those giving rise to Plaintiffs' complaint, or to otherwise conform the pleadings to the evidence prior to trial.

## VI. EVIDENCE PRESERVATION

The parties have taken appropriate steps to ensure the reasonable and proportional preservation of all information, documents and tangible items, including documents relevant to the claims and defenses in this action to the extent such information, documents and tangible items are in the parties' possession, custody and control.  The parties similarly have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

## VII. DISCLOSURES

The parties have agreed to stay the exchange of initial disclosures until the lifting of the PSLRA discovery stay.

## VIII. DISCOVERY

Pursuant to the PSLRA, discovery is currently stayed.

## IX. CLASS ACTIONS

### *PLAINTIFF'S STATEMENT*

Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of plaintiff and the proposed Class which is defined as follows:

> All persons who, during the Class Period, purchased Terra Tokens and were subsequently damaged thereby.

#### A.  Rule 23(a)

The class is sufficiently numerous for purposes of Fed. R. Civ. P. 23(a)(1), as it includes potentially thousands of individuals and entities who purchased Terra tokens and suffered damages. The exact size of the proposed Class will be readily ascertainable from the business records of Defendants, relevant cryptocurrency exchanges, as well as Class members' own records.  Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable.  The disposition of the claims of the members of the Class through a class action will substantially benefit both the Parties and the Court.

There are questions of law and fact common to the Class for purposes of Fed. R. Civ. P. 23(a)(2).  Plaintiff further asserts claims that are typical of the claims of the Class for purposes of

1 Fed. R. Civ. P. 23(a)(3). Plaintiff and all members of the Class have been subjected to the same
2 wrongful conduct by Defendants. Plaintiff further alleges that he will fairly and adequately
3 represent and protect the interests of the other members of the Class and for purposes of FRCP
4 23(a)(4). Plaintiff has no interests antagonistic to those of the other members of the Class and
5 Subclasses. Plaintiff is committed to the vigorous prosecution of this action and have retained
6 counsel experienced in litigation of this nature to represent them.

### B. Rule 23(b)

Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds that apply generally to the Class, so that the requested relief is appropriate respecting the Class. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because the common questions of law and fact common to the Class substantially predominate over any issues affecting individual members of the Class. Proof of a common set of facts will establish Defendants' liability and the right of each member of the Class to relief. These common legal and factual questions, which do not vary among members of the Class and which may be determined without reference to the individual circumstances of any member of the Class include, but are not limited to:

- Whether the Terra Tokens are securities under the Securities Act;
- Whether the sale of Terra Tokens violates the registration of the Defendants actions violate the state consumer protection laws:
- Whether Defendants were unjustly enriched at the expense of the class; and
- Whether Plaintiffs are entitled to restitution, injunctive and declaratory relief, or damages;

These and other common questions of law and fact predominate over those affecting individual members of the Class.

### *DEFENDANTS' STATEMENT*

Responding Defendants do not agree that certification of the class is appropriate but note that Plaintiff has brought this case as a putative class action and that Plaintiff asserts that he

intends to pursue class certification. Responding Defendants have not yet had the opportunity to take discovery regarding certification of the class but intend to do so.

## X. RELATED CASES

On August 26, 2022, Matthew Albright filed a complaint in the Southern District of New York alleging RICO violations against the same defendants here and arising out of the same facts. *Albright v. Terraform Labs Pte. Ltd. et al.,* Case No. 1:22:-cv-07281 (S.D.N.Y.). Responding Defendants are today filing a motion to transfer venue in *Albright* to transfer that case to the Northern District of California based on the overlap in facts and claims between this action and *Albright*.

## XI. RELIEF

Plaintiff, by his complaint, requests relief in the form of money damages that plaintiff and the class suffered in connection with their purchases of Terra Tokens during the class period. Plaintiff also asserts that Defendants have been unjustly enriched in connection with the offer and sale of Terra tokens. Plaintiff further requests restitution in the form of the monetary value of the difference between the purchase price of the Terra Tokens and the value thereof at the time the suit was brought. Plaintiff is unable to ascertain the exact amount of damages until discovery is obtained and damages will be the subject of expert testimony. Plaintiff also requests attorneys' fees, costs, and post-judgment interest. Finally, Plaintiff requests that the Court grant appropriate injunctive and declaratory relief.

