UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRAFORM LABS PTE LTD., et al.,<br><br>    Defendants. | Case No. 22-cv-03600-TLT<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: ECF Nos. 19, 24, 25, 28, 32 |

Before the Court is the motion filed by Michael Tobias to be appointed lead plaintiff and his attorney, Laurence M. Rosen, Esq. of The Rosen Law Firm, P.A., to be appointed lead counsel in this action. ECF No. 19. Four other movants timely sought to be appointed lead plaintiff and lead counsel but subsequently either withdrew their motions or filed notices of non-opposition. After reviewing the papers and based on the following, the Court GRANTS Mr. Tobias' motion to be appointed lead plaintiff and to appointed Mr. Rosen as lead counsel.

Nick Patterson filed a motion to be appointed lead plaintiff and lead counsel but then filed a notice of non-opposition on December 12, 2022. ECF No. 72. Josh Golder filed a competing motion but withdrew his motion on December 7, 2022. ECF No. 70. José Luis Villasenin filed a motion and then withdrew it on December 12, 2022. ECF No. 71. Shing Yiu Ng filed a motion and then filed a notice of non-opposition on September 2, 2022. ECF No. 38.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs courts "to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). The court adopts a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons having the largest financial interest in the relief sought who can make a prima facie showing of typicality and adequacy under Federal Rule of Civil Procedure 23. *In re*

1  *Cavanaugh*, 306 F.3d at 730–31; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

2  Of the remaining movants, and subject to rebuttal, Shing Yiu Ng is presumptively the most
3  adequate plaintiff. Mr. Ng has the largest financial interest having sustained a loss of
4  approximately $3,559,997.02. Ng Mtn., ECF 28, p. 7. Mr. Tobias purchased $452,991 worth of
5  Terra Tokens and lost approximately $441,062. Tobias Mtn., ECF No. 19, p. 6. Mr. Patterson
6  purchased $26,774.89 worth of Terra Tokens. Patterson Mtn., ECF No. 25, p. 7.

7  Mr. Ng has made a prima facie showing of typicality under Rule 23(a). "[R]epresentative
8  claims are 'typical' if they are reasonably co-extensive with those of absent class members; they
9  need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.
10 1998). The typicality requirement is satisfied as Mr. Ng's claim arises out of the same events and
11 are based on the same legal theories as the claims of other class members. During the class period,
12 Mr. Ng: (i) purchased the unregistered securities of Terra Tokens, specifically UST and LUNA
13 assets, at inflated prices from, or that were promoted by, Defendants; (ii) purchased those
14 unregistered securities in reliance on Defendants' misrepresentations and omissions; and (iii) sold
15 his Terra Tokens at a significant loss following the disclosure of Defendants' fraudulent conduct.
16 Ng Mtn, p. 8.

17 Rule 23's adequacy requirement contemplates two questions: "(1) do the movant and its
18 counsel have any conflicts of interest with other class members and (2) will the movant and its
19 counsel prosecute the action vigorously on behalf of the class?" *In re Mersho*, 6 F.4th 891, 899–
20 900 (9th Cir. 2021) (citations omitted).

21 The class action complaint is brought pursuant to section 10(b) of the Securities Exchange
22 Act of 1934 and SEC Rule 10b-5 promulged thereunder, among other legal provisions.
23 Complaint, p. 1. Section 10(b) and Rule 10b-5 apply only within the territorial jurisdiction of the
24 United States. *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). When securities
25 are not listed on a domestic exchange, under *Morrison*, a court must decide subject matter
26 jurisdiction per Section 10(b) based exclusively on the location of the purchases and sales at issue.
27 (561 U.S. at 268). Mr. Ng did not explicitly state from which exchange(s) he purchased his Terra
28 Tokens or from what location he purchased his Terra Tokens. As a resident of Hong Kong, Mr.

2

1 Ng's role as lead plaintiff may result in subject matter issues that could jeopardize the rest of the

2 class members claims or the viability of the class action.  Ng Mtn, Exhibit 1.  As such, Mr. Ng is

3 not an adequate lead plaintiff under Rule 23(a).

4 The next presumed lead plaintiff is Mr. Tobias with the second highest loss of $441,062.

5 Mr. Tobias has also made a prima facie showing of typicality under Rule 23(a).  *Hanlon v.*

6 *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Mr. Tobias' claim arises out of the same

7 events and are based on the same legal theories as the claims of other class members.  During the

8 class period, Mr. Tobias: (i) purchased the unregistered securities of Terra Tokens, specifically

9 UST assets, at inflated prices from, or that were promoted by, Defendants; (ii) purchased those

10 unregistered securities in reliance on Defendants' misrepresentations and omissions; and (iii) sold

11 his Terra Tokens at a significant loss following the disclosure of Defendants' fraudulent conduct.

12 Tobias Mtn, p. 6.

13 Additionally, Mr. Tobias has made a prima facie showing of adequacy under Rule 23(a).

14 Mr. Tobias, a citizen of New York, is a sophisticated investor with approximately 20 years of

15 investing experience.  Tobias Response, p. 1.  At this time, he does not have any apparent conflicts

16 of interest which would render him inadequate lead plaintiff.  *In re Mersho*, 6 F.4th 891, 899–900

17 (9th Cir. 2021) (citations omitted).

18 Mr. Tobias has selected Laurence M. Rosen, Esq. of The Rosen Law Firm, P.A, to be

19 appointed lead counsel.  Class counsel is under the duty to "fairly and adequately represent the

20 interests of the class." Fed. R. Civ. Pro. § 23(g)(4).  In making its determination, the court must

21 consider,

22
23
24
> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

25 Fed. R. Civ. Pro. § 23(g)(1)(A).

26 Mr. Rosen, and The Rosen Law Firm P.A., are experienced in handling complex securities

27 litigation.  Tobias Response, p. 9.  The firm's "resume reflects, it is highly experienced in the area

28 of securities litigation and class actions and has successfully prosecuted numerous securities

United States District Court
Northern District of California

3

1  litigations and securities fraud class actions on behalf of investors." Tobias Response, p. 9. The
2  Court's review of The Rosen Law Firm P.A. resume confirms as such. Tobias Response, Exhibit
3  5.
4      Given the foregoing, the Court hereby GRANTS the motion of Michael Tobias to be
5  appointed lead plaintiff and his attorney, Laurence M. Rosen, Esq. of The Rosen Law Firm, P.A,
6  to be appointed lead counsel.
7  **IT IS SO ORDERED.**
8  Dated:  December 13, 2022

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

4