**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

[Additional Counsel on Signature Page.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similar Situated | Case No. 3:22-cv-03600-TLT |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | Hon. Trina L. Thompson |
| TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS and DO KWON, | |
| Defendants. | |

1

2    Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16–9, and the Standing

3    Order for All Judges of the Northern District of California (the "Standing Order"), Lead Plaintiff

4    Michael Tobias and named plaintiff Nick Patterson (together, "Plaintiffs")[1] and Defendants Jump

5    Trading, LLC ("Jump"), Terraform Labs, PTE. LTD. ("Terraform Labs" or "TFL"), and Do Kwon

6    have conferred.

7    **I.     JURISDICTION & SERVICE**

8         **A.     Plaintiff's Statement**

9         Plaintiffs allege that this Court has jurisdiction over the subject matter of this action

10   pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(b)(2) because the

11   amount in controversy for the proposed class exceeds $5,000,000, exclusive of interest and costs.

12   The requisite minimal diversity exists because more than two-thirds of putative Class Members

13   are citizens of a state different than a Defendant. Plaintiffs allege that venue is proper in this

14   District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the conduct described in

15   this Complaint was carried out in this District. Plaintiffs also allege that the Court has supplemental

16   jurisdiction over the state law claims.

17        Defendants Jump, TFL, and Do Kwon have been served or have accepted service. Plaintiffs

18   have not yet served Defendants "Jump Crypto," Tribe Capital, Definance Capital/Definance

19   Technologies OY, Three Arrows Capital PTE. LTD., and Nicholas Platias. With the exception of

20   Tribe Capital and Jump Crypto, these Defendants are in foreign countries, and so Plaintiffs

21   respectfully request that the deadline for service on these Defendants be extended to as soon as

22

23   _____

24   [1] Defendants Jump, TFL, and Do Kwon object to the continued involvement of Patterson and his

25   counsel (Scott+Scott Attorneys at Law LLP, "Scott+Scott") in this action, as more fully explained

26   below. Jump, TFL, and Mr. Kwon will not repeat that objection each time the word "Plaintiffs" is

27   used herein, but object to each and every such use.

28

practicable following the deadline for the filing of an amended complaint as set out in ECF No. 91. The Defendants that have appeared in the case take no position on that request.

### B.    Defendants' Statement

Defendant Jump has been served or accepted service.  To avoid any confusion and to clarify its status, Jump notes that Plaintiff purports to bring this action against an entity allegedly named "Jump Crypto," but no such entity has been served.

Jump, TFL and Do Kwon dispute that Plaintiffs filed this case in the appropriate forum and that they are permitted to pursue a class action and intend to make a motion to compel Plaintiffs to pursue their claims in the appropriate forum.  Jump, TFL, and Mr. Kwon reserve their rights to challenge jurisdiction, forum, and/or venue in response to the Amended Complaint (ECF No. 88) or other operative pleading.

## II.    FACTS

### A.    Plaintiffs' Statement[2]

The Amended Complaint asserts claims under §§5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act"), as well as under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased what the Amended Complaint calls "Terra Tokens" from May 20, 2021, and May 25, 2022 inclusive (the "Class Period"), and who were damaged thereby.  The Amended Complaint also asserts conspiracy and aiding and abetting under the California Common Law.  In the alternative, the Amended Complaint asserts violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*

The Amended Complaint alleges that TFL is a company that operates the Terra blockchain and its related protocol, which hosts, supports, and funds a community of decentralized financial applications and products known collectively as the Terra ecosystem. TFL develops, markets, and

---

[2] Defendants Jump, TFL, and Mr. Kwon do not concede any of Plaintiffs' allegations and reserve the right to dispute all of them.

