1  JOEL D. SIEGEL (SBN 155581)
   joel.siegel@dentons.com
2  ANDREW M. PENDEXTER (SBN 310752)
   andrew.pendexter@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5704
   Tel: 213.623.9300 . Fax: 213.623.9924
5
6  DOUGLAS W. HENKIN (Admitted *Pro Hac Vice*)
   douglas.henkin@dentons.com
   DENTONS US LLP
7  1221 Avenue of the Americas
   New York, New York 10020-1089
8  Tel: 212.768.6700 / Fax: 212.768.6800
9  STEPHEN J. SENDEROWITZ (Admitted *Pro Hac Vice*)
   stephen.senderowitz@dentons.com
10 DENTONS US LLP
   233 South Wacker Drive, Suite 5900
11 Chicago, Illinois 60606-6361
   Telephone: 312.876.8141
12
   Attorneys for Defendants
13 TERRAFORM LABS, PTE. LTD. and DO KWON

14                UNITED STATES DISTRICT COURT

15      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

16 NICK PATTERSON, Individually and on Behalf     Case No. 3:22-cv-03600
   of All Others Similarly Situated,
17                                                **DEFENDANTS TERRAFORM LABS,**
                   Plaintiffs,                    **PTE. LTD. AND DO KWON'S**
18                                                **REQUEST FOR JUDICIAL NOTICE IN**
           v.                                     **SUPPORT OF THEIR MOTIONS TO**
19                                                **(I) DISMISS FOR LACK OF**
   TERRAFORM LABS, PTE. LTD., JUMP               **PERSONAL JURISDICTION**
20 CRYPTO, JUMP TRADING LLC, REPUBLIC           **PURSUANT TO FED. R. CIV. P.**
   CAPITAL, REPUBLIC MAXIMAL LLC,               **12(B)(2), (II) COMPEL ARBITRATION**
21 TRIBE CAPITAL, DEFINANCE                      **PURSUANT TO THE FEDERAL**
   CAPITAL/DEFINANCE TECHNOLOGIES OY,            **ARBITRATION ACT AND STRIKE**
22 GSR/GSR MARKETS LIMITED, THREE               **THE CLASS ALLEGATIONS, AND (III)**
   ARROWS CAPITAL PTE. LTD., NICHOLAS           **DISMISS ANY REMAINING CLAIMS**
23 PLATIAS, AND DO KWON,                         **PURSUANT TO FED. R. CIV. P. 12(B)(6)**
24                 Defendants.                    Date:     September 19, 2023
                                                  Time:     2:00 p.m.
25                                                Dept.:    Courtroom 9, 19th Floor
                                                  Judge:    Hon. Trina L. Thompson
26
                                                  Action Filed:  July 17, 2022
27                                                Trial Date:    None Set
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213.623.9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

### REQUEST FOR JUDICIAL NOTICE

Defendants Terraform Labs PTE Ltd. and Do Kwon ("Defendants") respectfully request that the Court take judicial notice of the materials attached as Exhibits A through V to the Declaration of Douglas W. Henkin ("Henkin Declaration") and Exhibit A to the Declaration of Arrash Chris Amani ("Amani Declaration"). These materials are judicially noticeable pursuant to Federal Rule of Evidence 201 and are appropriate for the Court's consideration in connection with Defendants' concurrently filed Motion to Dismiss Lead Plaintiff's Second Amended Complaint (the "Motion").

**A.      Legal Standard**

Federal Rule of Evidence 201 provides that courts may take judicial notice of facts that are not subject to reasonable dispute if the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). The Court may take judicial notice of facts in records outside the pleadings on a motion to dismiss. *See MGIC Indem. Corp. v. Weisman, 803 F.2d 500*, 504 (9th Cir. 1986) (taking judicial notice of public records); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Because of the way cryptocurrency projects like UST, LUNA, Anchor, and Mirror are structured is so different from the way companies in the public equity markets operate, complaints like the SAC must be analyzed with those differences in mind. It is not an accident that (a) every factual allegation in the SAC (other than the ones improperly lifted from the SEC) is taken from public white papers, press reports, and social media platforms and (b) there are no "confidential witness" allegations as there are in many traditional securities fraud cases.[1] The open source nature of blockchain projects means that those activities are conducted more in public than the activities of a publicly traded company—white papers are published and discussed on social media and other collaboration platforms before projects become fully operational. The code bases for the projects

---

[1] *See*, *e.g.*, *Union Asset Mgmt. Holding AG v. Sandisk LLC*, 227 F. Supp. 3d 1098, 1100 (N.D. Cal. 2017).

1   are, as here, stored on public source-control systems such as GitHub, which allows anyone to

2   review (and comment on or propose modifications to) those code bases and for those suggestions

3   (including any which are implemented) to be tracked by anyone with a browser. And, project

4   governance is conducted electronically for public voting.[2]

5          This means that complaints like the SAC are often based entirely on cherry-picked quotes

6   from public project documents and social media. In securities fraud cases where the primary

7   documents relied on by plaintiffs in their complaints are SEC filings and press releases, courts have

8   construed the documents subject to review on a motion to dismiss as those SEC filings and press

9   releases. *Shurkin v. Golden State Vintners, Inc.*, No. C 04-3434 MJJ, 2005 WL 1926620, at *5

10  (N.D. Cal. Aug. 10, 2005); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal.

