JOEL D. SIEGEL (SBN 155581)
joel.siegel@dentons.com
ANDREW M. PENDEXTER (SBN 310752)
andrew.pendexter@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213.623.9300 / Fax: 213.623.9924

DOUGLAS HENKIN (Admitted *Pro Hac Vice*)
douglas.henkin@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: 212.768.6700 / Fax: 212.768.6800

STEPHEN J. SENDEROWITZ (Admitted *Pro Hac Vice*)
stephen.senderowitz@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606-6361
Telephone: 312.876.8141

Attorneys for Defendants
TERRAFORM LABS, PTE. LTD. and DO KWON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/ DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, AND DO KWON,<br><br>Defendants. | Case No. 3:22-cv-03600-CAS-PVC<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** |

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

Defendants Terraform Labs PTE Ltd. and Do Kwon ("Defendants") respectfully submit this response to the Court's Order to Show Cause (ECF No. 119, the "OSC") in order to apologize to the Court, explain their actions, and request a minor modification of the directions in the OSC in an effort to streamline and expedite the issues for the benefit of the Court and the parties who have appeared before the Court (the "Parties").

Defendants apologize for the lack of clarity of their administrative motion (the "Motion"). The OSC "cautioned [Defendants] to submit administrative motions with sufficient time to allow for the filing of an opposition." *Id.* Although Defendants were aware of the response deadline for administrative motions set forth in Local Rule 7-11(b), the Motion placed before the Court a stipulation signed by all Parties, *see* ECF No. 112 at 1 ("Pursuant to Local Rules 7-11(a) and 7-12, attached as Exhibit A is a stipulation signed by counsel for [all Parties] stipulating to the following briefing page limits") and included a copy of that signed stipulation (ECF No. 112-1). Given that all Parties had agreed to the Motion, Defendants knew that the Motion would not be opposed; Defendants apologize for not alerting the Court that no opposition would be filed.

Because the proposal in the Motion was stipulated to by all Parties and given (a) the length and complexity of the Second Amended Complaint ("SAC") and the SEC Complaint that it incorporates, (b) the number, complexity, and interrelated nature of the arguments Defendants need to make to respond fully to the SAC, and (c) the fact that all Parties agreed that a single set of briefs addressing all arguments by Defendants would be more efficient for the Court and the Parties, Defendants believed that the Court would approve the page limits proposed in the Motion.[1] As such, Defendants were preparing to file one motion, incorporating all of their arguments, on May 2, 2023, and Defendants had shortened that motion to less than the requested 60 pages at the time the Court issued its Order reducing the number of pages to 30 in total during

---

[1] The basis for the Parties' agreement with respect to (c) was that under Local Rule 7-2, each Defendant had the right to file a 25 page motion and Lead Plaintiff would have had the right to file a 25 page opposition to each, and the Parties' joint proposal thus added just 10 pages to the total 50 page limit for each side but enabled each side to combine their arguments into one brief to improve their presentations to the Court.

1  the morning of May 2, 2023 (ECF 113). Defendants were not able to make all necessary
2  arguments in 30 pages, and so Defendants then endeavored to file two motions each conforming
3  to Local Rule 7-2. Defendants and their counsel did not intend to flout ECF 113 (as evidenced by
4  their express apologies in footnote one of each motion).

5        The OSC orders Defendants to submit separate motions to dismiss and to compel
6  arbitration and limits each motion to 30 pages, the same aggregate limit proposed in the Motion.
7  Defendants and their counsel worked diligently to try to present their arguments to the Court in
8  that form after the Court issued ECF 113, but due to the complexities of those arguments they
9  could not fit the Rule 12(b) arguments into one motion (whether 25 or 30 pages) without cutting
10 necessary arguments.

11       In light of the additional pages granted by the OSC, however, Defendants respectfully
12 request that the Court consider an intermediate proposal:  Defendants have reduced the length of
13 their combined motion to 47 pages, 13 pages less than the total granted by the Court in the OSC
14 and that Defendants originally requested in the Motion. A copy of that combined motion is
15 attached hereto as Exhibit A, which is being submitted for consideration by the Court four days
16 earlier than the filing deadline set in the OSC. Defendants and their counsel hope that the Court
17 agrees that Exhibit A presents Defendants' arguments in a form that is (a) clearer and more usable
18 for the Court, (b) shorter than the total number of pages granted by the OSC and previously
19 requested by Defendants, (c) easier for Lead Plaintiff to respond to, and (d) docketed more
20 quickly than the Court ordered. Defendants thus respectfully request that the Court permit
21 Defendants to file Exhibit A as their combined response to the SAC instead of filing the two
22 separate motions set forth in the OSC.

23       The TFL Defendants shared this proposal (including the full text of this paragraph) with
24 counsel for all Parties before filing this response. Jump Trading LLC's counsel authorized the
25 TFL Defendants to state that Jump Trading LLC does not oppose the TFL Defendants' proposal,
26 but requests that whatever schedule is set for Lead Plaintiff's opposition and the TFL Defendants'
27 reply applies likewise to Lead Plaintiff's opposition to Jump Trading's motions and Jump
28 Trading's replies (so that Lead Plaintiff's oppositions are due at the same time and all defendants'

reply briefs are due at the same time). Similarly, Jump Trading not does not oppose any extension of time sought by the parties, but requests the reply briefs be due 26 days after the oppositions, which is contemplated by the current schedule.

Counsel for Lead Plaintiff advised Lead Plaintiff will take no position on the TFL Defendants' proposal, except that they request that Lead Plaintiff be given the same number of pages as Defendants for Lead Plaintiff's opposition(s) and the same time extension of time to respond to Defendants' arguments, if any, that the Court grants defendants (which request Defendants consent to). There will thus be no opposition filed to this response by Lead Plaintiff or Jump Trading LLC.

If this proposed approach is not acceptable to the Court, the TFL Defendants will of course comply with the OSC, and would only request the setting of a new deadline, five court days out, by which to file re-formatted motions.

Dated: May 4, 2023

Respectfully submitted,
DENTONS US LLP

By: /s/ Joel D. Siegel
      Joel D. Siegel

JOEL D. SIEGEL (SBN 155581)
joel.siegel@dentons.com
ANDREW M. PENDEXTER (SBN 310752)
andrew.pendexter@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213.623.9300 / Fax: 213.623.9924

DOUGLAS HENKIN (Admitted *Pro Hac Vice*)
douglas.henkin@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: 212.768.6700 / Fax: 212.768.6800

STEPHEN J. SENDEROWITZ (*Pro Hac Vice*)
stephen.senderowitz@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606-6361
Telephone: 312.876.8141

Attorneys for Defendants TERRAFORM LABS, PTE. LTD. and DO KWON