JOEL D. SIEGEL (SBN 155581)
joel.siegel@dentons.com
ANDREW M. PENDEXTER (SBN 310752)
andrew.pendexter@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213.623.9300 . Fax: 213.623.9924

DOUGLAS W. HENKIN (Admitted *Pro Hac Vice*)
douglas.henkin@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: 212.768.6700 / Fax: 212.768.6800

STEPHEN J. SENDEROWITZ (Admitted *Pro Hac Vice*)
stephen.senderowitz@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606-6361
Telephone: 312.876.8141

Attorneys for Defendants
TERRAFORM LABS, PTE. LTD. and DO KWON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, AND DO KWON,<br><br>Defendants. | Case No. 3:22-cv-03600<br><br>**DEFENDANTS TERRAFORM LABS, PTE. LTD. AND DO KWON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO (I) DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2), (II) COMPEL ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT AND STRIKE THE CLASS ALLEGATIONS, AND (III) DISMISS ANY REMAINING CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Date:        September 19, 2023<br>Time:        2:00 p.m.<br>Dept.:       Courtroom 9, 19th Floor<br>Judge:      Hon. Trina L. Thompson<br><br>Action Filed:  July 17, 2022<br>Trial Date:    None Set |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1

## **REQUEST FOR JUDICIAL NOTICE**

2      Defendants Terraform Labs PTE Ltd. and Do Kwon ("Defendants") respectfully request

3  that the Court take judicial notice of the materials attached as Exhibits A through V to the

4  Declaration of Douglas W. Henkin ("Henkin Declaration") and Exhibit A to the Declaration of

5  Arrash Chris Amani ("Amani Declaration"). These materials are judicially noticeable pursuant to

6  Federal Rule of Evidence 201 and are appropriate for the Court's consideration in connection

7  with Defendants' concurrently filed Motion to Dismiss Lead Plaintiff's Second Amended

8  Complaint (the "Motion").

9  **A.      Legal Standard**

10      Federal Rule of Evidence 201 provides that courts may take judicial notice of facts that are

11  not subject to reasonable dispute if the facts "can be accurately and readily determined from sources

12  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take

13  judicial notice if a party requests it and the court is supplied with the necessary information." Fed.

14  R. Evid. 201(c). The Court may take judicial notice of facts in records outside the pleadings on a

15  motion to dismiss. *See MGIC Indem. Corp. v. Weisman, 803 F.2d 500*, 504 (9th Cir. 1986) (taking

16  judicial notice of public records); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th

17  Cir. 1986).

18      Because of the way cryptocurrency projects like UST, LUNA, Anchor, and Mirror are

19  structured is so different from the way companies in the public equity markets operate, complaints

20  like the SAC must be analyzed with those differences in mind. It is not an accident that (a) every

21  factual allegation in the SAC (other than the ones improperly lifted from the SEC) is taken from

22  public white papers, press reports, and social media platforms and (b) there are no "confidential

23  witness" allegations as there are in many traditional securities fraud cases.[1] The open source nature

24  of blockchain projects means that those activities are conducted more in public than the activities

25  of a publicly traded company—white papers are published and discussed on social media and other

26  collaboration platforms before projects become fully operational. The code bases for the projects

27  _____

28  [1] *See*, *e.g.*, *Union Asset Mgmt. Holding AG v. Sandisk LLC*, 227 F. Supp. 3d 1098, 1100 (N.D. Cal. 2017).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

are, as here, stored on public source-control systems such as GitHub, which allows anyone to review (and comment on or propose modifications to) those code bases and for those suggestions (including any which are implemented) to be tracked by anyone with a browser. And, project governance is conducted electronically for public voting.[2]

This means that complaints like the SAC are often based entirely on cherry-picked quotes from public project documents and social media. In securities fraud cases where the primary documents relied on by plaintiffs in their complaints are SEC filings and press releases, courts have construed the documents subject to review on a motion to dismiss as those SEC filings and press releases. *Shurkin v. Golden State Vintners, Inc.*, No. C 04-3434 MJJ, 2005 WL 1926620, at *5 (N.D. Cal. Aug. 10, 2005); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003). But when systems are developed publicly as here, and plaintiffs are able to cherry-pick only the allegations they want *and omit those that were available to them but that they do not like*, courts should change how they review motions to dismiss. Under the analytic mode that permits references to other sections of a Form 10-Q to show that a supposedly hidden risk was disclosed somewhere else in the same document (*e.g.*, *In re Apple Inc. Sec. Litig.*, No. 19-CV-02033-YGR, 2020 WL 6482014, at *5 (N.D. Cal. Nov. 4, 2020)), courts analyzing motions to dismiss relating to open source projects should review any public information about the project (a) to which a complaint refers *or* (b) that was also publicly available to a plaintiff. This is especially important given the ease of a plaintiff focusing on cherry-picked comments that may be addressed by an omitted part of the same document or later-dated tweets, posts, or GitHub change requests that are no less public.[3]

---

[2] For examples of relevant operating principles and licensing features unique to the open source development model, *see Licenses & Standards*, Open Source Initiative, https://opensource.org/licenses; *The Open Source Definition*, Open Source Initiative https://opensource.org/osd.

