**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP TRADING LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 22-cv-03600-TLT<br><br>**LEAD PLAINTIFF'S OBJECTION TO THE TFL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date: September 19, 2023<br>Time: 2:00 p.m. |

Lead Plaintiff Michael Tobias and additional plaintiff Nick Patterson (together, "Plaintiffs") respectfully submit this partial objection to Defendants Terraform Labs Pte. Ltd. and Do Kwon (the "TFL Defendants") Request for Judicial Notice in Support of their Motions to Dismiss and Compel Arbitration ("Request") (Dkt. No. 123). Specifically, Plaintiffs object to the TFL Defendants' Request for the reasons stated below.

## ARGUMENT

The TFL Defendants' Request asks the Court to consider documents (the "Exhibits") other than the Second Amended Complaint (the "Complaint") (Dkt. No. 102) in adjudicating the TFL Defendants' Motions to Dismiss and Compel Arbitration (Dkt. No. 122).[1]

The general rule is that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). While judicial notice and incorporation-by-reference can provide exceptions to this rule, the Ninth Circuit has warned that the "overuse and improper application" of these exceptions "can lead to unintended and harmful results." *Id*. Consideration of matters outside the pleading converts a 12(b)(6) motion into a motion for summary judgment unless the external matters are considered under the incorporation-by-reference doctrine or judicial notice under Federal Rule of Evidence 201. *Id.* at 999.

"[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But Defendants may not do so to dispute the allegations in the Complaint because "the incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.* at 1003, 1014.

Rule 201 provides a narrow exception that permits a court to judicially notice an adjudicative fact if it is "not subject to reasonable dispute," meaning the fact is "generally known,"

---

[1] The TFL Defendants filed the Exhibits referenced here as exhibits to the Declaration of Douglas W. Henkin. Dkt. No. 122-2.

1  or "can be accurately and readily determined from sources whose accuracy cannot reasonably be
2  questioned." Fed. R. Evid. 201(b). Accordingly, the Court may take judicial notice of the existence
3  of a document, but not the truth of its contents unless the fact that the party wishes to notice is "not
4  subject to reasonable dispute." *Khoja*, 899 F.3d at 999-1002.

5  The Ninth Circuit has "note[d] a concerning pattern in securities cases like this one:
6  exploiting these procedures improperly to defeat what would otherwise constitute adequately
7  stated claims at the pleading stage." *Id.* at 998. Accordingly, the consideration of documents
8  pursuant to judicial notice or the incorporation-by-reference doctrine must be carefully limited to
9  avoid "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*.
10 "If defendants are permitted to present their own version of the facts at the pleading stage – and
11 district courts accept those facts as uncontroverted and true –" the Ninth Circuit continued, "it
12 becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently
13 "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of
14 judicial notice or the incorporation-by-reference doctrine." *Id*.

15 In their Request, the TFL Defendants suggest that the "open source nature of blockchain
16 projects" should cause this Court to ignore the Ninth Circuit's *Orexigen* admonition. "Courts
17 analyzing motions to dismiss relating to open source projects," the TFL Defendants insist without
18 citation, "should review any public information about the project (a) to which a complaint refers
19 *or* (b) that was publicly available to a plaintiff." Request at 2-3 (emphasis in original). The Ninth
20 Circuit was clear, however, rejecting appeals to extraneous sources or information of which a court
21 cannot take judicial notice. The "open source nature" of blockchain projects provides no
22 meaningful reason to disregard *Orexigen*. The Court must not disregard the established legal
23 framework for adjudicating a motion to dismiss and must reject the TFL Defendants' hodgepodge
24 of Exhibits that do not fit within the two groups of information the Ninth Circuit allows district
25 courts to consider on a motion to dismiss.[2]

---

27 [2] Rule 12(d) requires that if this Court considers the materials the TFL Defendants submit either extraneous to the complaint or of which it cannot take judicial notice, it must convert the TFL
28 Defendants' motion to summary judgment. In that instance, the Court will lift the PSLRA

1       Plaintiffs object to the Court's consideration of Exhibits B, F, G, M, N, O, P, Q, R, S, T, D, E, H, I, J, K and U, for the truth of any matter the TFL Defendants argue. The TFL Defendants deploy these Exhibits improperly to dispute the Complaint's allegations. Plaintiffs do not object to the Court's taking judicial notice of the existence of each of the Exhibits for what they say, however the Court "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

      ***Exhibits B, F, G, M, N, O, P, Q, R, S, and T:*** The TFL Defendants ask the Court to take judicial notice of these Exhibits because they are "publicly available social media posts." Request at 4. The Court can take notice of adjudicative facts that are "not subject to reasonable dispute," but not that any statements in these posts are true, accurate or authentic. *See, e.g., Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1206 (N.D. Cal. 2014) (denying request for judicial notice because blog was not cited or referenced in the complaint, and does not contain statements 'whose accuracy cannot reasonably be questioned.'") (citing F.R.E. 201(b)).

      For instance, Exhibit F is a Twitter thread that LFG posted on May 16, 2022, and Exhibit G is a Twitter threat that TFL posted between May 12, 2022 and May 16, 2022. From these posts, the TFL Defendants attempt to build a factual narrative of the events of that week, arguing that "[w]hile this was happening, and as it had promised to do, LFG expended roughly $2.8 billion to defend the UST peg. Henkin Decl. Ex. F. TFL also spent hundreds of millions of dollars of its own trying to defend the peg. *See id.* Ex. G." MTD at 22. But that factual narrative only follows by crediting the truth of the statements contained in those posts. That is improper. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").[3]

---

discovery stay and allow full discovery on Plaintiffs' claims. *See Vacold LLC v. Cerami*, 2001 WL 167704, at *3 (S.D.N.Y. Feb. 16, 2001).

[3] In addition, for most if not all of these posts, even their existence is completely irrelevant to the case. This includes Ex. B, O, P, Q and R, which the TFL Defendants have attached in a

**Exhibits D, E, H, I, J, K, and U:** The TFL Defendants ask the Court to take judicial notice of these Exhibits because they are "White Papers, articles, and other documents that are publicly available online."[4] Request at 4. Again, the Court can take notice of adjudicative facts "whose accuracy cannot reasonably be questioned,'" but not that the statements these Exhibits contain are true or correct. *See* F.R.E. 201(b)). For example, Ex. U is an article entitled *The Ineluctable Modality of Securities Law: Why Fungible Crypto Assets Are not Securities*. The Court can take notice of the words in the article, of course, but the existence of the article does not mean that fungible crypto assets are not, in fact, securities.

## CONCLUSION

For the reasons set forth about, the TFL Defendants' Request should be partially denied.

Dated: July 7, 2023           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com

---

gratuitous and incoherent apparent attempt to suggest that counsel had reached some illicit agreement in violation of the PSLRA.

[4] The TFL Defendants include in this category Ex. A (white paper entitled *Terra Money: Stability and Adoption*), Ex C (white paper entitled *Anchor: Gold Standard for Passive Income on the Blockchain*, and Ex L (Remi Tetot's post on Medium.com expressing his post-mortem analysis). Because these appear to be copies of documents cited in the Complaint, Plaintiffs consider them incorporated by reference.

600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-236-0508

and

Sean T. Masson (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
smasson@scott-scott.com

*Additional Counsel for Plaintiffs*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On July 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel counsel of record.

>                                    /s/ Laurence M. Rosen
>                                    Laurence M. Rosen