**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similar Situated<br><br>Plaintiff,<br><br>vs.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS and DO KWON,<br><br>Defendants. | Case No. 5:22-cv-03600-PCP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hon. P. Casey Pitts |

Lead Plaintiff Michael Tobias and named plaintiff Nick Patterson (together, "Plaintiffs") and Defendants Jump Trading, LLC ("Jump"), Terraform Labs, PTE. LTD. ("Terraform Labs" or "TFL"), and Do Kwon ("Kwon" and together with TFL, "TFL Defendants") have conferred, stating the following:

## I.   JURISDICTION & SERVICE

### A.   Plaintiffs' Statement

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), or alternatively 28 U.S.C. §1332(b)(2) (diversity jurisdiction).[1] Minimal diversity exists because more than two-thirds of putative Class Members are citizens of a state different than a Defendant. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the conduct the Complaint describes occurred in this District. The Court has supplemental jurisdiction over the state law claims. Defendants Jump, TFL, and Kwon have been served. Plaintiffs have filed a Notice of Voluntary Dismissal Without Prejudice as to the other defendants.

### B.   Defendants' Statement

Defendants Jump, TFL, and Do Kwon have been served or accepted service.

Jump, TFL and Mr. Kwon dispute that Plaintiffs filed this case in the appropriate forum and that they are permitted to pursue a class action. TFL and Mr. Kwon (Dkt. No. 122) and Jump (Dkt. Nos. 114, 115) have filed motions seeking to compel arbitration and to dismiss the Second Amended Complaint (Dkt. No. 102) for failure to state a claim.  TFL and Mr. Kwon's motion to dismiss also asserts lack of personal jurisdiction. Defendants contend there is a binding arbitration clause, which Lead Plaintiff has conceded he executed. Those motions are fully briefed and are currently set for argument on October 3, 2023 (Dkt. No. 142).

---

[1] The amount in controversy for the Class exceeds $5,000,000, exclusive of interest and costs, and the parties are citizens or subjects of different states and foreign states.

= 1 US_ACTIVE\124937438

**II.      FACTS**

      The parties refer the Court to the Statements of Facts contained in the parties' briefing on the pending motions to dismiss and to compel arbitration. *See* (Dkt. Nos. 114, 115, 122, 127, 130, 131, 135, 137, 138).

**III.     LEGAL ISSUES**

      The parties believe that the legal issues in this case will include the following:

1.      Whether any "Terra Token" is a security pursuant to the Securities Act;

2.      Whether Plaintiffs filed this case in the appropriate forum and whether the Plaintiffs' claims are subject to individual arbitration in Singapore, pursuant to the Anchor Protocol Terms of Service;

3.      Whether Lead Plaintiff is bound by the arbitration provision;

4.      Whether any Defendant made fraudulent statements of material fact in violation of the Securities Exchange Act of 1934 and, if so, whether Plaintiffs reasonably or justifiably relied on those statements and suffered harm from any such reliance;

5.      Whether Defendants were duty-bound to disclose information under the relevant laws and, if so, whether the omissions of such information were material and whether Plaintiffs reasonably or justifiably relied on those omissions and suffered harm from any such reliance;

6.      Whether, in the alternative, any Defendant violated RICO by conducting or participating in the conduct of an enterprise's affairs through a "pattern" of "racketeering activity" and whether Plaintiffs suffered injuries to their business or property by reason of those acts;

7.      Whether Defendants have been unjustly enriched at the Plaintiff's expense;

8.      Whether Plaintiffs are entitled to restitution;

9.      Whether Plaintiffs state a claim for, and whether they can obtain under the relevant law, any injunctive or declaratory relief;

10.      Whether Plaintiffs meet the requirements of Rule 23 to bring claims on behalf of other persons on a class-wide basis;

= 1 US_ACTIVE\124937438

11.     Whether Plaintiffs and the Class have been damaged by virtue of the Defendants' actions and the extent of those damages;

12.     Whether any Defendants are control persons under Section 20(a) of the Exchange Act and, if so, whether they acted in good or bad faith;

13.     Whether any Defendants are control persons under Section 15 of the Securities Act and, if so, whether they had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist;

14.     Whether a conspiracy existed to misleadingly promote the "Terra Tokens";

15.     Whether the relevant law permits Plaintiffs to pursue claims against the Defendants who allegedly aided and abetted TFL and, if so, whether each Defendant aided and abetted TFL;

16.     Whether Plaintiffs are entitled to recover any of the types of damages or remedies they seek if they succeed on their claims, including declaratory, injunctive and other equitable or legal relief.

