**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated; MICHAEL TOBIAS,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>JUMP TRADING, LLC,<br><br>    Defendant - Appellant. | No. 24-670<br><br>D.C. No. 5:22-cv-03600-PCP<br><br>MEMORANDUM* |
| MICHAEL TOBIAS,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JUMP TRADING, LLC,<br><br>    Defendant - Appellant. | No. 24-2489<br><br>D.C. No. 5:22-cv-03600-PCP |

Appeal from the United States District Court
for the Northern District of California
P. Casey Pitts, District Judge, Presiding

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted January 14, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and JOHNSTONE, Circuit Judges.

Appellant Jump Trading, LLC appeals the district court's denial of its motion to compel arbitration in this putative securities class action. We review the denial of a motion to compel arbitration de novo. *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1167 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1.    Absent "clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with nonsignatories," the court must decide the issue of arbitrability. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013). Jump argues that *Henry Schein, Inc. v. Archer and White Sales, Inc.*, abrogated *Kramer* because it held: "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." 586 U.S. 63, 71 (2019). But *Henry Schein* did not involve nonsignatories, and did nothing to mandate delegation when the contract does not require it by "'clear and unmistakable' evidence." *Id.* at 69 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). So we remain bound by *Kramer*.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The agreement at issue here does not clearly and unmistakably delegate the arbitrability question to an arbitrator. Instead, the arbitration agreement delegates to an arbitrator the resolution of "[a]ny claim or controversy arising out of the Interface, this Agreement . . . or any other acts or omissions for which you may contend that we are liable, including (but not limited to) any claim or controversy as to arbitrability." The arbitration agreement defines "you" as the "user of the interface" and "we" as "Terraform Labs PTE, Ltd." There is no mention of any third party or nonsignatory in the arbitration agreement. *See Kramer*, 705 F.3d at 1124–25 (analyzing a similar arbitration agreement). So a court retains authority to decide the arbitrability question as to Plaintiffs' claims against Jump, a third party. The district court did not err by deciding the question.

2. Jump argues that Plaintiffs should be equitably estopped from avoiding arbitration. Equitable estoppel does not apply to this contract. For equitable estoppel to apply in cases involving "a nonsignatory seeking to compel a signatory to arbitrate its claims against [a] nonsignatory . . . the subject matter of the dispute [must be] intertwined with the contract providing for arbitration." *Setty*, 3 F.4th at 1169 (citations omitted). The claims are not intertwined with the contract unless they "arise out of or relate" to that contract. *Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847–48 (9th Cir. 2013) (citation omitted).

Here, Plaintiffs-Appellees allege various statutory securities fraud claims

arising from Jump's alleged attempt to prop up the value of the assets traded on an interface run by Terraform Labs PTE, Ltd., the other signatory to the arbitration agreement. The contract providing for arbitration requires arbitration of claims arising out of the use of Terraform's product and more broadly governs the use of that product. The subject matter of the claims—securities fraud—is thus not intertwined with the activity covered by the arbitration agreement contract and equitable estoppel does not apply.

    **AFFIRMED.**