**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Proposed Class*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

TERRAFORM LABS, PTE. LTD., JUMP TRADING LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/ DEFINANCE TECHNOLOGIES OY, THREE ARROWS CAPITAL PTE. LTD., NICHOLAS PLATIAS, and DO KWON,

Defendants.

Case No. 5:22-cv-03600-PCP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS JUMP TRADING LLC, JUMP CRYPTO HOLDINGS LLC, AND TAI MO SHAN LIMITED'S MOTION FOR LEAVE TO SEEK PARTIAL RECONSIDERATION OF MOTION TO DISMISS ORDER**

Hon. P. Casey Pitts

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. RELEVANT BACKGROUND ........ 3

III. LEGAL STANDARD ........ 4

IV. ARGUMENT ........ 5

A. The Court Considered and Resolved the Issue of Defendants' Control over TFL for Count VIII ........ 5

B. The Court Considered and Resolved the Timeliness Issue for Counts V and VII ........ 7

C. The Court Considered and Resolved the Issue of Alter Ego Liability ........ 8

1. Defendants Never Argued Plaintiffs Failed to Plead "Fraud or Inequity" ........ 8

2. Defendants' Choice-of-Law Argument Is Also New and Impermissible ........ 11

3. Defendants' Remaining Alter-Ego Arguments Rehash Points Already Made ........ 12

V. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003) .......... 10

*Cedano-Viera v. Ashcroft*,
324 F.3d 1062 (9th Cir. 2003) .......... 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012) .......... 6

*Ctr. for Investigative Reporting v. U.S. Dep't of Justice*,
14 F.4th 916 (9th Cir. 2021) .......... 10

*Facebook, Inc. v. OnlineNIC Inc.*,
2023 WL 9019050 (N.D. Cal. Nov. 15, 2023) .......... 11

*Gatlin v. Contra Costa Cnty.*,
796 F. Supp. 3d 622 (N.D. Cal. 2025) .......... 12

*GTE Mobilnet of Cal. Ltd. Partnership v. City of Berkeley*,
2022 WL 562756 (N.D. Cal. Feb. 24, 2022) .......... 9

*Howard v. Everex Sys., Inc.*,
228 F.3d 1057 (9th Cir. 2000) .......... 6

*In re Schwarzkopf*,
626 F.3d 1032 (9th Cir. 2010) .......... 11

*Janus Capital Group, Inc. v. First Derivative Traders*,
564 U.S. 135 (2011) .......... 6

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) .......... 4, 10

*Leventhal v. Chegg, Inc.*,
No. 21-cv-09953-PCP (N.D. Cal. Apr. 29, 2024) ECF No. 158 .......... 13

*Lopez v. Office of Secretary of State*,
2017 WL 4685719 (N.D. Cal. Aug. 23, 2017) .......... 5

*Lopez v. United States*,
2024 WL 4752131 (N.D. Cal. Nov. 12, 2024) .......... 3, 5, 10, 12

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) .......... 4

*Nathanson v. Polycom, Inc.*,
2015 WL 12964727 (N.D. Cal. Apr. 16, 2015) .......... 9

*Orubo v. Activehours, Inc.*,
826 F. Supp. 3d 1071 (N.D. Cal. 2026) (Pitts, J.) .......... 4, 5, 10

*Raya v. Calbiotech*,
2019 WL 11504688 (S.D. Cal. Nov. 26, 2019) .......... 8

*Richardson v. Doe Clerk of Riverside Superior Ct.*,
2021 WL 3264422 (C.D. Cal. Apr. 22, 2021) .......... 8

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
12 F.4th 337 (3d Cir. 2021) .......... 7

*Shaffer v. Heitner*,
433 U.S. 186 (1977) .......... 11

*Sinatro v. Barilla Am., Inc.*,
2024 WL 4008715 (N.D. Cal. Aug. 29, 2024) .......... 3

*Sweet v. Cardona*,
657 F. Supp. 3d 1260 (N.D. Cal. 2023) .......... 9

*Tomaselli v. Transamerica Ins. Co.*,
25 Cal. App. 4th 1269 (1994) .......... 13

*Turner v. City & Cnty. of San Francisco*,
892 F. Supp. 2d 1188 (N.D. Cal. 2012) .......... 4

*United States ex rel. Ginger v. Ensign Grp., Inc.*,
2022 WL 4110166 (C.D. Cal. Mar. 10, 2022) .......... 11

