KOBRE & KIM LLP
Jonathan D. Cogan (admitted *pro hac vice*)
Steven W. Perlstein (admitted *pro hac vice*)
800 Third Avenue
New York, NY 10022
Tel.: +1 212 488 1200
jonathan.cogan@kobrekim.com
steven.perlstein@kobrekim.com

Daniel A. Zaheer (SBN 237118)
150 California Street, 19th Floor
San Francisco, CA 94111
Tel.: +1 415 582 4751
daniel.zaheer@kobrekim.com

[Additional Counsel on Signature Page]

*Attorneys for Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK PATTERSON, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>JUMP TRADING LLC, JUMP CRYPTO HOLDINGS LLC, TAI MO SHAN LTD., KANAV KARIYA, AND WILLIAM DISOMMA,<br><br>Defendants. | Case No. 5:22-cv-03600-PCP<br><br>**DEFENDANTS JUMP TRADING, LLC, JUMP CRYPTO HOLDINGS LLC, AND TAI MO SHAN LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>Honorable P. Casey Pitts |

Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited ("TMSL") (together, the "Jump Entities") assert the following answers and affirmative defenses ("Answer") to Plaintiffs' Fourth Amended Class Action Complaint (ECF No. 176, "FAC"), dated October 31, 2025, upon knowledge with respect to themselves and their own acts and upon information and belief with respect to all other matters. Except as hereinafter expressly admitted, qualified, or otherwise answered, the Jump Entities deny each and every allegation and assertion set forth in the FAC. The Jump Entities deny that headings, subheadings, and footnotes in the FAC are allegations to which a response is required. To the extent a response is required, the Jump Entities deny all allegations in the headings, subheadings, and footnotes in the FAC, except as hereinafter expressly admitted, qualified, or otherwise answered. The Jump Entities further deny all the allegations in the documents incorporated by reference in the FAC to the extent those documents contain allegations, except as hereinafter expressly admitted, qualified, or otherwise answered. By acknowledging the existence of or referring the Court to certain documents, the Jump Entities make no admission as to the truth of their contents or factual or legal relevance in this matter and reserve all rights (and do not waive any) to argue that they are objectionable and/or inadmissible on any ground.

The Jump Entities specifically incorporate into each response a denial of all allegations concerning their purported participation in the alleged scheme and securities violations described in the FAC. Where allegations concern "Defendants" or other individuals or entities other than the Jump Entities, the Jump Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations as to other individuals or entities other than the Jump Entities, except as hereinafter expressly admitted, qualified, or otherwise answered.

The Jump Entities reserve the right to amend or supplement their Answer at any time. The Jump Entities further respond to the specific allegations in the FAC as follows:

1. The allegations in Paragraph 1 state legal conclusions and are a characterization of the action, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

2. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that, in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. The Jump Entities deny the remaining allegations in this paragraph.

3. The allegations in Paragraph 3 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

4. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

5. To the extent Paragraph 5 references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

6. To the extent Paragraph 6 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

7. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the trial record and deposition testimony in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record and testimony for their contents and aver that the trial record and testimony speak for themselves. The Jump Entities deny any characterization of the trial record and testimony that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

8. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

9. In response to the allegations in Paragraph 9, the Jump Entities state that the price of UST fell below $1 in May 2021. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

10. The allegations in Paragraph 10 state legal conclusions, to which no response is required. The Jump Entities state that TMSL purchased UST in May 2021, including while its price was below $1. The Jump Entities deny the remaining allegations in this paragraph.

11. The allegations in Paragraph 11 state legal conclusions, to which no response is required. The Jump Entities deny the remaining allegations in this paragraph.

12. The allegations in Paragraph 12 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that the price of UST fell below $1 in May 2022. The Jump Entities deny the remaining allegations in this paragraph.

13. To the extent Paragraph 13 references deposition testimony in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

14. In response to the allegations in Paragraph 14, the Jump Entities state that Jump Trading Group, which is not a legal entity, is a group of affiliated independent entities, which includes Jump Trading, LLC, Jump Crypto Holdings LLC, and TMSL, and that certain entities in Jump Trading Group engage in algorithmic trading across a variety of assets, including digital assets. To the extent this paragraph references briefing in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that briefing for its contents and aver that the briefing speaks for itself. The Jump Entities deny any characterization of the briefing that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph. The Jump Entities deny the remaining allegations in this paragraph.

15. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

16. To the extent Paragraph 16 references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms. The Jump entities deny the remaining allegations in this paragraph.

17. To the extent Paragraph 17 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

18. To the extent Paragraph 18 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

19. To the extent Paragraph 19 references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

20. To the extent Paragraph 20 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

21. To the extent Paragraph 21 references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

22. To the extent Paragraph 22 references the record and indictment in *United States v. Kwon*, the Jump Entities respectfully refer the Court to that record and indictment for their contents and aver that the record and indictment speak for themselves. The Jump Entities deny any characterization of the record and indictment that is inconsistent with their actual terms. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

23. To the extent Paragraph 23 references the Superseding Indictment against Mr. Kwon in *United States v. Kwon*, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

24. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the record in *United States v. Kwon*, the Jump Entities respectfully refer the Court to that record for its contents and aver that the record speaks for itself. The Jump Entities deny any characterization of the record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

25. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 that are related to persons or entities other than the Jump

Entities and therefore deny them. To the extent this paragraph references the sentencing allocution in *United States v. Kwon*, the Jump Entities respectfully refer the Court to the allocution for its contents and aver that the allocution speaks for itself. The Jump Entities deny any characterization of the allocution that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

26. In response to the allegations in Paragraph 26, the Jump Entities state that the SEC entered into a cease-and-desist order with TMSL ("SEC C&D Order"), respectfully refer the Court to the SEC C&D Order for its contents, and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities state that TMSL is an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. The Jump Entities deny the remaining allegations in this paragraph.

27. To the extent Paragraph 27 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

28. To the extent Paragraph 28 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

29. The allegations in Paragraph 29 state legal conclusions, to which no response is required. The Jump Entities deny the remaining allegations in this paragraph.

30. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump

Entities and therefore deny them. To the extent this paragraph references Lead Plaintiff Tobias's PSLRA certification, the Jump Entities respectfully refer the Court to that certification for its contents and aver that the certification speaks for itself. The Jump Entities deny any characterization of the certification that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

31. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references Plaintiff Patterson's PSLRA certification, the Jump Entities respectfully refer the Court to that certification for its contents and aver that the certification speaks for itself. The Jump Entities deny any characterization of the certification that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

32. In response to Paragraph 32, the Jump Entities state that Jump Trading, LLC is a limited liability company organized in Delaware and is a registered broker-dealer with the SEC and is a member of various exchanges. The Jump Entities further state that Jump Trading, LLC has an office at 600 West Chicago Avenue, Suite 600, in Chicago, Illinois. The Jump Entities state that Jump Trading, LLC is a part of Jump Trading Group. The Jump Entities deny the remaining allegations in this paragraph.

33. In response to Paragraph 33, the Jump Entities state that Jump Crypto Holdings LLC is a limited liability company organized in Delaware. The Jump Entities state that Jump Crypto Holdings LLC is a holding company that does not trade cryptocurrencies and is a part of Jump Trading Group. The Jump Entities further state that Jump Crypto Holdings LLC is not the business unit *Jump Crypto* announced on September 14, 2021. To the extent this paragraph references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph. The Jump Entities deny the remaining allegations in this paragraph.

34. In response to the allegations in Paragraph 34, the Jump Entities state that TMSL is an entity organized in the Cayman Islands that is an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. The Jump Entities deny the remaining allegations in this paragraph.