Given the anticipated amended complaint and motions practice, Responding Defendants believe specifying the method of calculating damages at this time is premature as the theory of liability may change. Defendants agree, however, that if the case proceeds past the motions to dismiss, any potential damages would be a subject of expert discovery.

## XII. SETTLEMENT AND ADR

The parties respectfully request that the Court defer setting an ADR deadline until a Lead Plaintiff and Lead Counsel have been appointed.

JOINT CASE MANAGEMENT STATEMENT
CASE NO: 3:22-CV-03600-TLT

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties decline to consent to a magistrate judge.

**XIV.  OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**XV.  NARROWING OF ISSUES**

While the parties do not believe issues can be further narrowed at this early stage, the parties agree that they will continue to assess this case and reserve the right to present for the Court's consideration any ways in which issues can be narrowed by agree or motion in the future, if appropriate.

**XVI.  EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order No. 64.

**XVII.  SCHEDULING**

The parties believe that scheduling should be deferred until after the appointment of a lead plaintiff and lead counsel.

**XVIII. TRIAL**

Plaintiff has requested a trial by jury on all causes of action.  It is too early to estimate the length of trial or set trial related deadlines until the resolution of motions to dismiss, motions for class certification, and summary judgment.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

Plaintiff and Jump have filed their certificates of interested entities pursuant to Civil Local Rule 3-15.

Pursuant to Civil L.R. 3-15, Jump certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the

1  outcome of this proceeding: Jump Trading Holdings LLC and Jump Financial, LLC. The following
2  individuals control Jump Financial, LLC: Bill DiSomma and Paul Gurinas.

3  Pursuant to Civil L.R. 3-15, Republic will file its certificate of interested entities within the
4  next seven (7) days.

**XX.   PROFESSIONAL CONDUCT**

All attorneys for record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

Dated:    October 21, 2022                    Respectfully submitted,

| **KOBRE & KIM LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
|---|---|
| s/ Daniel A. Zaheer | |
| Daniel A. Zaheer (Bar ID 237118) | s/ John T. Jasnoch |
| 150 California Street, 19th Floor | John T. Jasnoch (Bar ID 281605) |
| San Francisco, California 94111 | 600 W. Broadway, Suite 3300 |
| Tel.: 415 582 4751 | San Diego, CA 92101 |
| Fax: 415 582 4811 | Tel.: 619 233 4565 |
| daniel.zaheer@kobrekim.com | Fax: 619 236 0508 |
| | jjasnoch@scott-scott.com |
| Steven W. Perlstein (appearance *pro hac vice forth coming*) | |
| Amanda N. Tuminelli (appearance *pro hac vice* forthcoming) | Sean T. Masson |
| 800 3rd St. | The Helmsley Building |
| New York, NY 10022 | 230 Park Ave, 17th Floor |
| steven.perlstein@kobrekim.com | New York, NY 10169 |
| amanda.tuminelli@kobrekim.com | smasson@scott-scott.com |
| | |
| Erika L. Berman (appearance *pro hac vice* forthcoming) | *Attorneys for Plaintiff Nick Patterson* |
| 1919 M Street NW | |
| Washington, DC 20036 | |
| erika.berman@kobrekim.com | |
| | |
| *Attorneys for Defendant Jump Trading LLC* | |

**POLSINELLI LLP**

 s/ Bryan Westhoff
Bryan Westhoff (*pro hac vice*)
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
bwestoff@polsinelli.com

*Attorneys for Defendants Republic Capital and Republic Maximal LLC*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

*s/ John T. Jasnoch*
John T. Jasnoch

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 21, 2022, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

  Executed on October 21, 2022, at San Diego, California.

                *s/ John T. Jasnoch*
                John T. Jasnoch