sells a suite of digital assets and financial products within the Terra ecosystem, including the native and governance tokens within the Terra ecosystem, so-called "stablecoins," a bevy of financial products such as "mirrored assets," bonded assets, liquidity pool tokens, along with various protocols (e.g., Anchor, Mirror, etc.) to support and facilitate their sale.  These digital assets are collectively referred to as the "Terra Tokens" and at one time were worth tens of billions of dollars. The Amended Complaint alleges that "Terra Tokens" include UST, LUNA, KRT, ANC, WHALE, ASTRO, APOLLO, XDEFI, MINE, aUST, vUST, MIR, Mirrored Assets (e.g., mBTC, mETH, mVIXY, mTSLA, etc.), Liquidity Pool tokens (e.g., UST-mVIXY-LP, bLUNA-LUNA-LP, XDEFI-UST-LP, etc.) and/or Bonded Assets (e.g., bLUNA and bETH).

The Amended Complaint alleges that Defendants repeatedly touted the stability of UST as an "algorithmic" stablecoin that is paired with the Terra ecosystem's native token LUNA and the sustainability of the Anchor Protocol ("Anchor") – a type of high-yield savings account whereby investors can "stake" or deposit UST with TFL in exchange for a guaranteed 20% APY interest rate. As a part of this promotional campaign, TFL formed the Luna Foundation Guard to support and fund the Terra ecosystem and to "defend the peg" in the event that high volatility caused the UST/LUNA pair to become untethered from one another. The Luna Foundation Guard and its members acted on behalf of TFL to promote the stability of UST and mislead investors into believing that (1) the Luna Foundation Guard's reserve pool would be sufficient to defend the peg against a proverbial run on the bank by UST/LUNA investors, and (2) that the Luna Foundation Guard would be able to maintain interest payments from the Anchor Protocol through a well-capitalized "Anchor Yield Reserve" fund.

These promotions, along with the announcement of financial backing of major venture capitalists in the sector attracted both experienced and novice crypto investors alike, luring them with a purportedly "stable" digital asset in UST that would provide outsized returns on investment via Anchor. The marketing of UST and Anchor was so effective that approximately $14 billion of UST's market cap (75%) was deposited into Anchor at its peak.

Between May 6, 2022 and May 9, 2022, however, the Terra ecosystem became unable to maintain its peg to the U.S. dollar.  Defendants could no longer hide the truth regarding the stability and sustainability of the UST/LUNA pair and the Anchor Protocol from investors. Within a week, the price of Terra tokens plummeted, with UST and LUNA collapsing by approximately 91% and 99.7%, respectively.

The Amended Complaint alleges that Defendants violated provisions of the Exchange Act by carrying out a plan, scheme, and course of conduct that TFL intended to and did deceive retail investors and thereby caused them to purchase Terra Tokens at artificially inflated prices; endorsed false statements they knew or recklessly should have known were materially misleading; and, made untrue statements of material fact and omitted to state material facts necessary to make the statements made not misleading. The Amended Complaint alleges that TFL and the Individual Defendants also violated provisions of the Securities Act by selling non-exempt security without registering it.

The Amended Complaint alleges that TFL and Individual Defendants also violated provisions of the Securities Act by participating in TFL's alleged failure to register the Terra Tokens. The Amended Complaint further alleges non-securities claims, such as California common law claims for aiding and abetting and for civil conspiracy. In the alternative, the Amended Complaint also alleges that all Defendants violated provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by conducting the affairs of an enterprise through a pattern of racketeering activity. The Amended Complaint further alleges that the Defendants violated provisions of California Common Law by possessing the monetary value of Terra Tokens at inflated value which rightfully belong to the Plaintiffs and members of the Class.

**B.    Defendants' Statement**

As a threshold matter, although the Plaintiffs claim to have alleged facts in their Amended Complaint supporting their claims,[3] Jump, TFL, and Mr. Kwon do not concede that any purported facts from the Amended Complaint (even if repeated herein) are adequately alleged or meet the applicable pleading burdens.  In their forthcoming motions responding to the Amended Complaint, Jump, TFL, and Mr. Kwon will demonstrate that the alleged facts fall far short of stating any wrongdoing.