11  2003). But when systems are developed publicly as here, and plaintiffs are able to cherry-pick only

12  the allegations they want *and omit those that were available to them but that they do not like*, courts

13  should change how they review motions to dismiss. Under the analytic mode that permits references

14  to other sections of a Form 10-Q to show that a supposedly hidden risk was disclosed somewhere

15  else in the same document (*e.g.*, *In re Apple Inc. Sec. Litig.*, No. 19-CV-02033-YGR, 2020 WL

16  6482014, at *5 (N.D. Cal. Nov. 4, 2020)), courts analyzing motions to dismiss relating to open

17  source projects should review any public information about the project (a) to which a complaint

18  refers *or* (b) that was also publicly available to a plaintiff. This is especially important given the

19  ease of a plaintiff focusing on cherry-picked comments that may be addressed by an omitted part

20  of the same document or later-dated tweets, posts, or GitHub change requests that are no less

21  public.[3]

---

24  [2] For examples of relevant operating principles and licensing features unique to the open source

25  development model, *see* *Licenses & Standards*, Open Source Initiative, https://opensource.org/licenses; *The Open Source Definition*, Open Source Initiative

26  https://opensource.org/osd.

27  [3] Courts may take judicial notice of publicly available information, such as publicly accessible

28  webpages and social media posts. *See Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (publicly available webpages, including Twitter accounts).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

**B.     Exhibits A, C, D, E, H, I, J, K, L, and U to the Henkin Declaration**

The Court should take judicial notice of Exhibits A, C, D, E, H, I, K, L, and U to the Henkin Declaration. These exhibits are White Papers, articles, and other documents that are publicly available online. These exhibits are relevant to show information of which the market was aware during the relevant time period, and the Court may appropriately take judicial notice of them. *See*, *e.g.*, *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) ("Judicial notice of news articles may be appropriate in securities fraud cases to show that the market was aware of the information contained in news articles."); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) ("Taking judicial notice of news reports and press releases is appropriate to show that the market was aware of the information contained in news articles."); *see also Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.").

**C.     Exhibits B, F, G, M, N, O, P, Q, R, S, and T to the Henkin Declaration**

The Court should take judicial notice of Exhibits B, F, G, M, N, O, P, Q, R, S, T to the Henkin Declaration. The exhibits are publicly available social media posts by individuals who are involved with this litigation as named parties (*e.g.,* Mr. Kwon), instigators of the litigation ("FatManTerra" and his Discord handle "FatMan"), and individuals who purport to be members of the proposed class ("Ghostizbud"). Courts routinely take judicial notice of social media posts. *See*, *e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX, 2023 WL 2918724, at *4 (C.D. Cal. Apr. 12, 2023) ("Courts can take judicial notice of publicly accessible social media posts" such as Instagram and Facebook pages); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of "a public post" on Twitter), *appeal dismissed*, No. 22-15914, 2022 WL 4352712 (9th Cir. July 7, 2022); *Lindora, LLC v. Limitless Longevity LLC*, No. 15-CV-2847-JAH (KSC), 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice of "Defendant's social media accounts"); *see also Pressed Juicery, Inc.*, 445 F. Supp. 3d at 146 ("In general, websites and their contents may be judicially noticed.").

**D.     Exhibit V to the Henkin Declaration**

The Court should take judicial notice of Exhibit V to the Henkin Declaration. Exhibit V to

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

the Henkin Declaration is the Memorandum in Support of Defendants' Motion to Dismiss the Amended Complaint, filed in the related federal action *Securities and Exchange Commission v. Terraform Labs, Pte. Ltd, et al.*, Civil Action No. 1:23-cv-01346-JSR (S.D.N.Y.). Such filings in related actions are appropriate for judicial notices. *See Loumena v. Kennedy*, No. 15-CV-00951-LHK, 2015 WL 5963988, at *7 (N.D. Cal. Oct. 13, 2015), *aff'd,* 671 F. App'x 446 (9th Cir. 2016) (taking judicial notice of filings in related state and federal court proceedings); *SAI v. Smith*, No. 16-CV-01024-JST, 2018 WL 534305, at *1 (N.D. Cal. Jan. 24, 2018).

**E.     Exhibit A to Amani Declaration**

The Court should take judicial notice of Exhibit A to the Amani Declaration. Exhibit A to the Amani Declaration is the Anchor Terms of Service. "[C]ourts in the Ninth Circuit routinely take judicial notice of terms of services." *Yuksel*, 2022 WL 16748612, at *3; *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google terms of service), aff'd, 816 F. App'x 68 (9th Cir. 2020).

**F.     Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through V to the Henkin Declaration and Exhibit A to the Amani Declaration, and grant such other relief as may be appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  Dated: May 2, 2023                    Respectfully submitted,

2                                        DENTONS US LLP

3                                        By:    */s/ Joel D. Siegel*
                                               Joel D. Siegel

4
                                         JOEL D. SIEGEL (SBN 155581)
5                                        joel.siegel@dentons.com
                                         ANDREW M. PENDEXTER (SBN 310752)
6                                        andrew.pendexter@dentons.com
                                         DENTONS US LLP
7                                        601 South Figueroa Street, Suite 2500
                                         Los Angeles, California 90017-5704
8                                        Tel: 213.623.9300 / Fax: 213.623.9924

9                                        DOUGLAS W. HENKIN (Adm. *Pro Hac Vice*)
                                         douglas.henkin@dentons.com
10                                       DENTONS US LLP
                                         1221 Avenue of the Americas
11                                       New York, New York 10020-1089
                                         Tel: 212.768.6700 / Fax: 212.768.6800
12
                                         STEPHEN J. SENDEROWITZ (*Pro Hac Vice*)
13                                       stephen.senderowitz@dentons.com
                                         DENTONS US LLP
14                                       233 South Wacker Drive, Suite 5900
                                         Chicago, Illinois 60606-6361
15                                       Telephone: 312.876.8141

16                                       Attorneys for Defendants
                                         TERRAFORM LABS, PTE. LTD. and
17                                       DO KWON

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:22-CV-03600          - 6 -          REQ. FOR JUD. NOT. IN SUPPORT OF
                                               MOTIONS TO COMPEL/DISMISS