[3] Courts may take judicial notice of publicly available information, such as publicly accessible webpages and social media posts. *See Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (publicly available webpages, including Twitter accounts).

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**B.       Exhibits A, C, D, E, H, I, J, K, L, and U to the Henkin Declaration**

The Court should take judicial notice of Exhibits A, C, D, E, H, I, K, L, and U to the Henkin Declaration. These exhibits are White Papers, articles, and other documents that are publicly available online. These exhibits are relevant to show information of which the market was aware during the relevant time period, and the Court may appropriately take judicial notice of them. *See*, *e.g.*, *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) ("Judicial notice of news articles may be appropriate in securities fraud cases to show that the market was aware of the information contained in news articles."); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) ("Taking judicial notice of news reports and press releases is appropriate to show that the market was aware of the information contained in news articles."); *see also Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.").

**C.       Exhibits B, F, G, M, N, O, P, Q, R, S, and T to the Henkin Declaration**

The Court should take judicial notice of Exhibits B, F, G, M, N, O, P, Q, R, S, T to the Henkin Declaration. The exhibits are publicly available social media posts by individuals who are involved with this litigation as named parties (*e.g.,* Mr. Kwon), instigators of the litigation ("FatManTerra" and his Discord handle "FatMan"), and individuals who purport to be members of the proposed class ("Ghostizbud"). Courts routinely take judicial notice of social media posts. *See*, *e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX, 2023 WL 2918724, at *4 (C.D. Cal. Apr. 12, 2023) ("Courts can take judicial notice of publicly accessible social media posts" such as Instagram and Facebook pages); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of "a public post" on Twitter), *appeal dismissed*, No. 22-15914, 2022 WL 4352712 (9th Cir. July 7, 2022); *Lindora, LLC v. Limitless Longevity LLC*, No. 15-CV-2847-JAH (KSC), 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice of "Defendant's social media accounts"); *see also Pressed Juicery, Inc.*, 445 F. Supp. 3d at 146 ("In general, websites and their contents may be judicially noticed.").

**D.       Exhibit V to the Henkin Declaration**

The Court should take judicial notice of Exhibit V to the Henkin Declaration. Exhibit V to

the Henkin Declaration is the Memorandum in Support of Defendants' Motion to Dismiss the Amended Complaint, filed in the related federal action *Securities and Exchange Commission v. Terraform Labs, Pte. Ltd, et al.*, Civil Action No. 1:23-cv-01346-JSR (S.D.N.Y.). Such filings in related actions are appropriate for judicial notices. *See Loumena v. Kennedy*, No. 15-CV-00951-LHK, 2015 WL 5963988, at *7 (N.D. Cal. Oct. 13, 2015), *aff'd*, 671 F. App'x 446 (9th Cir. 2016) (taking judicial notice of filings in related state and federal court proceedings); *SAI v. Smith*, No. 16-CV-01024-JST, 2018 WL 534305, at *1 (N.D. Cal. Jan. 24, 2018).

**E.      Exhibit A to Amani Declaration**

The Court should take judicial notice of Exhibit A to the Amani Declaration. Exhibit A to the Amani Declaration is the Anchor Terms of Service. "[C]ourts in the Ninth Circuit routinely take judicial notice of terms of services." *Yuksel*, 2022 WL 16748612, at *3; *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google terms of service), aff'd, 816 F. App'x 68 (9th Cir. 2020).

**F.      Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through V to the Henkin Declaration and Exhibit A to the Amani Declaration, and grant such other relief as may be appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1

Dated: May 8, 2023

Respectfully submitted,

2

DENTONS US LLP

3

By:    /s/ Joel D. Siegel
              Joel D. Siegel

4

5

JOEL D. SIEGEL (SBN 155581)
joel.siegel@dentons.com
ANDREW M. PENDEXTER (SBN 310752)
andrew.pendexter@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213.623.9300 / Fax: 213.623.9924

6

7

8

9

DOUGLAS W. HENKIN (Adm. *Pro Hac Vice*)
douglas.henkin@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: 212.768.6700 / Fax: 212.768.6800

10

11

12

STEPHEN J. SENDEROWITZ (*Pro Hac Vice*)
stephen.senderowitz@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606-6361
Telephone: 312.876.8141

13

14

15

16

Attorneys for Defendants
TERRAFORM LABS, PTE. LTD. and
DO KWON

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300