17.     Whether Patterson and Scott+Scott are legally permitted to act on behalf of the class in this case.  Despite this Court's order appointing one lead plaintiff (Tobias) and one lead counsel (the Rosen Law Firm) (Dkt. No. 73), "Lead Plaintiff Michael Tobias and named plaintiff Nick Patterson" (Second Amended Complaint at 1) purport to bring the Second Amended Complaint by the Rosen Law Firm as "*Lead Counsel for Lead Plaintiffs and the Putative Class"* (Amended Complaint at 89, italics in original) and Scott+Scott as "*Additional Counsel*" (*id*., italics in original). However, pursuant to the PSLRA, Jump, TFL, and Mr. Kwon contend that neither Patterson nor Scott+Scott have any authority to act or further appear in this case; the Court did not appoint Patterson lead plaintiff, nor did it approve Scott+Scott for any role in this case.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, *subject to the approval of the court*, select and retain counsel to represent the class." (emphasis added)).  Jump, TFL, and Mr. Kwon object to discussions herein about allegations by "Plaintiffs" as opposed to allegations by statutorily appointed Lead Plaintiff Tobias.

The parties note that discovery has not commenced, is stayed by operation of the PSLRA,

3

= 1 US_ACTIVE\124937438

and these legal issues may be narrowed or additional legal issues may be added.

## IV.   MOTIONS

### A.   Prior Motions

On August 19, 2022, several movants and their counsel filed motions for appointment as Lead Plaintiff and approval of Lead Counsel (Dkt. Nos. 19, 24, 25, 28, 32) pursuant to the PSLRA. On December 13, 2022, the Court appointed Michael Tobias as Lead Plaintiff, approving as Lead Counsel his attorney, Laurence M. Rosen of The Rosen Law Firm, P.A. (Dkt. No. 73). The Court's December 13, 2022, Order required Lead Plaintiff to file an amended complaint on or before January 13, 2023, setting February 3, 2023, for defendants' responses. On January 11, 2023, Lead Plaintiff Tobias filed a Motion for Extension of Time Regarding Service and Responding to the Complaint, proposing a schedule for the amended complaint and for defendants answers or motions to dismiss. (Dkt. No. 83). Because the Court did not act on that motion, January 13, 2023, Lead Plaintiff filed an Amended Complaint. (Dkt. No. 88). On January 18, 2023, however, the Court entered an Order adopting the schedule as proposed. (Dkt. No. 91). Lead Plaintiff filed a Second Amended Complaint on February 23, 2023. (Dkt. No. 102). The Court granted a Stipulation amending the briefing schedule slightly on April 21, 2023.  (Dkt. No. 111).

### B.   Pending Motions

The TFL Defendants filed a Motion to Dismiss and Motion to Compel Arbitration. (Dkt. No. 122). Defendant Jump filed separate Motions to Dismiss and to Compel Arbitration. (Dkt. Nos. 114, 115). Plaintiffs have opposed the motions. (Dkt. Nos. 127, 130, 131). Those motions are fully briefed, and the Court has scheduled a hearing on the pending motions on October 3, 2023, at 10:00 A.M in San Jose, Courtroom 8. (Dkt. No. 141).

### C.   Plaintiffs' Anticipated Motions

Plaintiffs anticipate that they will file a motion for class certification if the Court denies Defendants' motions to dismiss and to compel arbitration. When appropriate, the parties will confer and coordinate regarding scheduling discovery, briefing, and oral arguments.

= 1 US_ACTIVE\124937438

### D.    Defendants' Anticipated Motions

In the event that this case proceeds in this Court beyond Jump, TFL, and Mr. Kwon's pending motions to compel arbitration/dismiss, Defendants anticipate making further motions based on the status of the case and rulings on its prior motions, including for summary judgment.

## V.    AMENDMENT OF PLEADINGS

Plaintiffs state that they may seek leave to amend the Complaint based on the Court's rulings on Defendants' pending motions and or the discovery process's revealing that additional legal claims against Defendants exist, arising from the same set of facts as those giving rise to the Complaint, or to otherwise conform the pleadings to the evidence prior to trial. Jump and the TFL Defendants reserve the right to object to any such motion to amend.

## VI.    EVIDENCE PRESERVATION

The parties have taken appropriate steps to ensure the reasonable and proportional preservation of all information, documents, and tangible items, including documents relevant to the claims and defenses in this action to the extent such information, documents and tangible items are in the parties' possession, custody, and control. The parties similarly have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Otherwise, discovery is stayed pursuant to 15 U.S.C. §77z–1(b) and §78u–4(b)(3)(B).

## VII.    DISCLOSURES AND DISCOVERY

Pursuant to the PSLRA, discovery, including Fed. R.Civ. P. 26(a) initial disclosures, is stayed, and will not occur until after the motions responding to the Second Amended Complaint are resolved, if any portion of the Amended Complaint survives those motions. 15 U.S.C. §§ 77z–1(b), 78u–4(b)(3)(B).