*United States v. Romm*,
455 F.3d 990 (9th Cir. 2006) .......... 9

*United States v. United Healthcare Ins. Co.*,
848 F.3d 1161 (9th Cir. 2016) .......... 13

*Wang v. Zymergen Inc.*,
744 F. Supp. 3d 995 (N.D. Cal. 2024) .......... 6, 7

*Westside Prop. Owners v. Schlesinger*,
597 F. 2d 1214 (9th Cir. 1979) .......... 5, 10

*Whyte Monkee Prods. LLC v. Netflix, Inc.*,
2025 WL 974940 (N.D. Cal. Apr. 1, 2025) (Pitts, J.) .......... 7

*York v. Bank of Am.*,
2016 WL 7033956 (N.D. Cal. Dec. 2, 2016) .......... 4

**Statutes, Rules & Regulations**

United States Code
15 U.S.C. §77m ........ 7
28 U.S.C. §1331 ........ 12

Federal Rules of Civil Procedure
Fed. R. Civ. P. 8(a) ........ 2, 6, 11
Fed. R. Civ. P. 12(b)(6) ........ 1
Fed. R. Civ. P. 54(b) ........ 4

Civil Local Rules
Local Rule 7-9 ........ 1, 2, 3, 5, 10, 12
Local Rule 7-9(b) ........ 4, 8, 9
Local Rule 7-9(c) ........ 4, 12, 13

## I. INTRODUCTION

In their continuing effort to avoid accountability for the collapse of the Terra ecosystem, in violation of Local Rule 7-9, Defendants seek extraordinary relief to delay discovery and trial in this case. Granting in part and denying in part Defendants' Motions to Dismiss (ECF No. 222 ("MTD Order")), this Court resolved three motions on a record comprising 292 pages of briefing and a nearly three-hour hearing.[1] Against this copious record, Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited ("TMSL") (collectively, the "Jump Entities" or "Defendants") seek leave to move to reconsider, notwithstanding that the Court addressed and resolved the three issues they raise. *See* Defendants' Notice of Mot. & Mot. for Leave to Seek Partial Reconsideration of Mot. to Dismiss Order (ECF No. 224 ("Defs.' Br.")). This Court should deny the relief Defendants seek. Pursuant to the Court's September 22, 2026, Order (*see* ECF No. 225), Plaintiffs respectfully submit this brief in opposition to Defendants' motion for leave.

Civil Local Rule 7-9 is a narrow remedy for a specific failure, not an opportunity for a party to re-brief issues this Court has already decided. Defendants identify neither newly discovered material facts, nor material change of law, nor "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Civ. L.R. 7-9(b)(3). Indeed, Local Rule 7-9 prohibits repeating arguments previously made. *See* Civ. L.R. 7-9(c). Local Rule 7-9, therefore, prohibits Defendants' attempt to relitigate three of the Court's holdings. For the following reasons, this Court should deny Defendants' motion for leave to seek reconsideration:

*First*, Defendants seek reconsideration of the Court's ruling that Plaintiffs stated a control person claim in Count VIII, contending that the Court "did not consider" their "legal arguments" concerning the Jump Entities' control over TFL. Defs.' Br. at 4. But Defendants briefed and argued

[1] *See* ECF Nos. 206-211; 213-15. For the purposes of this motion, the following are defined as: (i) Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 208 ("MTD"); (ii) Plaintiffs' Opposition to Defendants Jump Trading LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited's Motion to Dismiss, ECF No. 209 ("Opposition" or "Opp."); (iii) Defendants Jump Trading LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited's Reply in Further Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 215 ("Reply"); and (iv) the motion to dismiss hearing, held on May 7, 2026, ECF No. 221 ("MTD Hearing" or "MTD Hr'g").

that very point, and the Court ruled against them: applying Fed. R. Civ. P. 8(a) and denying dismissal of Count VIII, MTD Order at 35-36, the Court found that the Complaint pleaded that Jump "was more than an investor in Terraform and instead was virtually controlling Terraform," *id.* at 2, explaining that control under the Securities Act is "primarily a factual question." *Id.* at 25.