35. To the extent Paragraph 35 references Mr. Kariya's LinkedIn profile, the Jump Entities respectfully refer the Court to that profile for its contents and aver that the profile speaks for itself. The Jump Entities deny any characterization of the profile that is inconsistent with its actual terms. The Jump Entities state that Mr. Kariya was employed first by Jump Operations, LLC and then by Prairie Operations LLC and his title was first Algorithmic Trader and then Director of Strategic Initiatives, Digital Assets. The Jump Entities further state that while Mr. Kariya was also President of the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group known as Jump Crypto, he was not President of Jump Crypto Holdings LLC, which Plaintiffs define as *Jump Crypto*. The Jump Entities state that Mr. Kariya's role included interacting with others in the crypto community and that he communicated with Mr. Kwon during the UST depeg in May 2021. The Jump Entities deny the remaining allegations in this paragraph.

36. In response to the allegations in Paragraph 36, the Jump Entities state that Mr. DiSomma is one of the founders of Jump Trading Group and one of the ultimate beneficial owners of Jump Trading, LLC. At times, including May 2021, Mr. DiSomma made certain decisions concerning trading of UST by TMSL. The Jump Entities deny the remaining allegations in this paragraph.

37. The allegations in Paragraph 37 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Jump Entities deny the remaining allegations in this paragraph.

38. The allegations in Paragraph 38 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that they do not dispute that this Court may exercise personal jurisdiction over them for this case alone. The Jump Entities deny the remaining allegations in this paragraph.

39. To the extent Paragraph 39 references the transfer motion in *Kim v. Jump Trading*, the Jump Entities respectfully refer the Court to that motion for its contents and aver that the motion speaks for itself. The Jump Entities deny any characterization of the motion that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

40. The allegations in Paragraph 40 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

41. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references certain loan agreements, the Jump Entities respectfully refer the Court to those loan agreements for their contents and aver that the loan agreements speak for themselves. The Jump Entities deny any characterization of the loan agreements that is inconsistent with their actual terms. The Jump Entities deny the remaining allegations in this paragraph

42. The allegations in Paragraph 42 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that they do not contest venue in this court for this case alone and deny the remaining allegations in this paragraph.

43. In response to the allegations in Paragraph 43, the Jump Entities state that Jump Trading Group is a group of affiliated independent entities, which includes Jump Trading, LLC, Jump Crypto Holdings LLC, and TMSL, and that certain entities within Jump Trading Group conduct algorithmic trading. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

44. In response to the allegations in Paragraph 44, the Jump Entities state that certain entities in Jump Trading Group were trading digital assets by at least 2017. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this

paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

45. To the extent Paragraph 45 references articles from Crain's Chicago Business and CoinDesk, the Jump Entities respectfully refer the Court to those articles for their contents and aver that the articles speak for themselves. The Jump Entities deny any characterization of the articles that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

46. To the extent Paragraph 46 references a CoinDesk article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

47. In response to the allegations in Paragraph 47, the Jump Entities state that there was a hack of Wormhole in 2022. To the extent this paragraph references a CoinDesk article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

48. In response to the allegations in Paragraph 48, the Jump Entities state that there was a hack of Wormhole in 2022, following which one or more entities within Jump Trading Group deposited their own digital assets into Wormhole to replace the assets stolen by the hacker. To the extent this paragraph references tweets, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump Entities deny any characterization of the tweets that is inconsistent with their actual terms and deny the remaining allegations in this paragraph.

49. To the extent Paragraph 49 references the NYSE Chicago settlement order, the Jump Entities respectfully refer the Court to that order for its contents and aver that the order speaks for itself. The Jump Entities deny any characterization of the order that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

50. To the extent Paragraph 50 references an article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities

deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

51. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references exhibits in the Sam Bankman-Fried criminal trial, the Jump Entities respectfully refer the Court to those exhibits for their contents and aver that the exhibits speak for themselves. The Jump Entities deny any characterization of the exhibits that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

52. The Jump Entities deny the allegations in Paragraph 52.

53. The Jump Entities deny the allegations in Paragraph 53.

54. To the extent Paragraph 54 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

55. To the extent Paragraph 55 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

56. To the extent Paragraph 56 references a loan agreement between TMSL and TFL, the Jump Entities respectfully refer the Court to that agreement for its contents and aver that the agreement speaks for itself. The Jump Entities deny any characterization of the agreement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

57. To the extent Paragraph 57 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

58. To the extent Paragraph 58 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

59. To the extent Paragraph 59 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

60. To the extent Paragraph 60 references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

61. To the extent Paragraph 61 references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

62. The allegations in Paragraph 62 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

63. To the extent Paragraph 63 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

64. To the extent Paragraph 64 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D

Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

65. To the extent Paragraph 65 references the SEC's complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

66. To the extent Paragraph 66 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

67. To the extent Paragraph 67 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

68. To the extent Paragraph 68 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

69. To the extent Paragraph 69 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

70. To the extent Paragraph 70 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

71. To the extent Paragraph 71 references an email, the Jump Entities respectfully refer the Court to that email for its contents and aver that the email speaks for itself. The Jump Entities deny any characterization of the email that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

72. The allegations in Paragraph 72 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

73. To the extent Paragraph 73 references a loan agreement for MIR tokens, the Jump Entities respectfully refer the Court to that agreement for its contents and aver that the agreement speaks for itself. The Jump Entities deny any characterization of the agreement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

74. To the extent Paragraph 74 references deposition testimony in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

75. In response to the allegations in Paragraph 75, the Jump Entities state that Jump Crypto is not a legal entity but rather the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group that creates and deploys research-driven proprietary trading and investment strategies in various digital asset markets. To the extent this paragraph references tweets, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump Entities deny any characterization of the tweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

76. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a declaration in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that declaration for its contents and aver that the declaration speaks for itself. The Jump Entities deny any characterization of the declaration that is inconsistent with its actual terms and denies the remaining allegations in this paragraph.

77. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore deny them.

78. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references an article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and denies the remaining allegations in this paragraph.

79. To the extent Paragraph 79 references Judge Rakoff's summary judgment ruling and the jury verdict in *SEC v. TFL*, the Jump Entities respectfully refer the Court to the ruling and verdict for their contents and aver that the ruling and verdict speak for themselves. The Jump Entities deny any characterization of the ruling and verdict that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

80. The Jump Entities admit the allegations in Paragraph 80.

81. To the extent Paragraph 81 references an SEC press release, the Jump Entities respectfully refer the Court to that press release for its contents and aver that the press release speaks for itself. The Jump Entities deny any characterization of the press release that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

82. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a New York Times article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

83. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references an article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for

itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and denies the remaining allegations in this paragraph.

84. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that Mr. Kwon was indicted by the DOJ. To the extent this paragraph references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

85. To the extent Paragraph 85 references Mr. Kwon's plea, the Jump Entities respectfully refer the Court to that plea for its contents and aver that the plea speaks for itself. The Jump Entities deny any characterization of the plea that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

86. To the extent Paragraph 86 references Mr. Kwon's plea, the Jump Entities respectfully refer the Court to that plea for its contents and aver that the plea speaks for itself. The Jump Entities deny any characterization of the plea that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

87. To the extent Paragraph 87 references statements made by Mr. Kwon in his plea, the Jump Entities respectfully refer the Court to those statements for their contents and aver that those statements speak for themselves. The Jump Entities deny any characterization of the statements that is inconsistent with their terms and otherwise deny the allegations in this paragraph.