In substance, Plaintiffs seek to convert a handful of immaterial and benign statements into federal securities claims, state common law claims, and a RICO claim.  The statements alleged are little more than the optimistic statements (many of which are statements of opinion) by market participants.  Those statements are hardly capable of being proven false or material to a reasonable purchaser.  And the facts alleged in the Amended Complaint cannot satisfy the stringent pleading requirements for pleading fraud and scienter found in Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA").  Even if they did, however, Plaintiffs' claims would still fail because Plaintiffs would be unable to prove that they reasonably relied on such optimistic statements or that those statements caused any of their losses.

Moreover, Jump, TFL, and Mr. Kwon deny any wrongdoing and disagree with the characterizations in the Amended Complaint, including the description of the Luna Foundation Guard's composition and mandate, that any alleged statements were misleading, that the Terra Tokens were securities, that the May 2022 depeg was caused by structural infirmities in the Terra ecosystem, and that they engaged in racketeering activity.

In response to the specific instructions in the Standing Order to specify the principal factual issues in dispute, and without purporting to be an exhaustive list and reserving the rights to dispute

---

[3] To avoid any confusion, not all claims are asserted against all Defendants.  For example, the claim for violations of Securities Act §§5 and 12(a)(1) are not asserted against Jump.

all factual allegations in the Amended Complaint, some of the most salient factual disputes include the following:

1.      Plaintiffs claim that the "Terra Tokens" are securities under the *Howey* test, notwithstanding their assertion of a RICO claim in the alternative that Jump, TFL, and Mr. Kwon believe is barred by the plain terms of Section 107 of the PSLRA.  Jump, TFL, and Mr. Kwon dispute the legal conclusion that any token discussed in the Amended Complaint was a security and Plaintiffs' suggestion that purchasers did not understand what products they were purchasing.

2.      Plaintiffs also claim fraud in connection with alleged sales of those tokens.  Jump, TFL, and Mr. Kwon dispute that, even assuming Plaintiffs adequately allege any actionable misstatements of fact (which, under the applicable pleading rules, they do not), the statements alleged were false, misleading, or material to a reasonable purchaser of any token discussed in the Amended Complaint, particularly given the publicly available information and debate surrounding algorithmic stablecoins such as UST.

3.      In addition, Jump disputes that it had any obligation to disclose information such that it could be liable for supposed omissions.  Moreover, Jump disputes that any alleged omitted information would have been material to a reasonable purchaser.

4.      Jump disputes that it made the statements Plaintiffs attribute to it and that statements made by others are attributable to it.

5.      Moreover, Plaintiffs appear to claim that the price of UST and LUNA declined in May 2022 because of supposedly undisclosed "structural vulnerabilities" and after their unsustainability and instability were "revealed." Amended Complaint at 35-36.  Jump, TFL, and Mr. Kwon dispute those assertions, including the assertion that declines in price happened for the

reasons Plaintiffs specify rather than other reasons (such as the—potentially malicious—actions of other market participants not named in the Amended Complaint).[4]

6.  Throughout the Amended Complaint, Plaintiffs further attempt to attribute knowledge to Jump, TFL, and Mr. Kwon, often by means of impermissible group-pleading.  The parties vigorously dispute what Jump, TFL, and Mr. Kwon knew, and when they knew it.

7.  Jump, TFL, and Mr. Kwon also dispute that Plaintiffs (or any purported class member) relied on any purportedly material misstatement alleged to have been made by Jump, TFL, or Mr. Kwon, that they suffered any losses, or that any purported misstatement by Jump, TFL, or Mr. Kwon was the proximate or actual cause of any loss that might have been suffered.

8.  Jump, TFL, and Mr. Kwon also dispute that this case is suitable for class certification.  If this case even gets to a motion for class certification, the Court would likely find that individualized issues would predominate and that attributes specific to Plaintiffs will render them atypical and inadequate.

9.  Jump also disputes that it operated or managed TFL or the Luna Foundation Guard or otherwise acted as an officer, director or in any other official or managerial capacity for either of those two entities.  Jump also disputes that it controlled TFL or the Luna Foundation Guard.