## VIII.    CLASS ACTIONS

### A.    Plaintiffs' Statement

Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this case as a class action on behalf of plaintiffs and the proposed Class which is defined as follows:

All persons who, during the Class Period, purchased Terra Tokens and were subsequently damaged thereby.

### 1.    Rule 23(a)

The Class is sufficiently numerous for purposes of Fed. R. Civ. P. 23(a)(1), as it includes potentially thousands of purchasers of Terra tokens. The proposed Class will be ascertainable from the TFL's business records, cryptocurrency exchange records, and Class members' own records. Joinder is impracticable. Questions of law and fact are common to the Class. Fed. R. Civ. P. 23(a)(2). Plaintiffs' claims are typical of the claims of the Class. Fed. R. Civ. P. 23(a)(3). Plaintiffs and all members of the Class have been subjected to the same wrongful conduct by Defendants. Plaintiffs will fairly and adequately represent and protect the interests of absent Class members. Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests antagonistic to those of the other members of the Class. Plaintiffs will vigorously prosecute this action and have retained counsel experienced in litigation of this nature to represent them.

### 2.    Rule 23(b)

Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds that apply generally to the Class. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because the common questions of law and fact common to the Class predominate over issues affecting individual members of the Class. Proof of a common set of facts will establish Defendants' liability and the right of each member of the Class to relief. Common legal and factual questions that do not vary among members of the Class and that may be determined without reference to Class members' individual circumstances include, but are not limited to:

1.    Whether the Terra Tokens are securities under the Securities Act;

2.    Whether the sale of Terra Tokens violates the registration of the Defendants actions violate the state consumer protection laws:

3.    Whether Defendants were unjustly enriched at the expense of the class;

= 1 US_ACTIVE\124937438

4.      Whether Defendants made and/or endorsed false or misleading statements and whether Plaintiffs directly or indirectly relied on them; and

5.      Whether Plaintiffs are entitled to restitution, injunctive and declaratory relief, or damages;

These and other common questions of law and fact predominate over those affecting individual members of the Class.

**B.      Defendants' Statement**

Even if pursuit of this case as a class action is not barred as a matter of law by the waiver contained in the Anchor Terms of Service, Jump and the TFL Defendants dispute that Plaintiffs can satisfy the requirements enumerated in Rule 23 to obtain class certification but note that Plaintiffs have brought this case as a putative class action and that Plaintiffs assert that they intend to pursue class certification.  Jump and the TFL Defendants have not yet had the opportunity to take discovery regarding class certification but will do so should this case proceed to that stage. As a preliminary matter, however, Jump and the TFL Defendants have serious doubts about whether there are common issues of fact and law between purported purchasers of over a dozen different digital assets at different points in time during the proposed Class Period.

**IX.     RELATED CASES**

*Securities & Exchange Commission v. Do Kwon and Terraform Labs Pte. Ltd.*, 23-cv-01346 (S.D.N.Y.), and *United States v. Do Kwon*, 23-cr-00151 (S.D.N.Y.) are related cases.

In the District Court for the Northern District of Illinois, Plaintiff Taewoo Kim has filed suit under the Commodities Exchange Act against Jump and Kanav Kariya; Jump and Mr. Kariya argue that the claims asserted therein are based on the same facts alleged here.  *Kim v. Jump Trading LLC*, Case No. 23-cv-2921 (N.D. Ill. filed May 9, 2023).  That case is currently pending before the Honorable Judge Nancy L. Maldonado.  Jump and Mr. Kariya have moved to transfer Kim to this District for coordination or consolidation with this case.  That motion to transfer has been fully briefed and is pending before Judge Maldonado. The TFL Defendants are not parties to the Kim case and reserve their rights with regard to that case.

= 1 US_ACTIVE\124937438

## X.     RELIEF

Plaintiffs seek relief in the form of rescission or, in the alternative, money damages that they and the Class suffered purchasing "Terra Tokens" during the Class Period. Plaintiffs are unable to ascertain the exact amount of damages until they obtain discovery. Monetary damages will be the subject of expert testimony. Plaintiffs also request attorneys' fees, costs, and post-judgment interest. Finally, Plaintiffs request that the Court grant appropriate injunctive and declaratory relief.

Given the pending motions directed to the Second Amended Complaint and the various claims asserted by the Plaintiffs (although Plaintiffs assert the claims are made in the alternative, Jump and the TFL Defendants believe the claims are incompatible with each other), Jump and the TFL Defendants cannot at this time determine the method for calculating damages given the shifting theories of liability (and relatedly, dispute that Plaintiffs are entitled to any relief, including non-monetary relief).  Nevertheless, assuming liability is established as to any claim, Jump and the TFL Defendants believe that any potential damages would be the subject of expert discovery. Jump and the TFL Defendants further believe that specifying the method of calculating damages at this time is premature as the theory of liability may change.