*Second*, Defendants assert that the Court "overlooked" various facts (it did not) when it "declined to dismiss Plaintiffs' Section 12 claim," in Count V. Defs.' Br. at 6. Defendants wrongly contend the Court had the "mistaken belief that Plaintiffs first sued Jump Trading, LLC and Jump Crypto Holdings LLC for alleged Section 12 violations in their 'timely-filed' Second Amended Complaint." Defs.' Br. at 7. The Court, however, was not "mistaken." The Second Amended Complaint included a Securities Act claim against Jump, alleging that Jump controlled the unregistered offer and sale of Terra Tokens. Because the Court rendered no final judgment in this action, therefore, it ruled that that the statute of repose does not bar these claims against the Jump Entities. MTD Order at 33-35.

*Third*, in violation of Local Rule 7-9's prohibition of seeking reconsideration for arguments a party failed to raise, Defendants argue that the Court's ruling, sustaining the Complaint's allegations of Defendants' alter-ego status, was infirm for purported choice-of-law errors. Defs.' Br. at 8. But Defendants never raised choice-of-law issues in their MTDs. In a single sentence dedicated to alter ego, in a subsection regarding control over TMSL, Defendants argued that "[c]onclusory allegations of "alter ego" status are insufficient to state a claim." MTD at 41-42. Having waived a choice of law argument, Defendants argued it for the first time in the Reply, citing only two cases. Reply at 2-3. Defendants said nothing at all about the second element of California's alter ego standard—the nub of the current motion—and nothing about choice of law at the hearing. Yet, Defendants now marshal more than 20 authorities, none of which appears in the MTDs, the Reply, or in the MTD Hearing transcript. They cite this new authority in service of a federal-common-law choice-of-law framework, a statutory argument under the California Corporations Code, a governmental interest analysis, and a merits attack under California's "fraud or inequity" element for alter ego status. Each of these new cases was available to Defendants before the MTD Order,

and this Court cannot have manifestly failed to consider an argument that Defendants failed to present.[2]

Defendants cannot show manifest failure on any of these three issues: the Court considered and resolved the first two arguments, and rejected parts of the third argument that Defendants failed to raise in their MTD and therefore waived. Local Rule 7-9 prohibits leave to move for reconsideration in these circumstances. The Court, therefore, should deny Defendants' Motion in its entirety. If the Court grants leave and treats Defendants' Motion as their motion for reconsideration (*see* Defs.' Br. at 4 n.1), however, Plaintiffs respectfully request an opportunity to brief and be heard on the merits of reconsideration.

## II. RELEVANT BACKGROUND

Plaintiffs filed the operative Fourth Amended Complaint ("Complaint") on October 31, 2025. ECF No. 176. Defendants moved to dismiss the Complaint on December 23, 2025 (*see* MTD), and Defendants Kariya and DiSomma filed separate motions to dismiss that same day (ECF Nos. 206, 207). Defendants argued, *inter alia*, that Plaintiffs failed to allege the Jump Entities' control over Terraform Labs PTE Ltd. ("TFL") for purposes of Count VIII, (MTD at 42-44), that Counts V through VIII were barred by the statute of repose (*id.* at 36-41), and that the Complaint constituted an impermissible group pleading, despite its alter ego allegations (MTD at 41-42).

Plaintiffs filed their Opposition on February 23, 2026, addressing, among other things, Defendants' control over TFL (Opp. at 49-51), timeliness (*id*. at 7-12), and the alter ego allegations in response to Defendants' group pleading argument (*id*. at 13-15). Defendants filed their Reply on March 25, 2026. *See* Reply. Having waived the choice of law argument, failing to raise it in their MTD, the Reply argued, for the first time, that Delaware and Cayman law governed the alter ego analysis under the internal affairs doctrine. *Id.* at 2-3.

On May 7, 2026, the Court heard argument on all three motions to dismiss. The hearing lasted two hours and 40 minutes. *See* MTD Hr'g Tr. The Court then issued its 36-page MTD Order

[2] *See Sinatro v. Barilla Am., Inc.*, 2024 WL 4008715, at *3 (N.D. Cal. Aug. 29, 2024) (denying reconsideration, ruling "[t]he court is not required to analyze arguments that the parties fail to develop"); *Lopez v. United States*, 2024 WL 4752131, at *3 (N.D. Cal. Nov. 12, 2024) (same).

on September 2, 2026. The Court's MTD Order, *inter alia*, accepted as true Plaintiffs' allegation that "Jump was more than an investor in Terraform and instead was virtually controlling Terraform." *Id.* at 2. The Court dismissed Plaintiffs' Securities Act claims (Counts V through VIII) against Kariya and DiSomma as barred by the statute of repose but allowed those claims to proceed against the Jump Entities. *Id.* at 27-28, 35-36. The Court also held that California law supplies the alter ego standard and that Plaintiffs' allegations satisfy it. *Id.* at 5-6.