88. To the extent Paragraph 88 references the descriptions of tokens provided in white papers, the Jump Entities respectfully refer the Court to those white papers for their contents and aver that the white papers speak for themselves. The Jump Entities deny any characterization of the white papers that are inconsistent with their actual terms. The Jump Entities state that LUNA was a native TFL token launched in or around April 2019 and that LUNA and UST could be exchanged through a smart contract; that aUST was a token provided in return for depositing UST tokens into the

Anchor Protocol; and that MIR was a governance token for the Mirror Protocol. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

89. In response to the allegations in Paragraph 89, the Jump Entities state that cryptocurrency markets can be volatile. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

90. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that TerraUSD ("UST") was an algorithmic stablecoin designed to maintain a $1 value that operated as a pair with LUNA through a smart contract that allowed traders to swap UST for LUNA and vice versa. The Jump Entities further state that UST is described by its publicly available white paper and respectfully refer the Court to that white paper for its contents. The Jump Entities otherwise deny the allegations in this paragraph.

91. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 that are related to persons or entities other than the Jump Entities and therefore deny them. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that mirrored assets are described by their publicly available white paper and respectfully refer the Court to that white paper for its contents. To the extent this paragraph references TFL's website, the Jump Entities respectfully refer the Court to that website for its contents and aver that the website speaks for itself. The Jump Entities deny any characterization of the website that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

92. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 that are related to persons or entities other than the Jump Entities and therefore deny them. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that mirrored

assets are described by their publicly available white paper and respectfully refer the Court to that white paper for its contents. The Jump Entities otherwise deny the allegations in this paragraph.

93. The allegations in Paragraph 93 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that, in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. The Jump Entities further state that while the price of UST was below $1 in May 2021, TMSL purchased UST. The Jump Entities deny the remaining allegations in this paragraph.

94. To the extent Paragraph 94 references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

95. The allegations in Paragraph 95 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

96. In response to the allegations in Paragraph 96, the Jump Entities state that in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. The Jump Entities further state that Mr. Kariya's Signal records reflect five Signal calls with Mr. Kwon on May 23, 2021. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the complaint and briefing in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint and briefing for their contents and aver that the complaint and briefing speak for themselves. The Jump Entities deny any characterization of the complaint and briefing that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

97. The allegations in Paragraph 97 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that TMSL purchased UST between May 23 and May 27, 2021. To the extent this paragraph references Mr. Kariya's call log, the Jump Entities respectfully refer the Court to that call log for its contents and aver that the call log speaks

for itself. The Jump Entities deny any characterization of the call log that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

98. To the extent Paragraph 98 references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

99. To the extent Paragraph 99 references deposition testimony in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

100. To the extent Paragraph 100 references deposition testimony in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

101. To the extent Paragraph 101 references briefing in *SEC v. TFL* and the amended loan agreement between TMSL and TFL, the Jump Entities respectfully refer the Court to that briefing and agreement for their contents and aver that the briefing and agreement speak for themselves. The Jump Entities deny any characterization of the briefing and agreement that is inconsistent with their actual terms. The Jump Entities deny the remaining allegations in this paragraph.

102. To the extent Paragraph 102 references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

103. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that

the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

104. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a chat, the Jump Entities respectfully refer the Court to that chat for its contents and aver that the chat speaks for itself. The Jump Entities deny any characterization of the chat that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

105. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a Terraform employee resource manual, the Jump Entities respectfully refer the Court to that manual for its contents and aver that the manual speaks for itself. The Jump Entities deny any characterization of the manual that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

106. To the extent Paragraph 106 references the trial record in *SEC v. TFL* and a Jump slack chat, the Jump Entities respectfully refer the Court to the trial record and slack chat for their contents and aver that the trial record and slack chat speak for themselves. The Jump Entities deny any characterization of the trial record or slack chat that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

107. To the extent Paragraph 107 references a slack chat, the Jump Entities respectfully refer the Court to that slack chat for its contents and aver that the slack chat speaks for itself. The Jump Entities deny any characterization of the slack chat that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

108. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references text messages and the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to those messages and record for their contents and aver that the messages and record speak for themselves. The Jump Entities

deny any characterization of the messages and record that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

109. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the trial record in *SEC v. TFL* and a tweet from Terraform, the Jump Entities respectfully refer the Court to the trial record and the tweet for their contents and aver that the trial record and tweet speak for themselves. The Jump Entities deny any characterization of the trial record and tweet that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

110. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

111. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references chat messages, the Jump Entities respectfully refer the Court to those messages for their contents and aver that the messages speak for themselves. The Jump Entities deny any characterization of the messages that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

112. To the extent Paragraph 112 references Judge Rakoff's summary judgment ruling and a declaration in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling and declaration for their contents and aver that the ruling and declaration speak for themselves. The Jump Entities deny any characterization of the ruling and declaration that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

113. To the extent Paragraph 113 references briefing in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that briefing for its contents and aver that the briefing speaks for

itself. The Jump Entities deny any characterization of the briefing that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

114. To the extent Paragraph 114 references chat messages, the Jump Entities respectfully refer the Court to those messages for their contents and aver that the messages speak for themselves. The Jump Entities deny any characterization of the messages that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

115. To the extent Paragraph 115 references declarations in *SEC v. TFL*, the Jump Entities respectfully refer the Court to those declarations for their contents and aver that the declarations speak for themselves. The Jump Entities deny any characterization of the declarations that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

116. To the extent Paragraph 116 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

117. The allegations in Paragraph 117 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

118. To the extent Paragraph 118 references Judge Rakoff's summary judgment ruling and Dr. Mizrach's expert opinion in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling and opinion for their contents and aver that the ruling and opinion speak for themselves. The Jump Entities deny any characterization of the ruling and opinion that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

119. To the extent Paragraph 119 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

120. To the extent Paragraph 120 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

121. To the extent Paragraph 121 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

122. To the extent Paragraph 122 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

123. To the extent Paragraph 123 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

124. The allegations in Paragraph 124 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities respectfully refer the Court to the referenced testimony in the *SEC v. TFL* trial for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

125. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

126. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

127. To the extent Paragraph 127 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

128. To the extent Paragraph 128 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

129. The allegations in Paragraph 129 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in the first two sentences of this paragraph. To the extent this paragraph references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

130. To the extent Paragraph 130 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

131. To the extent Paragraph 131 references a message from Mr. Kwon, the Jump Entities respectfully refer the Court to that message for its contents and aver that the message speaks for itself. The Jump Entities deny any characterization of the message that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

132. To the extent Paragraph 132 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

133. To the extent Paragraph 133 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

134. To the extent Paragraph 134 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

135. To the extent Paragraph 135 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

136. To the extent Paragraph 136 references the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that trial record for its contents and aver that the trial record speaks for itself. The Jump Entities deny any characterization of the trial record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

137. To the extent Paragraph 137 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

138. To the extent Paragraph 138 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

139. To the extent Paragraph 139 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

140. To the extent Paragraph 140 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

141. To the extent Paragraph 141 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

142. To the extent Paragraph 142 references the trial record in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that record for its contents and aver that the record speaks for itself. The Jump Entities deny any characterization of the record that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

143. To the extent Paragraph 143 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

144. To the extent Paragraph 144 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

145. To the extent Paragraph 145 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

146. To the extent Paragraph 146 references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

147. The allegations in Paragraph 147 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

148. The allegations in Paragraph 148 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

149. The allegations in Paragraph 149 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that certain entities within Jump Trading Group submitted occasional governance proposals regarding the Terra ecosystem and aver that the governance proposals speak for themselves. The Jump Entities deny any characterization of the governance proposals that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

150. The allegations in Paragraph 150 state legal conclusions, to which no response is required. To the extent this paragraph references a Signal chat, the Jump Entities respectfully refer the Court to that chat for its contents and aver that the chat speaks for itself. The Jump Entities deny any characterization of the chat that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

151. The allegations in Paragraph 151 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references statements made by others, the Jump Entities respectfully refer the Court to those statements for their contents and aver that the statements speak for themselves. The Jump Entities deny any characterization of the statements that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