10.  Although Plaintiffs also assert a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 *et seq.*, Jump, TFL, and Mr. Kwon dispute all the factual elements of that RICO claim, including (i) that Plaintiffs have alleged a RICO "enterprise," (ii) that Jump, TFL, or Mr. Kwon committed any predicate acts (that extended over the requisite period of time), (iii) that those acts actually and proximately caused any injuries, (iv) that Plaintiffs were

---

[4] *See* Emily Flitter, et al., *FTX Founder Sam Bankman-Fried Is Said To Face Market Manipulation Inquiry*, N.Y. Times (Dec. 7, 2022) (explaining a federal investigation into potential market manipulation of Terra USD and LUNA by Sam Bankman-Fried, the founder of the now bankrupt cryptocurrency exchange, FTX), https://www.nytimes.com/2022/12/07/business/ftx-sbf-crypto-market-investigation.html.

actually injured in their business or property, (v) that there existed an enterprise engaged in interstate or foreign commerce, or (vi) that Jump, TFL, or Mr. Kwon conducted or participated in the conduct of such enterprise's affairs.

### III.   LEGAL ISSUES

The parties believe that the legal issues in this case will include the following:

1.      Whether any "Terra Token" is a security pursuant to the Securities Act;

2.      Whether Plaintiffs filed this case in the appropriate forum;

3.      Whether Plaintiffs are permitted to pursue a class action;

4.      Whether any Defendants made fraudulent statements of material fact in violation of the Securities Exchange Act of 1934 and, if so, whether Plaintiffs reasonably or justifiably relied on those statements and suffered harm from any such reliance;

5.      Whether Defendants had any obligation or duty to disclose any information under the relevant laws and, if so, whether the omissions of such information were material and whether Plaintiffs reasonably or justifiably relied on those omissions and suffered harm from any such reliance;

6.      Whether, in the alternative, any Defendant violated RICO by conducting or participating in the conduct of an enterprise's affairs through a "pattern" of "racketeering activity" and whether Plaintiffs suffered injuries to their business or property by reason of those acts;

7.      Whether Defendants have been unjustly enriched at the Plaintiff's expense;

8.      Whether Plaintiffs are entitled to restitution;

9.      Whether Plaintiffs state a claim for, and whether they can obtain under the relevant law, any injunctive or declaratory relief;

10.     Whether Plaintiffs meet the requirements of Rule 23 to bring claims on behalf of other persons on a class-wide basis;

11.     Whether Plaintiffs and the Class have been damaged by virtue of the Defendants' actions and the extent of those damages;

12.     Whether any Defendants are control persons under Section 20(a) of the Exchange Act and, if so, whether they acted in good or bad faith;

13.     Whether any Defendants are control persons under Section 15 of the Securities Act and, if so, whether they had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist;

14.     Whether a conspiracy existed to misleadingly promote the "Terra Tokens" and Anchor Protocol;

15.     Whether the relevant law permits Plaintiffs to pursue claims against the Defendants who allegedly aided and abetted TFL and, if so, whether each Defendant aided and abetted TFL; and

16.     Whether Plaintiffs are entitled to recover any of the types of damages or remedies they seek if they succeed on their claims, including declaratory, injunctive and other equitable or legal relief.

17.     Whether Patterson and Scott+Scott are legally permitted to act on behalf of the class in this case.  Despite this Court's order appointing one lead plaintiff (Tobias) and one lead counsel (the Rosen Law Firm) (ECF No. 73), "Lead Plaintiff Michael Tobias and named plaintiff Nick Patterson" (Amended Complaint at 1) purport to bring the Amended Complaint by the Rosen Law Firm as "*Lead Counsel for Lead Plaintiffs and the Putative Class*" (Amended Complaint at 70, italics in original) and Scott+Scott as "*Additional Counsel*" (*id.*, italics in original).  However, pursuant to the PSLRA, Jump, TFL, and Mr. Kwon contend that neither Patterson nor Scott+Scott have any authority to act or further appear in this case; the Court did not appoint Patterson lead plaintiff, nor did it approve Scott+Scott for any role in this case.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, *subject to the approval of the court*, select and retain counsel to represent the class." (emphasis added)).  Jump, TFL, and Mr. Kwon object to discussions herein about allegations by "Plaintiffs" as opposed to allegations by statutorily-appointed Lead Plaintiff Tobias.