## XI.     SETTLEMENT, ADR, OTHER REFERENCES

The parties request that the Court defer setting an ADR deadline until after it resolves the pending motions. Only after the Court has decided key issues raised by those motions will there be any potential for resolution of these matters.  These motions (which Plaintiffs oppose) may resolve the case in its entirety and will consume few resources by virtue of the PSLRA discovery stay. As such, presently, the prospects for settlement are limited. Lead Plaintiff, Jump, and the TFL Defendants have submitted their ADR Certifications as required by ADR Local Rule 3–5.

## XII.     NARROWING OF ISSUES

The parties cannot narrow the issues at this early stage until the Court rules on the pending motions. The parties agree that they will continue to assess whether and, if so, how they might narrow the issues as this case progresses.

8

= 1 US_ACTIVE\124937438

XIII.   **EXPEDITED TRIAL PROCEDURE**

The parties agree that this case cannot be handled under the Expedited Trial Procedure of General Order No. 64.

XIV.   **SCHEDULING**

In light of the procedural posture, including the PSLRA discovery stay, the parties agree that the Court should not impose a schedule at this time. If the Court denies the pending motions, then the parties will meet and confer regarding a pre-trial schedule.

XV.   **TRIAL**

Plaintiffs have requested a trial by jury on all causes of action. It is too early to estimate the length of trial or set trial related deadlines until the resolution of motions to dismiss, motions for class certification, and summary judgment. Jump and the TFL Defendants assert that, as a matter of law, Plaintiffs do not have a right to a jury trial but will address that issue if and when it becomes necessary.

XVI.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

Lead Plaintiff, Jump, and the TFL Defendants have filed their certificates of interested entities pursuant to Civil Local Rule 3-15. Lead Plaintiff certifies that he has no conflicts of interest to report. Jump certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Jump Trading Holdings, LLC and Jump Financial, LLC. The following individuals control Jump Financial, LLC: William DiSomma and Paul Gurinas. TFL certifies that it has no conflict of interest to report.

XVII.  **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:       September 11, 2023

= 1 US_ACTIVE\124937438

Respectfully submitted,

**KOBRE & KIM LLP**

/s/ Steven W. Perlstein
Jonathan D. Cogan (admitted *pro hac vice*)
Steven W. Perlstein (admitted *pro hac vice*)
Leif T. Simonson (admitted *pro hac vice*)
Tapan R. Oza (admitted *pro hac vice*)
800 3rd St.
New York, NY 10022
jonathan.cogan@kobrekim.com
steven.perlstein@kobrekim.com
leif.simonson@kobrekim.com
tapan.oza@kobrekim.com

Daniel A. Zaheer (Bar ID 237118)
150 California Street, 19th Floor
San Francisco, California 94111
Tel.: 415 582 4751
Fax: 415 582 4811
daniel.zaheer@kobrekim.com

Erika L. Berman (admitted *pro hac vice*)
1919 M Street NW
Washington, DC 20036
erika.berman@kobrekim.com

*Attorneys for Defendant Jump Trading, LLC*

**DENTONS US LLP**

/s/ Andrew M. Pendexter (with permission)
Joel D. Siegel (SBN 155581)
joel.siegel@dentons.com
Andrew M. Pendexter (SBN 310752)
andrew.pendexter@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Douglas W. Henkin
(admitted *pro hac vice*)
1221 Avenue of the Americas

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

Jacob A. Goldberg (admitted *pro hac vice*)
Michael Cohen (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY, 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com
        mcohen@rosenlegal.com

*Counsel for Lead Plaintiff*

**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**

/s/ John T. Jasnoch
John T. Jasnoch (Bar ID 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619 233 4565
Fax: 619 236 0508
jjasnoch@scott-scott.com

Sean T. Masson (admitted *pro hac vice*)
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169
smasson@scott-scott.com

*Attorneys for Plaintiff Nick Patterson*

= 1 US_ACTIVE\124937438

New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com

*Counsel for Defendants Terraform*
 *Labs Pte. Ltd., and Do Kwon*

JOINT CASE MANAGEMENT STATEMENT
CASE NO: 5:22-CV-03600-PCP

= 1 US_ACTIVE\124937438

1

## **ATTESTATION**

2

Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that concurrence

3

in the filing of this document has been obtained from the other signatories above.

4

5

*/s/ Laurence M. Rosen*
Laurence M. Rosen

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO: 5:22-CV-03600-PCP

= 1 US_ACTIVE\124937438

1

2

## **CERTIFICATE OF SERVICE**

3

     I hereby certify that on September 11, 2023, I caused the foregoing to be filed with the

4

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

5

email addresses denoted on the Electronic Mail Notice List.

6

                         */s/ Laurence M. Rosen*
                         Laurence M. Rosen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO: 5:22-CV-03600-PCP

= 1 US_ACTIVE\124937438