On September 18, 2026, the Jump Entities filed this Motion, requesting that the Court treat the motion itself as the motion for reconsideration. Defs.' Br. at 4 n.1.

## III. LEGAL STANDARD

While a district court may revise an interlocutory order before entry of judgment, Fed. R. Civ. P. 54(b), reconsideration is as an extraordinary remedy, ordinarily requiring newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Nor may parties seek reconsideration "'to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

In this District, a party may not seek reconsideration without first obtaining leave, and leave is available only on the grounds enumerated in Local Rule 7-9(b): (i) a material difference in fact or law that existed before the order but that the movant, exercising reasonable diligence, did not know; (ii) new material facts or a change of law after the order; or (iii) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(1)-(3). Local Rule 7-9(c) separately provides that no motion for leave may repeat any oral or written argument the movant previously made. *See Orubo v. Activehours, Inc.*, 826 F. Supp. 3d 1071, 1074 (N.D. Cal. 2026) (Pitts, J.).

A party cannot show "manifest failure" when a court "clearly and thoroughly addressed the factual and legal arguments," the parties raised. *Turner v. City & Cnty. of San Francisco*, 892 F. Supp. 2d 1188, 1223-24 (N.D. Cal. 2012); *see also York v. Bank of Am.*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (no manifest failure where "[t]he prior order comprehensively considered

the relevant statutes and case law"). "[S]imply reiterat[ing] the conclusory assertion that [a prior order] is contrary to law" is not enough to show the court made a "manifest failure." *Lopez v. Office of Secretary of State*, 2017 WL 4685719, at *1 (N.D. Cal. Aug. 23, 2017).

Courts are also "not required to analyze arguments that the parties fail[ed] to make or develop." *Lopez v. United States*, 2024 WL 4752131, at *3 (N.D. Cal. Nov. 12, 2024). And "a district court does not have 'an obligation to address explicitly every point raised by the parties'" in support of their arguments. *Orubo*, 826 F. Supp. 3d at 1075 (quoting *Westside Prop. Owners v. Schlesinger*, 597 F.2d 1214, 1216 n. 3 (9th Cir. 1979)).

## IV. ARGUMENT

Defendants' Motion fails to meet Local Rule 7-9's standard for granting leave to seek reconsideration. Accordingly, for the following reasons, this Court should deny, in whole, Defendants' motion, seeking leave to reconsider.

### A. The Court Considered and Resolved the Issue of Defendants' Control over TFL for Count VIII

Defendants first contend that the MTD Order "did not address Plaintiffs' failure to sufficiently plead the Jump Entities' control over TFL." Defs.' Br. at 4. That is wrong. Defendants' argument depends on treating Section V of the MTD Order in isolation and ignores the Court's other findings and rulings on control throughout. For instance, the Court, summarizing the facts it accepted as true, wrote that "Plaintiffs allege that Jump was more than an investor in Terraform and instead was virtually controlling Terraform 'by virtue of its expertise . . . in secondary markets and its ability to provide the required support, liquidity, and market making for Terra [t]oken sales.'" MTD Order at 2. The Court also noted the conduct underlying that allegation: that "Jump partnered with Terraform to underwrite Terraform's tokens," that Kariya, "speaking on behalf of Jump, proposed a 'gentleman's agreement'" to "help maintain the peg" and "thicken up LUNA markets further," and that both loans "allowed Jump to underwrite and publicly distribute Terra tokens through secondary markets." *Id.*

Arguing to the contrary, Defendants expressly urged in their MTD, the "4AC's allegations that the Jump Entities controlled TFL are wholly conclusory; as such, they warrant dismissal of

Count VIII." MTD at 42-44. Defendants then repeated the arguments in the Reply (Reply 19-20), and again at the MTD Hearing (MTD Hr'g Tr. 77:19-24). The Court also pressed Defendants and Plaintiffs about Section 15 control at the hearing, *id.* 64:8-11, 61:22-25-62:1-7, 77:8-15, ultimately denying dismissal of Counts V through VIII as to Jump. MTD Order at 36. An argument briefed twice, argued from the podium, and that the Court resolved is not an argument the Court "manifest[ly] fail[ed]" to consider. Civ. L.R. 7-9(b)(3). Rather, Defendants seek an impermissible do-over.