152. The allegations in Paragraph 152 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny any implication that they controlled the content of TFL's statements. To the extent this paragraph references a tweet thread, the Jump Entities respectfully refer the Court to that thread for its contents and aver that the thread speaks for itself. The Jump Entities deny any characterization of the thread that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

153. To the extent Paragraph 153 references a tweet thread, the Jump Entities respectfully refer the Court to that thread for its contents and aver that the thread speaks for itself. The Jump Entities deny any characterization of the thread that is inconsistent with its actual terms. The allegations in this paragraph further state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

154. To the extent Paragraph 154 references document released by TFL, the Jump Entities respectfully refer the Court to that document for its contents and aver that the document speaks for itself. The Jump Entities deny any characterization of the document that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

155. The allegations in Paragraph 155 state legal conclusions, to which no response is required. To the extent this paragraph references a document, the Jump Entities respectfully refer the Court to that document for its contents and aver that the document speaks for itself. The Jump Entities deny any characterization of the document that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

156. The allegations in Paragraph 156 state legal conclusions, to which no response is required. To the extent this paragraph references emails, the Jump Entities respectfully refer the Court to those emails for their contents and aver that the emails speak for themselves. The Jump Entities deny any characterization of the emails that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

157. To the extent Paragraph 157 references emails, the Jump Entities respectfully refer the Court to those emails for their contents and aver that the emails speak for themselves. The Jump

Entities deny any characterization of the emails that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

158. The allegations in Paragraph 158 state legal conclusions, to which no response is required. To the extent this paragraph references a statement, the Jump Entities respectfully refer the Court to that statement for its contents and aver that the statement speaks for itself. The Jump Entities deny any characterization of the statement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

159. To the extent Paragraph 159 references an AMA with Mr. Kwon, the Jump Entities respectfully refer the Court to that AMA for its contents and aver that the AMA speaks for itself. The Jump Entities deny any characterization of the AMA that is inconsistent with its actual terms. The Jump Entities state that pursuant to a loan agreement TMSL received 4,800,000 LUNA tokens on or about September 11, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms, and otherwise deny the remaining allegations in this paragraph.

160. In response to Paragraph 160, the Jump Entities state that the "Jump Crypto" announcement on September 14, 2021 is not an announcement of a legal entity but rather the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group that creates and deploys research-driven proprietary trading and investment strategies in various digital asset markets. To the extent this paragraph references a tweet by TFL, a retweet by Mr. Kariya, and a blog post, the Jump Entities respectfully refer the Court to those tweets and blog post for their contents and aver that the tweets and blog post speak for themselves. The Jump Entities deny any characterization of the tweets and blog post that is inconsistent with their actual terms. The Jump Entities deny the remaining allegations in this paragraph.

161. The allegations in Paragraph 161 state legal conclusions, to which no response is required. To the extent this paragraph references tweets, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump

Entities deny any characterization of the tweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

162. To the extent Paragraph 162 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

163. The allegations in Paragraph 163 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

164. The allegations in Paragraph 164 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to a deleted tweet and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

165. In response to the allegations in Paragraph 165, the Jump Entities state that pursuant to a loan agreement TMSL received 1.2 million LUNA tokens on October 1, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

166. To the extent Paragraph 166 references an article published on Jump Capital's website, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

167. The allegations in Paragraph 167 state legal conclusions, to which no response is required. To the extent this paragraph references an article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

168. To the extent Paragraph 168 references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

169. The allegations in Paragraph 169 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

170. The allegations in Paragraph 170 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

171. The allegations in Paragraph 171 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet by @wormholecrypto and retweet by @jump_, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

172. In response to the allegations in Paragraph 172, the Jump Entities state that pursuant to a loan agreement TMSL received 1.2 million LUNA tokens on November 1, 2021. To the extent

this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

173. The allegations in Paragraph 173 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by @jump_, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

174. The allegations in Paragraph 174 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet by @wormholecrypto and retweet by @jump_, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump Entities deny any characterization of the tweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

175. To the extent Paragraph 175 references a retweet by @wormholecrypto and a retweet by @jump_, the Jump Entities respectfully refer the Court to those retweets for their contents and aver that the retweets speak for themselves. The Jump Entities deny any characterization of the retweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

176. The allegations in Paragraph 176 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

177. The allegations in Paragraph 177 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by @jump_, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for

itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

178. To the extent Paragraph 178 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

179. To the extent Paragraph 179 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

180. The allegations in Paragraph 180 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by @jump_, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

181. To the extent Paragraph 181 references a retweet by @jump_, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

182. In response to the allegations in Paragraph 182, the Jump Entities state that pursuant to a loan agreement TMSL received 1.2 million LUNA tokens on December 2, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

183. To the extent Paragraph 183 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for

itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

184. The allegations in Paragraph 184 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

185. The allegations in Paragraph 185 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

186. To the extent Paragraph 186 references a tweet and retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump Entities deny any characterization of the tweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

187. The allegations in Paragraph 187 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

188. In response to the allegations in Paragraph 188, the Jump Entities state that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on January 3, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

189. The allegations in Paragraph 189 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

190. The allegations in Paragraph 190 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

191. To the extent Paragraph 191 references an announcement related to the Luna Foundation Guard ("LFG"), the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms, deny that the announcement was made by "Jump," and otherwise deny the allegations in this paragraph.

192. The allegations in Paragraph 192 state legal conclusions, to which no response is required. To the extent this paragraph references the LFG announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

193. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the LFG announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and deny that the LFG made any statements "at the behest of Jump." The allegations in the footnotes to this paragraph state legal conclusions, to which no response is required. To the extent the footnote references the complaint in *SEC v. TFL*, the Jump

Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms. The Jump Entities otherwise deny the allegations in this paragraph.

194. To the extent Paragraph 194 references the LFG's website, the Jump Entities respectfully refer the Court to that website for its contents and aver that the website speaks for itself. The Jump Entities deny any characterization of the website that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

195. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the LFG announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

196. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the LFG announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

197. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the LFG announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

198. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the LFG announcement,

the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

199. To the extent Paragraph 199 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

200. The allegations in Paragraph 200 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

201. The allegations in Paragraph 201 state legal conclusions, to which no response is required. To the extent this paragraph references statements regarding the LFG, the Jump Entities respectfully refer the Court to those statements for their contents and aver that the statements speak for themselves. The Jump Entities deny any characterization of the statements that is inconsistent with their actual terms. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

202. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

203. To the extent Paragraph 203 references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny

any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

204. The allegations in Paragraph 204 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

205. In response to the allegations in Paragraph 205, the Jump Entities state that pursuant to a loan agreement TMSL received 1.2 million LUNA tokens on February 1, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

206. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references an announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

207. The allegations in Paragraph 207 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references retweets by Mr. Kariya, the Jump Entities respectfully refer the Court to those retweets for their contents and aver that the retweets speak for themselves. The Jump Entities deny any characterization of the retweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

208. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208 that are related to persons or entities other than the Jump

Entities and therefore deny them. To the extent this paragraph references a statement by Mr. Kwon, the Jump Entities respectfully refer the Court to that statement for its contents and aver that the statement speaks for itself. The Jump Entities deny any characterization of the statement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

209. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a press release, the Jump Entities respectfully refer the Court to that press release for its contents and aver that the press release speaks for itself. The Jump Entities deny any characterization of the press release that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

210. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references an announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

211. To the extent Paragraph 211 references a press release, the Jump Entities respectfully refer the Court to that press release for its contents and aver that the press release speaks for itself. The Jump Entities deny any characterization of the press release that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

212. The allegations in Paragraph 212 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

213. The allegations in Paragraph 213 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny

any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

214. To the extent Paragraph 214 references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

215. To the extent Paragraph 215 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

216. The allegations in Paragraph 216 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

217. In response to the allegations in Paragraph 217, the Jump Entities state that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on March 1, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