The parties note that discovery has not commenced, is stayed by operation of the PSLRA,

and these legal issues may be narrowed or additional legal issues may be added.

## IV.   MOTIONS

### A.   Prior Motions

On August 19, 2022, several movants and their counsel filed timely motions with the Court for appointment as Lead Plaintiff and Lead Counsel (See ECF Nos. 19, 24, 25, 28, 32) pursuant to the PSLRA.  On December 13, 2022, the Court appointed Michael Tobias as Lead Plaintiff and appointed his attorney, Laurence M. Rosen of The Rosen Law Firm, P.A., as Lead Counsel.  *See* ECF No. 73.  The Court's December 13, 2022 Order rendered moot a Motion to Strike Assertions in Movant Nick Patterson's Reply Memorandum of Law, which Lead Plaintiff Tobias had filed on September 29, 2022.  *See* ECF No. 57. The Court's December 13, 2022 Order also stated that Lead Plaintiff's amended complaint shall be filed on or before January 13, 2023 and that defendants' responses are due no later than February 3, 2023. On January 11, 2023, Lead Plaintiff Tobias filed a Motion for Extension of Time Regarding Service and Responding to the Complaint, which proposed a schedule for the filing of an amended complaint and for defendants to answer or move to dismiss.  ECF No. 83.  The Court did not act on that motion prior to the date set in ECF No. 73, and on January 13, 2023, Lead Plaintiff filed an Amended Complaint.  *See* ECF No. 88.  On January 18, 2023, the Court entered an Order adopting the schedule proposed in Plaintiffs' Motion of January 11, 2023.  *See* ECF No. 91. The Schedule provides:

1. Lead Plaintiff shall file his amended complaint (or designate an operative pleading) ("Complaint") by February 23, 2023.

2. Defendants shall answer or otherwise respond to the Complaint by April 24, 2023.

**3.** If any Defendant moves to dismiss the Complaint, Lead Plaintiff shall oppose their motion(s) by June 26, 2023, and Defendants may file reply briefs in further support of their motion(s) to dismiss by July 26, 2023.

### B.   Plaintiffs' Anticipated Motions

Plaintiffs anticipate that the Court-appointed Lead Plaintiff will file a motion for class certification if the Court denies Defendants' anticipated motions directed at the Amended

Complaint or operative pleading. If there is a motion for class certification, the parties will coordinate regarding scheduling of oral arguments and any necessary and/or required meet and confer sessions.

**C.     Defendants' Anticipated Motions**

Jump, TFL, and Mr. Kwon anticipate making a motion pursuant to the schedule set by the Court to dismiss the Amended Complaint for a variety of reasons.  In the event that this case proceeds in this Court beyond such motions, Jump, TFL, and Mr. Kwon anticipate making further motions based on the status of the case and rulings on its prior motions, including for summary judgement.

**V.     AMENDMENT OF PLEADINGS**

Plaintiffs anticipate that they will file a second amended complaint or designate the January 13, 2023, Amended Complaint (ECF No. 88) as the operative pleading by February 23, 2023, in accordance with the schedule set by the Court.  (ECF No. 91).  Jump, TFL, and Mr. Kwon will object, pursuant to Fed. R. Civ. P. 15(a)(2), to Plaintiffs filing a second amended complaint. Plaintiffs state that they may seek leave to amend the Amended Complaint in response to any motion to dismiss the Amended Complaint and may seek further amendment to the extent that the discovery process reveals that additional legal claims could be asserted against Defendants, arising from the same set of facts as those giving rise to Plaintiffs' complaint, or to otherwise conform the pleadings to the evidence prior to trial. Jump, TFL, and Mr. Kwon reserve the right to object to any such request if and when made.