Further, in ruling, the Court set out the applicable standard for "control" under Section 20(a) and Section 15 of the Securities Act, requiring "a primary violation of federal securities laws . . . and . . . that the defendant exercised actual power or control over the primary violator." MTD Order at 25. The Court correctly applied—and Defendants do not challenge—that Fed. R. Civ. P. 8(a)'s notice pleading applied to its evaluation of the Complaint's Securities Act control allegations. MTD Order at 25 (quoting *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000), and *Wang v. Zymergen Inc.*, 744 F. Supp. 3d 995, 1010 (N.D. Cal. 2024)). Where the Court applied the correct pleading standard, explicitly considered both parties' arguments about control, articulated the controlling legal standards, and applied the standards to overlapping facts, there was no "manifest failure by the Court to consider material facts or dispositive legal arguments." Civ. L.R. 7-9(b)(3).

Finally, Defendants' reliance on the Court's statement that Jump "did not have any governing control over" Terraform is misplaced. *See* Defs.' Br. at 2, 5. In deciding whether Jump "made" the two blog-post statements under Section 10(b) of the Exchange Act and *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011), the Court found Jump did not control TFL for the purposes of TFL's public statements; the Court was not discussing whether the complaint adequately alleged that Jump controlled TFL for purposes of the illegal sales of unregistered securities. *See* MTD Order at 8 (analogizing to a board chairman's asserted "ultimate authority" over corporate statements) (citing *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1070-71 (N.D. Cal. 2012). According to the Court, control under Section 15 and 20(a) is "primarily a factual question," MTD Order at 25, that the Court addressed in Section IV of the MTD Order. The Court's analysis of whether Jump was a "maker" of TFL's public

statements for purposes of primary liability under Section 10(b) of the Exchange Act is not a ruling foreclosing Section 15 liability, let alone a "manifest failure" to consider Defendants' control argument. Defendants commit precisely the error this Court identified when previously denying reconsideration in another case: "tak[ing] the Court's prior order out of context" by seizing on one sentence from a different legal analysis. *See Whyte Monkee Prods. LLC v. Netflix, Inc.*, 2025 WL 974940, at *3 (N.D. Cal. Apr. 1, 2025) (Pitts, J.). As such, the Court should deny leave to seek reconsideration on Count VIII.

**B. The Court Considered and Resolved the Timeliness Issue for Counts V and VII**

Defendants next contend that the MTD Order permitted Count V to proceed on the mistaken belief that Plaintiffs had sued them under Section 12 before the repose period expired. Defs.' Br. 6-8. But here, too, Defendants do not establish a "manifest failure by the Court to consider material facts . . . which were presented to the Court" and so leave should be denied. Civ. L.R. 7-9(b)(3).

Defendants' entire argument rests on reading the Court's statement that "plaintiffs initially brought their unregistered securities claims against Jump Trading and Jump Crypto before the expiration of the statute of repose" to mean that a prior complaint had expressly "asserted a Section 12 claim" against one of these Defendants. Defs.' Br. at 6-7. But that ignores the Court's findings. Plaintiffs' Second Amended Complaint timely asserted a Section 15 claim against Jump for controlling TFL's unregistered offer and sale of Terra Tokens, see ECF No. 102 ¶¶292-99, and the Third Amended Complaint re-pleaded that claim against all defendants, alleging that they "had the power to direct or cause the direction of the management and policies of TFL." *See* ECF No. 156 ¶¶311-17. Those Section 15 claims for control over the sale of unregistered securities were, therefore, timely. *See* 15 U.S.C. §77m. And the Court ruled that where "an action was initiated within the repose period and never proceeded to final judgment, . . . an amendment that is otherwise permissible under Rule 15 would not impermissibly enlarge the period of repose." MTD Order at 35 (citing *Wang v. Zymergen Inc.*, 744 F. Supp. 3d 995, 1008 (N.D. Cal. 2024) (because no final judgment was entered, dismissed defendant "remained part[y] to this action")); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 12 F.4th 337, 347 (3d Cir. 2021). The Court further found that the

Section 5 and 12 claims arise out of the same "conduct, transaction, or occurrence" alleged from the outset: "the 'unregistered sale of securities.'" MTD Order at 31.