218. The allegations in Paragraph 218 state legal conclusions, to which no response is required. The Jump Entities state that a podcast series called the Ship Show was launched to discuss topics in cryptocurrency and that Eden hosted certain episodes of the podcast. To the extent this paragraph references the March 1, 2022 Ship Show podcast and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that podcast and ruling for their contents and aver that the podcast and ruling speak for themselves. The Jump Entities deny

any characterization of the podcast and ruling that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

219. To the extent Paragraph 219 references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

220. To the extent Paragraph 220 references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

221. To the extent Paragraph 221 references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

222. The allegations in Paragraph 222 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

223. The allegations in Paragraph 223 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

224. The allegations in Paragraph 224 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities

deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

225. The allegations in Paragraph 225 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

226. The allegations in Paragraph 226 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities state that one or more entities in Jump Trading Group hosted and produced the podcast, respectfully refer the Court to that podcast for its contents, and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

227. The allegations in Paragraph 227 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

228. The allegations in Paragraph 228 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that TMSL purchased UST between May 21, 2021, and May 27, 2021, and that at times, including May 2021, Mr. DiSomma made certain decisions concerning trading of UST by TMSL. To the extent this paragraph references an amended loan agreement between TMSL and TFL, the Jump Entities respectfully refer the Court to that agreement for its contents and aver that the agreement speaks for itself. The Jump

Entities deny any characterization of the agreement that is inconsistent with its actual terms. The Jump Entities deny the remaining allegations in this paragraph.

229. The allegations in Paragraph 229 state legal conclusions, to which no response is required. To the extent this paragraph references the complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

230. The allegations in Paragraph 230 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

231. The allegations in Paragraph 231 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

232. The allegations in Paragraph 232 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

233. To the extent Paragraph 233 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

234. To the extent Paragraph 234 references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

235. The allegations in Paragraph 235 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet by @jump_ and retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to those tweets for their contents and aver that the tweets speak for themselves. The Jump Entities deny any characterization of the tweets that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

236. The allegations in Paragraph 236 state legal conclusions, to which no response is required. To the extent this paragraph references an article on the business unit Jump Crypto's website, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

237. The allegations in Paragraph 237 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

238. To the extent Paragraph 238 references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

239. The allegations in Paragraph 239 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

240. The allegations in Paragraph 240 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for

itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

241. The allegations in Paragraph 241 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them.

242. To the extent Paragraph 242 references statements on a podcast by Mr. Kwon, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

243. The allegations in Paragraph 243 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

244. The allegations in Paragraph 244 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

245. In response to the allegations in Paragraph 245, the Jump Entities state that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on March 31, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks

for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

246. The allegations in Paragraph 246 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

247. The allegations in Paragraph 247 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

248. The allegations in Paragraph 248 state legal conclusions, to which no response is required. To the extent this paragraph references an LFG announcement, the Jump Entities respectfully refer the Court to that announcement for its contents and aver that the announcement speaks for itself. The Jump Entities deny any characterization of the announcement that is inconsistent with its actual terms. The Jump Entities state that Mr. Kariya spoke at the March 2022 Avalanche Summit. The Jump Entities deny the remaining allegations in this paragraph.

249. The allegations in Paragraph 249 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

250. The allegations in Paragraph 250 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

251. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 251 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references an interview with Mr. Kwon, the Jump Entities respectfully refer the Court to that interview for its contents and aver that the interview speaks for itself. The Jump Entities deny any characterization of the interview that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

252. The allegations in Paragraph 252 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

253. The allegations in Paragraph 253 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, the Jump Entities respectfully refer the Court to that podcast for its contents and aver that the podcast speaks for itself. The Jump Entities deny any characterization of the podcast that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

254. In response to the allegations in Paragraph 254, the Jump Entities state that pursuant to a loan agreement TMSL received 1.2 million LUNA tokens on May 4, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, the Jump Entities respectfully refer the Court to that pricing data for its contents and aver that the pricing data speaks for itself. The Jump Entities deny any characterization of the pricing data that is inconsistent with its actual terms and otherwise deny the remaining allegations in this paragraph.

255. The allegations in Paragraph 255 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, the Jump Entities respectfully refer the Court to that retweet for its contents and aver that the retweet speaks for itself. The Jump Entities deny any characterization of the retweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

256. In response to the allegations in Paragraph 256, the Jump Entities state that around May 9, 2022, the price of UST fell below $1 and ultimately did not recover. The Jump entities further state that the price of UST and LUNA eventually collapsed. The Jump Entities deny the remaining allegations in this paragraph.

257. The allegations in Paragraph 257 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that UST was an algorithmic stablecoin whose mechanism was described for the public in its publicly available white paper and other publicly available information. The Jump Entities deny the remaining allegations in this paragraph.

258. The allegations in Paragraph 258 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that around May 9, 2022, the price of UST fell below $1 and ultimately did not recover. The Jump Entities further state that the price of UST and LUNA eventually collapsed. The Jump Entities deny the remaining allegations in this paragraph.

259. The allegations in Paragraph 259 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that around May 9, 2022, the price of UST fell below $1 and ultimately did not recover. The Jump Entities further state that the price of UST and LUNA eventually collapsed. The Jump Entities respectfully refer to the Court to publicly available pricing records for UST and LUNA and otherwise deny the allegations in this paragraph.

260. To the extent Paragraph 260 references communications between Mr. Kwon and Mr. Kariya, the Jump Entities respectfully refer the Court to those communications for their contents and aver that the communications speak for themselves. The Jump Entities deny any characterization of the communications that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

261. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities state that on May 9, 2022, the price of UST fell below $1. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

262. In response to the allegations in Paragraph 262, the Jump Entities state that LUNA's price decreased between May 9, 2022, and May 12, 2022. To the extent this paragraph references a chart, the Jump Entities respectfully refer the Court to that chart for its contents and aver that the chart speaks for itself. The Jump Entities deny any characterization of the chart that is inconsistent with its actual terms. The Jump Entities respectfully refer to the Court to publicly available pricing records for LUNA and otherwise deny the allegations in this paragraph.

263. In response to the allegations in Paragraph 263, the Jump Entities state that the price of UST decreased between May 7, 2022, and May 25, 2022. The Jump Entities respectfully refer to the Court to publicly available pricing records for UST and otherwise deny the allegations in this paragraph.

264. To the extent Paragraph 264 references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

265. The allegations in Paragraph 265 state legal conclusions, to which no response is required. To the extent this paragraph references the amended loan agreement between TMSL and TFL, the Jump Entities respectfully refer the Court to that agreement for its contents and aver that the agreement speaks for itself. The Jump Entities deny any characterization of the agreement that is inconsistent with its actual terms. The Jump Entities deny that the modifications were agreed to

in May 2021 in exchange for restoration of the peg. The Jump Entities deny the remaining allegations in this paragraph.

266. To the extent Paragraph 266 references the amended loan agreement between TMSL and TFL and the trial record in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that agreement and trial record for their contents and aver that the agreement and trial record speak for themselves. The Jump Entities deny any characterization of the agreement and trial record that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

267. The allegations in Paragraph 267 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that TMSL profitably traded the LUNA it borrowed from TFL. The Jump Entities deny the remaining allegations in this paragraph.