**VI.     EVIDENCE PRESERVATION**

The parties have taken appropriate steps to ensure the reasonable and proportional preservation of all information, documents and tangible items, including documents relevant to the claims and defenses in this action to the extent such information, documents and tangible items are in the parties' possession, custody and control.   The parties similarly have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  Otherwise, discovery is stayed pursuant to 15 U.S.C. §§ 77z–1(b) and 78u–4.

1    **VII.    DISCLOSURES**

2         The exchange of initial disclosures will not occur until after the motions responding to the

3    Amended Complaint are resolved, if any portion of the Amended Complaint survives those

4    motions.  *See* 15 U.S.C. §§ 77z–1(b), 78u–4.

5    **VIII.   DISCOVERY**

6         Pursuant to the PSLRA, discovery is stayed.

7    **IX.    CLASS ACTIONS**

8         **A.    Plaintiffs' Statement**

9         Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this case as a class action on behalf of

10   plaintiffs and the proposed Class which is defined as follows:

11       All persons who, during the Class Period, purchased Terra Tokens and were
         subsequently damaged thereby.
12

13            *1.    Rule 23(a)*

14       The class is sufficiently numerous for purposes of Fed. R. Civ. P. 23(a)(1), as it includes

15   potentially thousands of individuals and entities who purchased Terra tokens and suffered

16   damages.  The exact size of the proposed Class will be readily ascertainable from the business

17   records of Defendants, relevant cryptocurrency exchanges, as well as Class members' own records.

18   Thus, joinder of such persons in a single action or bringing all members of the Class before the

19   Court is impracticable. The disposition of the claims of the members of the Class through a class

20   action will substantially benefit both the Parties and the Court.

21       There are questions of law and fact common to the Class for purposes of Fed. R. Civ. P.

22   23(a)(2). Plaintiffs further assert claims that are typical of the claims of the Class for purposes of

23   Fed. R. Civ. P. 23(a)(3). Plaintiffs and all members of the Class have been subjected to the same

24   wrongful conduct by Defendants. Plaintiffs further allege that they will fairly and adequately

25   represent and protect the interests of the other members of the Class and for purposes of FRCP

26   23(a)(4). Plaintiffs have no interests antagonistic to those of the other members of the Class.

27

28

Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them.

### 2. Rule 23(b)

Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds that apply generally to the Class, so that the requested relief is appropriate respecting the Class. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because the common questions of law and fact common to the Class substantially predominate over any issues affecting individual members of the Class. Proof of a common set of facts will establish Defendants' liability and the right of each member of the Class to relief. These common legal and factual questions, which do not vary among members of the Class and which may be determined without reference to the individual circumstances of any member of the Class include, but are not limited to:

1.    Whether the Terra Tokens are securities under the Securities Act;

2.    Whether the sale of Terra Tokens violates the registration of the Defendants actions violate the state consumer protection laws:

3.    Whether Defendants were unjustly enriched at the expense of the class;

4.    Whether Defendants made and/or endorsed false or misleading statements and whether Plaintiffs directly or indirectly relied on them; and

5.    Whether Plaintiffs are entitled to restitution, injunctive and declaratory relief, or damages;

These and other common questions of law and fact predominate over those affecting individual members of the Class.

### B.    Defendants' Statement

Jump, TFL, and Mr. Kwon dispute that Plaintiffs can satisfy the requirements enumerated in Rule 23 to obtain class certification but note that Plaintiffs have brought this case as a putative class action and that Plaintiffs assert that they intend to pursue class certification.  Jump, TFL, and Mr. Kwon have not yet had the opportunity to take discovery regarding class certification but will

do so should this case proceed to that stage.  As a preliminary matter, however, Jump, TFL, and Mr. Kwon have serious doubts about whether there are common issues of fact and law between purported purchasers of over a dozen different digital assets (see Section II(A) *supra*) at different points in time during the proposed Class Period.