Moreover, the MTD Hearing confirmed that the Court did not overlook the pleading history on which Defendants now rely. The Court discussed the issue, framing the question as arising "given that there were no allegations about registration-related conduct against these entities in . . . any of the prior complaints." MTD Hr'g Tr. 42:19-21. The Court likewise confirmed that Plaintiffs are "now asserting it directly against Jump Trading as opposed to a theory of control[] person . . . liability." *Id.* at 68:12-14. The parties argued the point thoroughly. See *id.* at 30, 63-64, 77.

What this written and oral record proves is the Court did consider the facts Defendants claim it ignored with respect to the timeliness of Counts V and VII. As a result, this argument is nothing more than a disagreement with how the Court resolved the issue. That is not grounds for reconsideration. *Raya v. Calbiotech*, 2019 WL 11504688, at *2 (S.D. Cal. Nov. 26, 2019) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision.") (ellipsis in original, citation modified); *Richardson v. Doe Clerk of Riverside Superior Ct.*, 2021 WL 3264422, at *4 (C.D. Cal. Apr. 22, 2021) ("[U]nhappiness with the outcome is not grounds for reconsideration.").

### C. The Court Considered and Resolved the Issue of Alter Ego Liability

Defendants also seek reconsideration of the Court's holdings that California law provides the alter ego standard and that Plaintiffs' allegations satisfy it. MTD Order at 5-6. Defendants support this claim with new arguments that should have been presented earlier and a smattering of repeated assertions the Court already rejected. None of this is a basis for reconsideration.

#### 1. Defendants Never Argued Plaintiffs Failed to Plead "Fraud or Inequity"

Local Rule 7-9(b)(3) reaches only "dispositive legal arguments which were presented to the Court." Defendants' contention that the Court "overlooked the material fact that Plaintiffs pled no

facts to support the 'fraud or inequity' prong of California's alter ego standard" fails because Defendants never presented such arguments in these proceedings. *See* Defs.' Br. at 3.

The record is unambiguous. Defendants' MTD addressed alter ego in a single sentence as an aside within the subsection challenging control over TMSL, stating simply that the "conclusory allegation that TMSL 'is the alter ego of Jump Crypto and Jump Trading' does not move the needle." MTD at 41-42. That sentence identifies no specific law, elements, or pleading deficiency. Defendants' Reply argued, for the first time, that Delaware and Cayman law should govern the analysis, asserting nothing substantive about California's standards.[3] Reply at 2. Subsequently, at the hearing, where alter ego arose twice in questions from the Court, Defendants again failed to address it. MTD Hr'g Tr. 29:1-6, 38:4-7, 40:10-14. When the Court observed that Plaintiffs "have an argument about alter ego status that's between these entities," Defendants' counsel answered only, "Right." *Id.* at 38:4-8. And when the Court asked whether TMSL might be "a purely, you know, corporate shell used for the purposes of Jump Trading's . . . organizing of its assets," counsel again did not address alter ego, pivoting instead to Defendants' timeliness arguments. *Id.* at 40:10-25. Defendants had an open invitation from the bench and declined it. They cannot now fault the Court for failing to construct an argument they failed to raise in the MTD. *See GTE Mobilnet of Cal. Ltd. Partnership v. City of Berkeley*, 2022 WL 562756, at *3 (N.D. Cal. Feb. 24, 2022) ("The court cannot analyze an argument that counsel fails to develop.").

These facts are fatal to Defendants' arguments. Local Rule 7-9(b)(3) requires an argument to have been "presented to the Court," which demands affirmative, substantive advocacy by the party. That did not happen here. Defendants have, therefore, waived the argument about choice of

[3] The arguments Defendants first raised in the Reply were waived. *See, e.g.*, *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (declining to consider an issue first raised on reply because "arguments not raised by a party in its opening brief are deemed waived." (citation modified)); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (same); *Sweet v. Cardona*, 657 F. Supp. 3d 1260, 1275 (N.D. Cal. 2023) ("Generally, a district court declines to consider information and arguments presented for the first time in a reply. . . ."); *Nathanson v. Polycom, Inc.*, 2015 WL 12964727, at *1 (N.D. Cal. Apr. 16, 2015) ("As numerous courts (including the Ninth Circuit) have concluded, '[i]t is inappropriate to consider arguments raised for the first time in a reply brief.'").