268. To the extent Paragraph 268 references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

269. To the extent Paragraph 269 references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

270. To the extent Paragraph 270 references a Bloomberg article, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

271. To the extent Paragraph 271 references the Superseding Indictment against Mr. Kwon, the Jump Entities respectfully refer the Court to the Superseding Indictment for its contents and aver that the Superseding Indictment speaks for itself. The Jump Entities deny any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

272. In response to the allegations in Paragraph 272, the Jump Entities state that on December 20, 2024, the SEC announced the institution and settlement of cease-and-desist proceedings with TMSL, an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. To the extent this paragraph references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

273. To the extent Paragraph 273 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

274. To the extent Paragraph 274 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

275. To the extent Paragraph 275 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

276. To the extent Paragraph 276 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

277. To the extent Paragraph 277 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

278. To the extent Paragraph 278 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

279. To the extent Paragraph 279 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

280. To the extent Paragraph 280 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor

denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

281. To the extent Paragraph 281 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

282. To the extent Paragraph 282 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

283. To the extent Paragraph 283 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

284. To the extent Paragraph 284 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

285. To the extent Paragraph 285 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D

Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

286. To the extent Paragraph 286 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

287. To the extent Paragraph 287 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

288. The allegations in Paragraph 288 state legal conclusions, to which no response is required. To the extent this paragraph references statutes and case law, the Jump Entities respectfully refer the Court to those statutes and cases for their contents and aver that the statutes and cases speak for themselves. The Jump Entities deny any characterization of the statutes and cases that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

289. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 289 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL* and the SEC C&D Order, the Jump Entities respectfully refer the Court to that ruling and order for their contents and aver that the ruling and order speak for themselves. The Jump Entities deny any characterization of the ruling and order that is inconsistent with their actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

290. To the extent Paragraph 290 references the complaint and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint and ruling for their contents and aver that the complaint and ruling speak for themselves. The Jump Entities deny any characterization of the complaint and ruling that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

291. The allegations in Paragraph 291 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

292. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 292 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

293. The Jump Entities deny the first two sentences of Paragraph 293. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms. The Jump Entities deny the remaining allegations in this paragraph.

294. The allegations in Paragraph 294 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump

Entities and therefore deny them. To the extent this paragraph references the complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

295. The allegations in Paragraph 295 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references the complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that complaint for its contents and aver that the complaint speaks for itself. The Jump Entities deny any characterization of the complaint that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

296. The allegations in Paragraph 296 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

297. The allegations in Paragraph 297 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL* and the SEC C&D Order, the Jump Entities respectfully refer the Court to that ruling and order for their contents and aver that the ruling and order speak for themselves. The Jump Entities deny any characterization of the ruling and order that is inconsistent with their actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

298. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 298 that are related to persons or entities other than the Jump Entities and therefore deny them.

299. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

300. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

301. The allegations in Paragraph 301 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

302. The allegations in Paragraph 302 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

303. The allegations in Paragraph 303 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

304. The allegations in Paragraph 304 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them.

305. The allegations in Paragraph 305 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that unlocked LUNA was fungible. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

306. The allegations in Paragraph 306 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump

Entities and therefore deny them. To the extent this paragraph references a TFL announcement and presentations, the Jump Entities respectfully refer the Court to that announcement and those presentations for their contents and aver that the announcement and presentations speak for themselves. The Jump Entities deny any characterization of the announcement and presentations that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

307. The allegations in Paragraph 307 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that TMSL owned LUNA during the Class Period. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

308. The allegations in Paragraph 308 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

309. The allegations in Paragraph 309 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

310. The allegations in Paragraph 310 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

311. The allegations in Paragraph 311 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

312. The allegations in Paragraph 312 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

313. The allegations in Paragraph 313 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

314. The allegations in Paragraph 314 state legal conclusions, to which no response is required. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references a tweet, the Jump Entities respectfully refer the Court to that tweet for its contents and aver that the tweet speaks for itself. The Jump Entities deny any characterization of the tweet that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

315. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 315 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references communications, the Jump Entities respectfully refer the Court to those communications for their contents and aver that the communications speak for themselves. The Jump Entities deny any characterization of the communications that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

316. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 316 that are related to persons or entities other than the Jump

Entities and therefore deny them. To the extent this paragraph references a filing in another matter, the Jump Entities respectfully refer the Court to that filing for its contents and aver that the filing speaks for itself. The Jump Entities deny any characterization of the filing that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

317. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 317 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references materials from TFL, the Jump Entities respectfully refer the Court to those materials for their contents and aver that the materials speak for themselves. The Jump Entities deny any characterization of the materials that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

318. The allegations in Paragraph 318 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

319. The allegations in Paragraph 319 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references social media posts, the Jump Entities respectfully refer the Court to those posts for their contents and aver that the posts speak for themselves. The Jump Entities deny any characterization of the posts that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

320. The Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 320 that are related to persons or entities other than the Jump Entities and therefore deny them. To the extent this paragraph references "Community Updates" posts and emails from TFL, the Jump Entities respectfully refer the Court to those posts and emails for their contents and aver that the posts and emails speak for themselves. The Jump Entities deny

any characterization of the posts and emails that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

321. The allegations in Paragraph 321 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

322. The allegations in Paragraph 322 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

323. Paragraph 323 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

324. Paragraph 324 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

325. Paragraph 325 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

326. The allegations in Paragraph 326 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them.

327. The allegations in Paragraph 327 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

328. The allegations in Paragraph 328 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them.

329. The allegations in Paragraph 329 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information

sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them.

330. The allegations in Paragraph 330 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

331. The allegations in Paragraph 331 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

332. The allegations in Paragraph 332 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

333. The Jump Entities respond to Paragraph 333 by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein.

334. Paragraph 334 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

335. Paragraph 335 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

336. The allegations in Paragraph 336 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

337. The allegations in Paragraph 337 state legal conclusions, to which no response is required. To the extent this paragraph references statutes and rules, the Jump Entities respectfully

refer the Court to those statutes and rules for their contents and aver that the statutes and rules speak for themselves. The Jump Entities deny any characterization of the statutes and rules that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

338. The allegations in Paragraph 338 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

339. The allegations in Paragraph 339 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

340. The Jump Entities neither admit nor deny the allegations in Paragraphs 340(a)-(c) and 340(f)-(m) because they relate to a claim the Court has dismissed. To the extent a response is required, the Jump Entities respond that each paragraph states legal conclusions, to which no response is required. To the extent these paragraphs reference statements, the Jump Entities respectfully refer the Court to those statements for their contents and aver that the statements speak for themselves. The Jump Entities deny any characterization of the statements that is inconsistent with their actual terms. With regards to Paragraph 340(d), the Jump Entities respond that the allegations in that paragraph state legal conclusions, to which no response is required. To the extent Paragraph 340(d) references a blog post by the business unit Jump Crypto, the Jump Entities respectfully refer the Court to that blog post for its contents and aver that the blog post speaks for itself. The Jump Entities deny any characterization of the blog post that is inconsistent with its actual terms. With regards to Paragraph 340(e), the Jump Entities respond that the allegations in that paragraph state legal conclusions, to which no response is required. To the extent Paragraph 340(e) references an article on Jump Capital's website, the Jump Entities respectfully refer the Court to that article for its contents and aver that the article speaks for itself. The Jump Entities deny any characterization of the article that is inconsistent with its actual terms. The Jump Entites deny the remaining allegations in this paragraph.

341. The allegations in Paragraph 341 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

342. The allegations in Paragraph 342 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

343. The allegations in Paragraph 343 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

344. The allegations in Paragraph 344 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

345. The allegations in Paragraph 345 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

346. The allegations in Paragraph 346 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

347. The allegations in Paragraph 347 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

348. The allegations in Paragraph 348 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that Mr. Kariya's Signal records reflect five Signal calls with Mr. Kwon on May 23, 2021, and at times, including May 2021, Mr. DiSomma made certain decisions concerning trading of UST by TMSL. The Jump Entities deny the remaining allegations in this paragraph.