**X.    RELATED CASES**

There are no pending related cases.

**XI.    RELIEF**

Plaintiffs, by their complaint, request relief in the form of money damages that plaintiffs and the class suffered in connection with their purchases of "Terra Tokens" during the class period. Plaintiffs also assert that Defendants have been unjustly enriched in connection with the offer and sale of Terra tokens. Plaintiffs also assert that they are entitled to rescission. Plaintiffs further request restitution in the form of the monetary value of the difference between the purchase price of the Terra Tokens and the value thereof at the time the suit was brought. Plaintiffs are unable to ascertain the exact amount of damages until discovery is obtained and damages will be the subject of expert testimony. Plaintiffs also request attorneys' fees, costs, and post-judgment interest. Finally, Plaintiffs request that the Court grant appropriate injunctive and declaratory relief.

Given the possibility of an amended complaint and forthcoming motions directed to the Amended Complaint or operative pleading and the various claims asserted by the Plaintiffs ( although Plaintiffs assert the claims are made in the alternative, Jump, TFL and Mr. Kwon believe the claims are incompatible with each other), Jump, TFL, and Mr. Kwon cannot at this time determine the method for calculating damages given the shifting theories of liability (and relatedly, dispute that Plaintiffs are entitled to any relief, including non-monetary relief).  Nevertheless, assuming liability is established as to any claim, Jump, TFL, and Mr. Kwon believe that any potential damages would be the subject of expert discovery.  Jump, TFL, and Mr. Kwon further believe that specifying the method of calculating damages at this time is premature as the theory of liability may change.

**XII.    SETTLEMENT AND ADR**

The parties respectfully request that the Court defer setting an ADR deadline until after (a) the anticipated motions addressed to the Amended Complaint or operative pleading have been decided and (b) the unserved defendants have been served.  The parties note that discovery is currently stayed under the PSLRA, and that prospects for settlement are limited before the Court has ruled on the anticipated motions to dismiss.

Lead Plaintiff, Jump, TFL, and Mr. Kwon will contemporaneously with this Joint Case Management Conference Statement submit their ADR Certifications as required by ADR Local Rule 3–5.

The parties believe that the case will not be amenable to settlement or ADR until, at the earliest, after decisions on the initial motions directed at the Amended Complaint or operative pleading.  Only after the Court has decided key issues raised by those motions will there be any potential for resolution of these matters.  These motions may resolve the case in its entirety and will consume few resources by virtue of the PSLRA discovery stay.

**XIII.    OTHER REFERENCES**

Plaintiffs assert that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

Jump, TFL, and Mr. Kwon disagree.  Jump, TFL and Do Kwon dispute that Plaintiffs filed this case in the appropriate forum and that they are permitted to pursue a class action and intend to address these issues in their motions directed to the Amended Complaint, including seeking to compel Plaintiffs to pursue their claims in the appropriate forum.

**XIV.    NARROWING OF ISSUES**

The parties do not believe issues can be further narrowed at this early stage until the Court makes relevant decisions on the law and alleged facts in the Amended Complaint or operative pleading.  The parties agree that they will continue to assess whether and, if so, how the issues might be narrowed as this case progresses.

## XV.     EXPEDITED TRIAL PROCEDURE

The parties agree that this case cannot be handled under the Expedited Trial Procedure of General Order No. 64.

## XVI.   SCHEDULING

The parties believe that, since this is an action governed by the PSRLA, 15 U.S.C. §§ 77z–1 and 78u-4, and discovery is currently stayed, the Court should not impose a schedule at this time. If the Court denies Jump's, TFL's, and Mr. Kwon's motions directed to the Amended Complaint or operative complaint, the parties will meet and confer regarding a schedule for proceeding in the Action.

## XVII.  TRIAL

Plaintiffs have requested a trial by jury on all causes of action.  It is too early to estimate the length of trial or set trial related deadlines until the resolution of motions to dismiss, motions for class certification, and summary judgment.