law in the alter-ego context. *Ctr. for Investigative Reporting v. U.S. Dep't of Justice*, 14 F.4th 916, 932 (9th Cir. 2021) (finding waiver where first—and only—mention was in response to panel at oral argument where party "admitted it had not made this argument"). That is this case: Defendants' counsel answered this Court's question with one word and did not timely raise the fraud-or-inequity argument. Having squandered meaningful opportunities to present the argument, Local Rule 7-9 requires this Court to reject reconsideration.[4] The authorities on which the Motion now relies further prove this is a new (waived) argument. *Howse v. Chiquita Canyon, LLC*; *Khoros, LLC v. Lenovo (United States), Inc.*; and *Gerritsen v. Warner Bros. Entertainment Inc.*—the three cases supporting Defendants' "fraud or inequity" argument (Defs.' Br. at 13-15)—appeared nowhere in Defendants' MTD, in Defendants' Reply, or at the MTD Hearing.

Defendants were not deprived of the chance to make their argument. Plaintiffs briefed the California standard in their opposition, expressly noting the requirement of a showing "that the failure to disregard Defendants' separate identities would result in fraud or injustice," advancing allegations supporting alter ego status under this framework. Opp. at 14-15. As such, the California standard was squarely at issue. Yet, Defendants' Reply argued Delaware and Cayman law rather than engaging the California framework Plaintiffs argued squarely. Reply at 2-3. Parties routinely brief in the alternative, and sophisticated counsel understood that California's law might govern. Having elected not to make the argument, Defendants cannot obtain leave for reconsideration on the ground that the Court did not make their arguments for them. *See Lopez v. United States*, 2024 WL 4752131, at *3 (courts are "not required to analyze arguments that the parties fail[ed] to make or develop"). This Court must reject Defendants' attempt to use reconsideration "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Carroll v. Nakatani*, 342 F.3d 934, 944 (9th Cir. 2003). Defendants are bound by its decision not to address

---

[4] A court also has no obligation "to address explicitly every point raised by the parties," *Westside Prop. Owners v. Schlesinger*, 597 F. 2d 1214, 1216 n.3 (9th Cir. 1979). This Court has applied that principle in March 2026 to deny reconsideration even where the party had actually submitted the argument in writing before the order issued. *See Orubo*, 826 F. Supp. 3d at 1075.

all of the arguments that Plaintiffs raised and the Court addressed, requiring rejection of their Motion.

### 2. Defendants' Choice-of-Law Argument Is Also New and Impermissible

Defendants next contend that the Court should permit them to address *In re Schwarzkopf*, 626 F.3d 1032 (9th Cir. 2010), on which the Court relied (*see* MTD Order at 5-6) for its alter-ego rulings. That neither side cited *Schwarzkopf* or *Facebook, Inc. v. OnlineNIC Inc.,* 2023 WL 9019050 (N.D. Cal. 2023) is irrelevant.

*First*, Plaintiffs raised the issue the Court decided. Their opposition explicitly applied California's alter ego standard and the application of Fed. R. Civ. P. 8(a)'s pleading standard, citing *United States ex rel. Ginger v. Ensign Grp., Inc.*, 2022 WL 4110166, at *3-5 (C.D. Cal. Mar. 10, 2022). Opp. at 14. That the Court supported its agreement with authority neither side cited does not mean the question went unbriefed or unaddressed.

*Second*, the Court's reliance on authority the parties themselves did not cite constitutes no failure whatsoever that might entitle Defendants to seek reconsideration. Courts are not confined to the parties' proffered caselaw, and this Court demonstrated as much at the hearing when it raised *Wang v. Zymergen Inc* and observed that the Court "was surprised that no one was addressing" that aspect of the decision. *See* MTD Hr'g Tr. 31:2-7. Defendants raised the choice-of-law issue, even if briefly, and the Court resolved it based on the facts alleged and applicable law.

*Third*, Defendants' previous choice-of-law argument is not the argument they now advance. In their Reply, they asserted that "Delaware and Cayman law applies to this analysis under the internal affairs doctrine," citing *Shaffer v. Heitner* and *Volvo Construction Equipment Rents, Inc. v. NRL Rentals, LLC*. Defs.' Reply at 2. The MTD Order considered and rejected that contention. As the Court explained, Defendants' reliance on *Shaffer* was misplaced because that case "addressed only 'the liabilities of officers or directors to the corporation and its stockholders,'" whereas Plaintiffs "are not pursuing a derivative action on behalf of any corporation or its stockholders but are instead seeking to hold defendants directly liable for the harm caused to putative class members." MTD Order at 6 n.2 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 215 n.44 (1977). An argument the Court expressly rejected is not one it failed to consider.