349. The allegations in Paragraph 349 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities lack knowledge or information

sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than the Jump Entities and therefore deny them. The Jump Entities deny the remaining allegations in this paragraph.

350. The allegations in Paragraph 350 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

351. The allegations in Paragraph 351 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

352. The allegations in Paragraph 352 state legal conclusions, to which no response is required. To the extent this paragraph references various announcements and articles, the Jump Entities respectfully refer the Court to those announcements and articles for their contents and aver that the announcements and articles speak for themselves. The Jump Entities deny any characterization of the announcements and articles that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph.

353. The allegations in Paragraph 353 state legal conclusions, to which no response is required. To the extent this paragraph references deposition testimony in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

354. The allegations in Paragraph 354 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

355. The allegations in Paragraph 355 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the remaining allegations in this paragraph.

356. The allegations in Paragraph 356 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

357. The allegations in Paragraph 357 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the remaining allegations in this paragraph.

358. The allegations in Paragraph 358 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that UST's and LUNA's prices decreased in May 2022. The Jump Entities respectfully refer the Court to publicly available pricing records for UST and LUNA and otherwise deny the allegations in this paragraph.

359. The allegations in Paragraph 359 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

360. The allegations in Paragraph 360 state legal conclusions, to which no response is required. To the extent this paragraph references testimony in the *SEC v. TFL* trial, the Jump Entities respectfully refer the Court to that testimony for its contents and aver that the testimony speaks for itself. The Jump Entities deny any characterization of the testimony that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

361. The allegations in Paragraph 361 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

362. The Jump Entities respond to Paragraph 362 by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein.

363. Paragraph 363 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

364. The allegations in Paragraph 364 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

365. The allegations in Paragraph 365 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that in May 2021 the price of UST fell below $1 before ultimately returning to approximately $1. The Jump Entities further state that while the price of UST was below $1 in May 2021, TMSL purchased UST. To the extent this paragraph quotes or references an unidentified source, the Jump Entities respectfully refer the Court to that document for its contents and aver that the document speaks for itself. The Jump Entities deny any characterization of the document that is inconsistent with its actual terms. The Jump Entities deny the remaining allegations in this paragraph.

366. The allegations in Paragraph 366 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

367. The allegations in Paragraph 367 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the remaining allegations in this paragraph.

368. The allegations in Paragraph 368 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the remaining allegations in this paragraph.

369. The allegations in Paragraph 369 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the remaining allegations in this paragraph.

370. The allegations in Paragraph 370 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

371. The Jump Entities respond to Paragraph 371 by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein.

372. Paragraph 372 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

373. The allegations in Paragraph 373 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

374. The allegations in Paragraph 374 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities state that in May 2021 the price of UST fell below $1 before ultimately returning to approximately $1. The Jump Entities further state that while the price of UST was below $1 in May 2021, TMSL purchased UST. To the extent this paragraph quotes or references an unidentified source, the Jump Entities respectfully refer the Court to that document for its contents and aver that the document speaks for itself. The Jump Entities deny any characterization of the document that is inconsistent with its actual terms. The Jump Entities deny the remaining allegations in this paragraph.

375. The allegations in Paragraph 375 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

376. The allegations in Paragraph 376 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

377. The allegations in Paragraph 377 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

378. The allegations in Paragraph 378 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the remaining allegations in this paragraph.

379. The allegations in Paragraph 379 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

380. The Jump Entities neither admit nor deny the allegations in Paragraph 380 because they relate to a claim not asserted against the Jump Entities.

381. The Jump Entities neither admit nor deny the allegations in Paragraph 381 because they relate to a claim not asserted against the Jump Entities.

382. The Jump Entities neither admit nor deny the allegations in Paragraph 382 because they relate to a claim not asserted against the Jump Entities.

383. The Jump Entities neither admit nor deny the allegations in Paragraph 383 because they relate to a claim not asserted against the Jump Entities.

384. The Jump Entities neither admit nor deny the allegations in Paragraph 384 because they relate to a claim not asserted against the Jump Entities.

385. The Jump Entities neither admit nor deny the allegations in Paragraph 385 because they relate to a claim not asserted against the Jump Entities.

386. To the extent the allegations in Paragraph 386 state a legal conclusion, no response is required. The Jump Entities respond to this paragraph by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein.

387. Paragraph 387 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

388. The allegations in Paragraph 388 state legal conclusions, to which no response is required. To the extent this paragraph references Section 5 of the Securities Act, the Jump Entities respectfully refer the Court to that statute for its contents and aver that the statute speaks for itself. The Jump Entities deny any characterization of the statute that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

389. The allegations in Paragraph 389 state legal conclusions, to which no response is required. To the extent this paragraph references Section 5 of the Securities Act, the Jump Entities respectfully refer the Court to that statute for its contents and aver that the statute speaks for itself. The Jump Entities deny any characterization of the statute that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

390. The allegations in Paragraph 390 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

391. To the extent Paragraph 391 references the SEC C&D Order, the Jump Entities respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. The Jump Entities deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities deny the remaining allegations in this paragraph.

392. The allegations in Paragraph 392 state legal conclusions, to which no response is required. To the extent this paragraph references the SEC C&D Order and complaint in *SEC v. TFL*, the Jump Entities respectfully refer the Court to the SEC C&D Order and complaint for their contents and aver that the SEC C&D Order and complaint speak for themselves. The Jump Entities deny any characterization of the SEC C&D Order and complaint that is inconsistent with their actual terms and otherwise deny the allegations in this paragraph. The Jump Entities further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. The Jump Entities state that TMSL entered into loan agreements with TFL entities. The Jump Entities deny the remaining allegations in this paragraph.

393. The allegations in Paragraph 393 state legal conclusions, to which no response is required. To the extent this paragraph references Section 12 of the Securities Act, the Jump Entities respectfully refer the Court to that statute for its contents and aver that the statute speaks for itself. The Jump Entities deny any characterization of the statute that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

394. The allegations in Paragraph 394 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

395. The allegations in Paragraph 395 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

396. To the extent the allegations in Paragraph 396 state a legal conclusion, no response is required. The Jump Entities respond to this paragraph by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein.

397. The Jump Entities neither admit nor deny the allegations in Paragraph 397 because they relate to a claim not asserted against the Jump Entities.

398. The Jump Entities neither admit nor deny the allegations in Paragraph 398 because they relate to a claim not asserted against the Jump Entities.

399. The Jump Entities neither admit nor deny the allegations in Paragraph 399 because they relate to a claim not asserted against the Jump Entities.

400. The Jump Entities neither admit nor deny the allegations in Paragraph 400 because they relate to a claim not asserted against the Jump Entities.

401. To the extent the allegations in Paragraph 401 state a legal conclusion, no response is required. Jump Trading, LLC and Jump Crypto Holdings LLC respond to this paragraph by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

402. Paragraph 402 is a characterization of the action to which no response is required. To the extent a response is required, Jump Trading, LLC and Jump Crypto Holdings LLC deny the allegations in this paragraph. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

403. In response to the allegations in Paragraph 403, Jump Trading, LLC and Jump Crypto Holdings LLC state that on December 20, 2024, the SEC announced the institution and settlement of cease-and-desist proceedings with TMSL, an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. Jump Trading, LLC and Jump Crypto Holdings LLC further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. To the extent this paragraph

references the SEC C&D Order, Jump Trading, LLC and Jump Crypto Holdings LLC respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

404. The allegations in Paragraph 404 state legal conclusions, to which no response is required. To the extent this paragraph references the SEC C&D Order, Jump Trading, LLC and Jump Crypto Holdings LLC respectfully refer the Court to the SEC C&D Order for its contents and aver that the SEC C&D Order speaks for itself. Jump Trading, LLC and Jump Crypto Holdings LLC deny any characterization of the SEC C&D Order that is inconsistent with its actual terms. Jump Trading, LLC and Jump Crypto Holdings LLC further state that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. Jump Trading, LLC and Jump Crypto Holdings LLC deny the remaining allegations in this paragraph. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

405. The allegations in Paragraph 405 state legal conclusions, to which no response is required. To the extent a response is required, Jump Trading, LLC and Jump Crypto Holdings LLC deny the allegations in this paragraph. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

406. The allegations in Paragraph 406 state legal conclusions, to which no response is required. To the extent a response is required, Jump Trading, LLC and Jump Crypto Holdings LLC deny the allegations in this paragraph. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

407. The allegations in Paragraph 407 state legal conclusions, to which no response is required. To the extent a response is required, Jump Trading, LLC and Jump Crypto Holdings LLC deny the allegations in this paragraph. TMSL neither admits nor denies the allegations in this paragraph because they relate to a claim not asserted against TMSL.