Jump, TFL, and Mr. Kwon believe that, as a matter of law, Plaintiffs do not have a right to a jury trial, but will address that issue if and when it becomes necessary to do so.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

Lead Plaintiff, Jump, and TFL have filed their certificates of interested entities pursuant to Civil Local Rule 3-15.

Pursuant to Civil L.R. 3-15, Lead Plaintiff certifies that he has no conflicts of interest to report.

Pursuant to Civil L.R. 3-15, Jump certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Jump Trading Holdings, LLC and Jump Financial, LLC. The following individuals control Jump Financial, LLC: William DiSomma and Paul Gurinas.

Pursuant to Civil L.R. 3-15, TFL certifies that it has no conflict of interest to report.

1   **XIX.   PROFESSIONAL CONDUCT**

2          All attorneys of record for the parties have reviewed the Guidelines for Professional

3   Conduct for the Northern District of California.

4   Dated:        February 9, 2023

5   Respectfully submitted,

6

7   **KOBRE & KIM LLP**                              **THE ROSEN LAW FIRM, P.A.**

8    *s/ Jonathan D. Cogan*                          /s/ Laurence M. Rosen
    Jonathan D. Cogan (admitted *pro hac vice*)      Laurence M. Rosen
9   Steven W. Perlstein (admitted *pro hac*          355 South Grand Avenue, Suite 2450
    *vice*)                                          Los Angeles, CA 90071
10  800 Third Avenue                                 Tel.: (213) 785-2610
    New York, NY 10022                               Fax: (213) 226-4684
11  jonathan.cogan@kobrekim.com                      Email: lrosen@rosenlegal.com
    steven.perlstein@kobrekim.com
12
    Daniel A. Zaheer (Bar ID 237118)                 Jacob A. Goldberg (admitted *pro hac vice*)
13  150 California Street, 19th Floor                 Michael Cohen (appearance *pro hac vice*
    San Francisco, California 94111                  forthcoming)
14  Tel.: 415 582 4751                               275 Madison Avenue, 40th Floor
    Fax: 415 582 4811                                New York, NY, 10016
15  daniel.zaheer@kobrekim.com                       Telephone: (212) 686-1060
                                                     Facsimile: (212) 202-3827
16                                                   Email: jgoldberg@rosenlegal.com
    *Attorneys for Defendant Jump Trading, LLC*               mcohen@rosenlegal.com
17

18  **DENTONS US LLP**                               *Counsel for Lead Plaintiff*

19  /s/ Joel D. Siegel
20  Joel D. Siegel (SBN 155581)                      **SCOTT+SCOTT ATTORNEYS AT LAW**
    joel.siegel@dentons.com                          **LLP**
21  Judith Shophet Sidkoff (SBN 267048)
22  judith.sidkoff@dentons.com                        *s/ John T. Jasnoch*
    Andrew W. Pendexter (SBN 310752)                 John T. Jasnoch (Bar ID 281605)
23  andrew.pendexter@dentons.com                     600 W. Broadway, Suite 3300
    DENTONS US LLP                                   San Diego, CA 92101
24  601 South Figueroa Street, Suite 2500            Tel.: 619 233 4565
    Los Angeles, CA 90017                            Fax: 619 236 0508
25  Telephone: (213) 623-9300                        jjasnoch@scott-scott.com
26  Facsimile: (213) 623-9924

27

28

---

Douglas W. Henkin
(admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com

*Counsel for Defendants Terraform Labs Pte.
Ltd., and Do Kwon*

Sean T. Masson (admitted *pro hac vice*)
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169
smasson@scott-scott.com

*Attorneys for Plaintiff Nick Patterson*

1

## **ATTESTATION**

2

Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence

3

in the filing of this document has been obtained from the other signatories above.

4

5

*/s/ Laurence M. Rosen*
Laurence M. Rosen

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2023, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 */s/ Laurence M. Rosen*
Laurence M. Rosen.