Indeed, Defendants now assert new arguments that could have been raised before:

- that federal common law choice-of-law rules govern because jurisdiction rests on 28 U.S.C. §1331;
- that federal common law follows the Restatement (Second) of Conflict of Laws;
- that §17708.01 of the California Corporations Code independently requires application of Delaware law to Jump Trading, LLC and Jump Crypto Holdings LLC;
- that California's governmental interest test requires application of Cayman law; and
- that *Schwarzkopf*'s statement of the forum-law rule should be discounted. Defs.' Br. at 9-13.

Through briefing and oral argument on the MTD, Defendants cited none of the authorities they now include as supporting their belated contention. But Local Rule 7-9 prohibits parties from re-arguing their position wholesale simply because they are dissatisfied with the court's ruling. *See Lopez v. United States*, 2024 WL 4752131, at *3 (a party "cannot use a motion for reconsideration to get a 'second bite' at something [they] could and should have put before the court in the first instance"). Ultimately, Defendants face a fatal problem with the choice-of-law argument regardless of how it is characterized. If their federal-common-law framework—invoking the Restatement (Second) of Conflict of Laws, California Corporations Code §17708.01, and a governmental interest analysis—is a new argument, it cannot be a basis for reconsideration. And if it is a more developed version of the *Shaffer* / *Volvo* argument, this Court already considered and rejected that argument, providing no avenue for reconsideration. *See* Local Rule 7-9(c); *Gatlin v. Contra Costa Cnty.*, 796 F. Supp. 3d 622, 626 (N.D. Cal. 2025) (argument raised "in less detail" and rejected cannot be relitigated on reconsideration). For that additional reason, Local Rule 7-9 prohibits reconsideration.

**3. Defendants' Remaining Alter-Ego Arguments Rehash Points Already Made**

Last, the Motion also asks the Court to "revisit" its holding that Plaintiffs adequately pleaded unity of interest. Defs.' Br. at 15. Defendants do not contend the Court overlooked these allegations, arguing instead that the Court weighed them incorrectly. *Id.* Whichever way Defendants characterize that argument, it fails: If Defendants previously argued unity of interest, Local Rule 7-

9(c) forbids repeating it. Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered"). If they did not argue it until this Motion, then it is a new argument that cannot establish a "manifest failure" to consider anything "presented to the Court." Civ. L.R. 7-9(b)(3).

In any event, the Court supported its ruling that Plaintiffs adequately alleged that Jump Crypto is "controlled by the same managing members as Jump Trading," that TMSL is a "wholly owned subsidiary of Jump Crypto" that operated as a "unit and/or division of Jump," that all three entities "shared the same address," and that TMSL used "legal@jumptrading.com" as its legal contact. *See* MTD Order at 6. The Court held that "[t]aken together, these allegations are enough to meet Rule 9(b)'s pleading standard," noting that alter ego status is a "peculiarly factual issue." *Id.* (quoting *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1284 (1994)).[5] Defendants' attempt to have the Court reweigh arguments it already carefully considered is thus impermissible under Rule 7-9(c).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion. In the alternative, if this Court grants leave on any ground, Plaintiffs request an opportunity to respond on the merits before the Court rules. *See* Order, *Leventhal v. Chegg, Inc.*, No. 21-cv-09953-PCP, (N.D. Cal. Apr. 29, 2024) ECF No. 158 (Court granted leave, accepted the filing as the motion for reconsideration, and directed plaintiffs to file a response to the motion).

DATED: September 29, 2026 **THE ROSEN LAW FIRM, P.A.**

/s/ *Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
Pronouns: he/him/his
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

[5] The Court's group-pleading ruling also drew on the principle that collective allegations may describe "multiple defendants who are alleged to have engaged in precisely the same conduct." MTD Order at 7 (quoting *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016)). The Complaint alleges exactly that: the Jump Entities acted together, through the same personnel, in the same transactions. *See, e.g.*, MTD Order at 6.

Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Jacob A. Goldberg (*pro hac vice*)
Pronouns: he/him/his
Michael Cohen (*pro hac vice*)
Pronouns: he/him/his
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: jgoldberg@rosenlegal.com
mcohen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Putative Class*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

John T. Jasnoch (CA 281605)
Email: jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565

Sean T. Masson (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-223-6444
Email: smasson@scott-scott.com

*Additional Counsel for Plaintiffs*