408. To the extent the allegations in Paragraph 408 state a legal conclusion, no response is required. The Jump Entities respond to this paragraph by incorporating and reasserting their responses to the preceding paragraphs as if fully set forth herein.

409. Paragraph 409 is a characterization of the action to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

410. The allegations in Paragraph 410 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, the Jump Entities respectfully refer the Court to that ruling for its contents and aver that the ruling speaks for itself. The Jump Entities deny any characterization of the ruling that is inconsistent with its actual terms and otherwise deny the allegations in this paragraph.

411. The allegations in Paragraph 411 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

412. The allegations in Paragraph 412 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

413. The allegations in Paragraph 413 state legal conclusions, to which no response is required. To the extent a response is required, the Jump Entities deny the allegations in this paragraph.

**PRAYER FOR RELIEF**

A. The Jump Entities deny the Prayer for Relief or that Plaintiffs are entitled to any relief.

B. The Jump Entities deny the Prayer for Relief or that Plaintiffs are entitled to any relief.

C. The Jump Entities deny the Prayer for Relief or that Plaintiffs are entitled to any relief.

D. The Jump Entities deny the Prayer for Relief or that Plaintiffs are entitled to any relief.

E. The Jump Entities deny the Prayer for Relief or that Plaintiffs are entitled to any relief.

F. The Jump Entities deny the Prayer for Relief or that Plaintiffs are entitled to any relief.

**JURY DEMAND**

The Jump Entities admit that Plaintiffs demand a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

The Jump Entities assert the following defenses, incorporate by reference the affirmative and other defenses of any other defendant in this case to the extent applicable to them, and reserve the right to assert other defenses or claims when and if they become appropriate and/or available in this Action, and hereby reserve all rights to amend and/or supplement any and all defenses set forth herein. The Jump Entities do not assume the burden to prove any of these defenses, or any element of any of them, where the law does not so require.

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because no alleged misrepresentation, omission, or manipulative or deceptive device by the Jump Entities was the but-for and/or proximate cause of Plaintiffs' alleged injuries.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because the injuries Plaintiffs or other purported class members sustained, if any, were caused by the actions or inactions of parties other than the Jump Entities, actions or inactions by parties outside the control of the Jump Entities, or economic events that were, likewise, outside the control of the Jump Entities. These actions, inactions, and events were intervening or superseding causes of Plaintiffs' and other purported class members' alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The Jump Entities are not liable because any decline in value of the alleged securities of which Plaintiffs complain was caused by external market factors.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because neither Terra Tokens, nor any of the transactions referenced in the FAC, were securities at any relevant time.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because they do not involve a domestic transaction in a security, including but not limited to, as required by *Morrison v. National Australia Bank*, 561 U.S. 247 (2010).

**SEVENTH AFFIRMATIVE DEFENSE**

The Jump Entities are not liable because they were not statutory sellers of Terra Tokens.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the Jump Entities did not omit or fail to state any material facts that were necessary in order to make any statement made by the Jump Entities not false or misleading.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, to the extent the Jump Entities disclosed certain information that Plaintiffs allege was omitted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because certain statements challenged by the FAC were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, and did not omit any material fact necessary to make the statements therein not misleading.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the truth-on-the-market doctrine, because the information they allege was concealed was already known by the public.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the statements complained of were, at the time they were made, believed by the speaker to be true.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because any alleged misrepresentations or omissions were immaterial as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the Jump Entities had no duty to disclose any allegedly omitted information.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Jump Entities are not liable because they did not breach any duties owed to Plaintiffs or other purported class members.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the Jump Entities lacked the requisite scienter at the time each alleged false or misleading statement or omission was made.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the FAC.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Terra Tokens did not trade in an efficient market such that they are not entitled to a presumption of reliance.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the alleged misstatements or omissions did not have any impact on the price for Terra Tokens.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs assumed the risks of their trading, and any losses were caused by materialization of some or all of those risks.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The Jump Entities are not liable because they did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of securities.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Terra Tokens did not trade at an artificial price.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

The Jump Entities are not liable because their trading did not cause Terra Tokens to trade at an artificial price.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

The Jump Entities are not liable because they did not have the intent to create an artificial price for UST or to send a false signal to the market regarding Terra Tokens price.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

The Jump Entities are not liable because they did not have the ability to create an artificial price for Terra Tokens.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the applicable statutes of limitations and/or repose.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

The Jump Entities are not liable for the actions of TFL, Do Kwon, or the LFG because they were not control persons of TFL, Do Kwon, or the LFG.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

Jump Trading, LLC and Jump Crypto Holdings LLC are not liable for TMSL's actions because they are not control persons of TMSL.

**THIRTIETH AFFIRMATIVE DEFENSE**

The Jump Entities are entitled to recover contribution and/or indemnification from others for any liability they incur and reserve the right to do so at the appropriate time.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, to the extent that the damages Plaintiffs seek are in excess of those permitted by relevant law.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

Because the claimed injury and damages flow from consequences which Plaintiffs and other purported class members could have reasonably avoided, Plaintiffs' claims are barred in whole, or in part, by their failure to mitigate.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

Any liability of the Jump Entities must be reduced or eliminated under the doctrines of comparative responsibility, contribution, setoff, and/or indemnity.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the principles of waiver and/or estoppel and by the doctrine of unclean hands, *in pari delicto*, and/or other related equitable doctrines.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are improperly in this Court because there is a valid and enforceable arbitration agreement that applies to this dispute.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' and class members' claims are barred to the extent their purchases came before the challenged statements or conduct, or after the alleged truth was disclosed.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

Each Jump Entity is a separate legal entity. No Jump Entity is liable for the acts, statements, or omissions of any person or other entity, whether on an alter-ego, agency, single-enterprise, veil-piercing, control person, or similar theory, including but not limited to because each Jump Entity acted in good faith and did not directly or indirectly induce the act or acts constituting the violation.

Dated: October 7, 2026

Respectfully submitted,

KOBRE & KIM LLP

/s/ *Jonathan D. Cogan*

Jonathan D. Cogan (admitted *pro hac vice*)
Steven W. Perlstein (admitted *pro hac vice*)
Igor Margulyan (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Tel.: +1 212 488 1206
Fax: +1 212 488 1231
jonathan.cogan@kobrekim.com
steven.perlstein@kobrekim.com
igor.margulyan@kobrekim.com

Daniel Zaheer (Bar ID 237118)
150 California Street, 19th Floor
San Francisco, California 94111
Tel.: +1 415 582 4751
Fax: +1 415 582 4811
daniel.zaheer@kobrekim.com

Erika L. Berman (admitted *pro hac vice*)
1919 M Street NW
Washington, DC 20036
Tel.: +1 202 664 1965
Fax: +1 202 664 1920
erika.berman@kobrekim.com

*Attorneys for Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, and Tai Mo Shan Limited*