**ZUCKERMAN SPAEDER LLP**
Aitan D. Goelman (admitted *pro hac vice*; D.C. Bar No. 44636)
Miles R. Clark (admitted *pro hac vice*; D.C. Bar No. 489388)
Christopher R. MacColl (admitted *pro hac vice*; D.C. Bar No. 1049153)
J. Benjamin Jernigan (admitted *pro hac vice*; D.C. Bar No. 90008695)
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8106
agoelman@zuckerman.com
mclark@zuckerman.com
cmaccoll@zuckerman.com
bjernigan@zuckerman.com

**KOBRE & KIM LLP**
Daniel A. Zaheer (Bar No. 237118)
150 California Street, 19th Floor
San Francisco, CA 94111
Tel: (415) 582-4800
daniel.zaheer@kobrekim.com

*Attorneys for Defendant Kanav Kariya*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JUMP TRADING LLC, JUMP CRYPTO HOLDINGS LLC, TAI MO SHAN LTD., KANAV KARIYA, and WILLIAM DISOMMA,<br><br>Defendants. | Case No. 5:22-cv-03600-PCP<br><br>**DEFENDANT KANAV KARIYA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL**<br><br>Honorable P. Casey Pitts |

Defendant Kanav Kariya provides his answer and affirmative defenses to Plaintiffs' Fourth Amended Class Action Complaint ("Complaint"), ECF No. 176, as follows.

**ANSWER**

Kariya submits this Answer on behalf of himself only, including with respect to allegations made against "Defendants" as a group, however described. Any allegation or averment not expressly admitted by Kariya is denied in its entirety. To the extent the headings, sub-headings, table of contents, and footnotes of the Complaint are considered allegations, they are denied in their entirety. Kariya specifically denies any liability. Kariya reserves the right to amend or supplement his Answer as may be appropriate or necessary.

To the extent a response to the unnumbered paragraph preceding the "Nature of the Case" heading is required, the Complaint speaks for itself. Otherwise, denied.

1. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Complaint speaks for itself. Otherwise, denied.

2. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Admitted that in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. Admitted that Kariya was formerly employed by Jump Operations, LLC. Otherwise, denied.

3. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

4. Denied.

5. The referenced trial record speaks for itself. The verdict speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

6. The referenced order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. To the extent Plaintiffs purport to incorporate by reference the SEC's complaint, the summary judgment order, or any other document, those documents speak for themselves, and Kariya denies each allegation therein to the extent it is asserted against him. The purported

description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

7. Admitted that Kariya, on the advice of counsel, invoked his Fifth Amendment rights in response to questions posed by the SEC in discovery in the referenced litigation. The trial and discovery transcript/records speak for themselves. Kariya denies that any adverse inference is warranted. Without knowledge or information sufficient to form a belief as to the allegations concerning DiSomma, therefore denied. Otherwise, denied.

8. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

9. Admitted that, in May 2021, the price of UST fell below $1. Otherwise, denied.

10. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

11. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

12. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Admitted that, in May 2022, the price of UST fell below $1. Otherwise, denied.

13. Admitted that Kariya, on the advice of counsel, invoked his Fifth Amendment rights in response to questions posed by the SEC in discovery in the referenced litigation. The referenced testimony speaks for itself. Kariya denies that any adverse inference is warranted. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

14. Admitted that certain entities within the Jump Trading Group engage in algorithmic

trading across a variety of assets, including digital assets. The quoted memorandum speaks for itself. Kariya is without knowledge or information sufficient to form a belief as to the corporate structure and respective roles of Jump Trading Group entities, therefore denied. Otherwise, denied.

15. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

16. Denied.

17. The SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

18. The SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

19. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of what was purportedly proved at trial is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Kariya had no opportunity to cross-examine that witness and denies the accuracy of the alleged opinion of the witness. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

20. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

21. The referenced exhibits speak for themselves. Otherwise, denied.

22. The Superseding Indictment speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

23. The Superseding Indictment speaks for itself. Otherwise, denied.

24. The Superseding Indictment speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

25. The plea transcript speaks for itself. Otherwise, denied.

26. Admitted that the SEC entered into a cease-and-desist order with Tai Mo Shan Limited; the order speaks for itself. Otherwise, denied.

27. The C&D Order speaks for itself. Otherwise, denied.

28. The C&D Order speaks for itself. Otherwise, denied.

29. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

30. Without knowledge or information sufficient to form a belief, therefore denied.

31. Without knowledge or information sufficient to form a belief, therefore denied.

32. Without knowledge or information sufficient to form a belief, therefore denied.

33. Kariya is without knowledge or information sufficient to form a belief as to the allegations concerning formation, organization, ownership, or control of any entity purported to be described in the allegations, therefore denied. The trial transcript speaks for itself. The remaining allegations, including that Jump Crypto is the “alter ego” of Jump, state legal conclusions to which no response is required; to the extent a response is required, denied. Otherwise, denied.

34. Kariya is without knowledge or information sufficient to form a belief as to the formation, organization, ownership, or control of Tai Mo Shan Limited, therefore denied. The

remaining allegations state legal conclusions to which no response is required; to the extent a response is required, denied. Otherwise, denied.

35. The referenced LinkedIn profile speaks for itself. Admitted that Kariya was employed by Jump Operations, LLC and later by Prairie Operations LLC, that for a time he held the title Director of Strategic Initiatives, Digital Assets, and that beginning in September 2021 he was also President of the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group known as Jump Crypto. Kariya never was President of Jump Crypto Holdings LLC. Also admitted that Kariya communicated with Kwon on May 23, 2021. Otherwise, denied.

36. Admitted that DiSomma is one of the founders of Jump Trading Group and that at times, including in May 2021, DiSomma made certain decisions concerning trading of UST by TMSL. Without knowledge or information sufficient to form a belief as to allegations concerning persons other than Kariya, therefore denied. Otherwise, denied.

37. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Kariya does not contest that the Court has subject-matter jurisdiction over the federal claims asserted pursuant to 28 U.S.C. § 1331, but denies that Plaintiffs are entitled to any relief and denies the remaining allegations.

38. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Kariya states that he does not dispute that this Court may exercise personal jurisdiction over him in this case alone. Kariya specifically denies that he engaged in any unlawful practices in this District or elsewhere. Otherwise, denied.

39. The referenced motion speaks for itself. Otherwise, denied.

40. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied as to Kariya. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

41. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Any referenced loan agreements speak for themselves. Otherwise, denied.

42. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Kariya states that he does not contest venue in this Court for this case alone. Otherwise, denied.

43. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

44. Without knowledge or information sufficient to form a belief, therefore denied.

45. The referenced articles speak for themselves. Otherwise, denied.

46. The referenced article speaks for itself. Otherwise, denied.

47. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Admitted that there was a hack of Wormhole in 2022. The referenced CoinDesk article speaks for itself. Otherwise, denied.

48. The referenced tweets speak for themselves. Admitted that there was a hack of Wormhole in 2022, following which one or more entities within Jump Trading Group deposited their own digital assets into Wormhole to replace the assets stolen by the hacker. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

49. The referenced NYSE Chicago order speaks for itself. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

50. The referenced article speaks for itself. Otherwise, denied.

51. Admitted that Kariya participated in a Signal group chat with personnel of FTX and/or Alameda Research concerning Wormhole. Any trial exhibits in the referenced matter speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

52. Denied.

53. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Certain allegations state legal conclusions to which no response is required; to the extent a response is required, denied. Otherwise, denied.

54. The SMJ Order speaks for itself. Otherwise, denied.

55. The trial transcript speaks for itself. Otherwise, denied.

56. The referenced agreement speaks for itself. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

57. The referenced exhibit and SMJ Order speak for themselves. Otherwise, denied.

58. The referenced SMJ Order speaks for itself. To the extent this paragraph refers to an email, the email speaks for itself. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

59. The referenced SMJ Order speaks for itself. To the extent this paragraph refers to an email, the email speaks for itself. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

60. The referenced Superseding Indictment speaks for itself. Otherwise, denied.

61. The referenced Superseding Indictment speaks for itself. Otherwise, denied.

62. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

63. The C&D Order speaks for itself. Otherwise, denied.

64. The C&D Order speaks for itself. Otherwise, denied.

65. The SEC's complaint (which consists only of allegations) speaks for itself. Otherwise, denied.

66. The referenced SMJ Order and exhibit speak for themselves. To the extent this paragraph refers to an email, the email speaks for itself. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

67. The referenced exhibit speaks for itself. Otherwise, denied.

68. The referenced exhibit speaks for itself. Otherwise, denied.

69. The referenced exhibit speaks for itself. Otherwise, denied.

70. The referenced exhibit speaks for itself. Otherwise, denied.

71. The referenced exhibit speaks for itself. Otherwise, denied.

72. The allegations in this paragraph state legal conclusions, to which no response is required. Otherwise, denied.

73. The referenced agreement, if any, speaks for itself. The SMJ Order speaks for itself. Otherwise, denied.

74. The referenced deposition testimony speaks for itself. Otherwise, denied.

75. The referenced tweets and exhibit speak for themselves. Jump Crypto is not a legal entity but rather the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group that creates and deploys research-driven proprietary trading and investment strategies in various digital asset markets. Otherwise, denied.

76. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced declaration speaks for itself. Otherwise, denied.

77. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

78. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced article speaks for itself. Otherwise, denied.

79. The referenced orders and verdict speak for themselves. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

80. The bankruptcy court record speaks for itself. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

81. The referenced press release speaks for itself. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

82. The referenced article speaks for itself. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

83. Without knowledge or information sufficient to form a belief as to the allegations

concerning entities or persons other than Kariya, therefore denied. The referenced article speaks for itself. Otherwise, denied.

84. The Superseding Indictment speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

85. The plea transcript speaks for itself. Otherwise, denied.

86. The plea transcript speaks for itself. Otherwise, denied.

87. The plea transcript speaks for itself. Otherwise, denied.

88. To the extent Paragraph 88 references descriptions of tokens provided in white papers, the white papers speak for themselves. Kariya states that LUNA was a native TFL token launched in or around April 2019 and that LUNA and UST could be exchanged through a smart contract; that aUST was a token provided in return for depositing UST tokens into the Anchor Protocol; and that MIR was a governance token for the Mirror Protocol. Otherwise, without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, therefore denied.

89. Admitted that cryptocurrency markets can be volatile. Otherwise, without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, therefore denied.

90. Kariya lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than Kariya and therefore denies them. Kariya states that TerraUSD ("UST") was a stablecoin designed to maintain a $1 value that operated as a pair with LUNA through a smart contract that allowed traders to swap UST for LUNA and vice versa. Kariya further states that UST is described by its publicly available white paper and respectfully refers the Court to that white paper for its contents. Otherwise, denied.

91. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced website speaks for itself. Kariya states that mirrored assets are best described by

their publicly available white paper, which speaks for itself, and denies any characterization of mirrored assets that is inconsistent with the contents of the white paper. Otherwise, denied.

92. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Kariya states that mirrored assets are best described by their publicly available white paper, which speaks for itself, and denies any characterization of mirrored assets that is inconsistent with the contents of the white paper. Otherwise, denied.

93. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, admitted that, in May 2021, the price of UST fell below $1 before returning to approximately $1. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

94. The Superseding Indictment speaks for itself. Otherwise, denied.

95. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

96. Admitted that, in May 2021, the price of UST fell below $1 before returning to approximately $1, and that Kariya communicated with Kwon on May 23, 2021. The referenced brief and SEC complaint in the *SEC v. TFL* action speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

97. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced call log and SEC complaint speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

98. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

99. Admitted that Kariya, on the advice of counsel, invoked his Fifth Amendment rights in response to questions posed by the SEC in discovery in the referenced litigation. The referenced testimony speaks for itself. Kariya denies that any adverse inference is warranted. Otherwise, denied.

100. Admitted that Kariya, on the advice of counsel, invoked his Fifth Amendment rights in response to questions posed by the SEC in discovery in the referenced litigation. The referenced testimony speaks for itself. Kariya denies that any adverse inference is warranted. Otherwise, denied.

101. The referenced brief, SEC complaint, and amended loan agreement speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

102. The Superseding Indictment speaks for itself. Otherwise, denied.

103. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced exhibits speak for themselves. Otherwise, denied.

104. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced exhibits speak for themselves. Otherwise, denied.

105. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced Superseding Indictment speaks for itself. Otherwise, denied.

106. The referenced exhibit speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

107. The referenced exhibit speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

108. Without knowledge or information sufficient to form a belief as to the allegations

concerning entities or persons other than Kariya, therefore denied. The referenced messages and trial record speak for themselves. Otherwise, denied.

109. The referenced SMJ Order and exhibits speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

110. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced exhibit speaks for itself. Otherwise, denied.

111. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced exhibit speaks for itself. Otherwise, denied.

112. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SMJ Order and declaration speak for themselves. Otherwise, denied.

113. The referenced briefing speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

114. The referenced messages speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

115. The referenced SMJ Order and any declarations speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

116. The SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

117. The SMJ Order speaks for itself. Kariya was not a party to that action and denies

that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

118. The referenced SMJ Order and expert opinion submitted in *SEC v. TFL* speak for themselves. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

119. The SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

120. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

121. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

122. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

123. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

124. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced trial record speaks for itself. Kariya

was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

125. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

126. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

127. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

128. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

129. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

130. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

131. The referenced exhibit speaks for itself. Without knowledge or information

sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

132. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

133. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

134. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

135. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

136. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

137. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

138. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

139. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

140. The referenced trial record speaks for itself. Kariya was not a party to that action

and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

141. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

142. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

143. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

144. The referenced trial record and exhibit speak for themselves. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

145. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

146. The referenced trial record speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

147. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

148. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

149. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced governance proposal speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

150. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced exhibit speaks for itself. Otherwise, denied.

151. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced exhibit and tweet speak for themselves. Otherwise, denied.

152. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet thread speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

153. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet thread speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

154. The referenced document speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

155. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

156. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced *SEC v. TFL* trial exhibit speaks for itself. Otherwise, denied.

157. The referenced *SEC v. TFL* trial exhibit speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

158. The allegations in this paragraph state legal conclusions to which no response is required. The referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

159. The referenced AMA speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

160. The referenced tweets and blog post speak for themselves. Admitted that Kariya wrote the referenced post. Jump Crypto is not a legal entity but rather the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group that creates and deploys research-driven proprietary trading and investment strategies in various digital asset markets. Kariya denies Plaintiffs' characterization of the blog post. Otherwise, denied.

161. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweets speak for themselves. Otherwise, denied.

162. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

163. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief regarding any "deleted promotion," therefore denied. Otherwise, denied.

164. The allegations in this paragraph state legal conclusions to which no response is required. The referenced retweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning a deleted tweet, therefore denied. Otherwise, denied.

165. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

166. The referenced article on Jump Capital's website speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

167. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced article speaks for itself. Otherwise, denied.

168. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required the referenced tweet speaks for itself. Otherwise, denied.

169. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Otherwise, denied.

170. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief as to any allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

171. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweets speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

172. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

173. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced retweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

174. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweets speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

175. The referenced tweets speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

176. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

177. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

178. Any referenced retweet speaks for itself. Otherwise, denied.

179. Any referenced retweet speaks for itself. Otherwise, denied.

180. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced retweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

181. The referenced retweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

182. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

183. Any referenced retweet speaks for itself. Otherwise, denied.

184. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

185. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced retweet speaks for itself. Otherwise, denied.

186. Any referenced tweet and retweet speak for themselves. Otherwise, denied.

187. Any referenced retweet speaks for itself. Otherwise, denied.

188. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

189. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced retweet speaks for itself. Otherwise, denied.

190. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Otherwise, denied.

191. The referenced announcement speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

192. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

193. The referenced announcement speaks for itself. Kariya denies that the LFG made any statement "at the behest of Jump." Otherwise, denied.

194. The referenced website speaks for itself. Otherwise, denied.

195. The referenced announcement speaks for itself. Otherwise, denied.

196. The referenced announcement speaks for itself. Otherwise, denied.

197. The referenced announcement speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

198. The referenced announcement speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

199. The referenced retweet speaks for itself. Otherwise, denied.

200. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

201. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced statements speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

202. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The Superseding Indictment and any referenced records speak for themselves. Otherwise, denied.

203. The referenced tweet speaks for itself. Otherwise, denied.

204. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced tweets speak for themselves. Otherwise, denied.

205. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

206. The referenced announcement speaks for itself. Otherwise, denied.

207. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Any referenced retweets speak for themselves. Otherwise, denied.

208. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced Superseding Indictment speaks for itself. Otherwise, denied.

209. The referenced press release speaks for itself. Otherwise, denied.

210. The referenced announcement speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

211. The referenced press release speaks for itself. Otherwise, denied.

212. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

213. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

214. The referenced tweet speaks for itself. Otherwise, denied.

215. The referenced retweet speaks for itself. Otherwise, denied.

216. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

217. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

218. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced podcast and SMJ Order speak for themselves. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Admitted that a podcast series called the Ship Show was launched and that Eden hosted certain episodes of the podcast. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Kariya denies that he made the quoted "attractive" statement that the allegation purports to attribute to him. Otherwise, denied.

219. The referenced podcast speaks for itself. Otherwise, denied.

220. The referenced podcast speaks for itself. Otherwise, denied.

221. The referenced podcast speaks for itself. Otherwise, denied.

222. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced podcast speaks for itself. Kariya denies the allegation that any statements he made during the podcast were "misleading." Otherwise, denied.

223. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced podcast speaks for itself. Otherwise, denied.

224. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced podcast speaks for itself. Kariya denies the allegation that he "misleadingly promote[d]" the Terra ecosystem or made any other misleading statements. Otherwise, denied.

225. The allegations in this paragraph state legal conclusions to which no response is required. The referenced talk show speaks for itself. Otherwise, denied.

226. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, admitted that one or more entities in Jump Trading Group hosted and produced the podcast. The referenced podcast and any referenced retweet speak for themselves. Kariya denies any implication that he was required to mention the May 2021 events on the podcast. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

227. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced podcast speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

228. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced amended loan agreement speaks for itself. Admitted that at times, including May 2021, Mr. DiSomma made certain decisions

concerning trading of UST by TMSL. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

229. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced SEC complaint speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

230. The allegations in this paragraph state legal conclusions to which no response is required. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

231. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

232. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

233. Any referenced retweet speaks for itself. Otherwise, denied.

234. The referenced tweet speaks for itself. Otherwise, denied.

235. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet by Jump Crypto and any Kariya retweet speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

236. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced article speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

237. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, any referenced tweet speaks for itself. Otherwise, denied.

238. The referenced retweet speaks for itself. Otherwise, denied.

239. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

240. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

241. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

242. The referenced podcast speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

243. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

244. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

245. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

246. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

247. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, the referenced tweet speaks for itself. Otherwise, denied.

248. The referenced announcement speaks for itself. Admitted that Kariya spoke at the March 2022 Avalanche Summit. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

249. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Otherwise, denied.

250. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced retweet speaks for itself. Otherwise, denied.

251. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced interview speaks for itself. Otherwise, denied.

252. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced podcast speaks for itself. Otherwise, denied.

253. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

254. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

255. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, any referenced retweet speaks for itself. Otherwise, denied.

256. Admitted that, around May 9, 2022, the price of UST fell below $1 and ultimately did not recover, and that the prices of UST and LUNA subsequently collapsed. Otherwise, denied.

257. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Admitted that UST was a stablecoin whose mechanism was described for the public in its publicly available white paper and other publicly available information. Otherwise, denied.

258. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, admitted that, around May 9, 2022, the price of UST fell below $1 and ultimately did not recover, and that the prices of UST and LUNA subsequently collapsed. Otherwise, denied.

259. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, admitted that, around May 9, 2022, the price of UST fell below $1 and ultimately did not recover, and that the prices of UST and LUNA subsequently collapsed. Publicly available pricing records for UST and LUNA speak for themselves. Otherwise, denied.

260. The referenced communications speak for themselves. Otherwise, denied.

261. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Admitted that, on May 9, 2022, the price of UST fell below $1. The referenced tweet speaks for itself. Otherwise, denied.

262. Admitted that the price of LUNA decreased between May 9, 2022 and May 12, 2022. The referenced chart and publicly available pricing records speak for themselves. Otherwise, denied.

263. Admitted that the price of UST decreased between May 7, 2022 and May 25, 2022. Publicly available pricing records speak for themselves. Otherwise, denied.

264. The Superseding Indictment speaks for itself. Otherwise, denied.

265. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced amended loan agreement speaks for itself. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

266. The referenced amended loan agreement and trial record exhibits speak for

themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

267. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

268. The referenced tweet speaks for itself. Otherwise, denied.

269. The referenced tweet speaks for itself. Otherwise, denied.

270. The referenced article speaks for itself. Otherwise, denied.

271. The Superseding Indictment speaks for itself. Otherwise, denied.

272. The C&D Order speaks for itself. Otherwise, denied.

273. The C&D Order speaks for itself. Otherwise, denied.

274. The C&D Order speaks for itself. Otherwise, denied.

275. The C&D Order speaks for itself. Otherwise, denied.

276. The C&D Order speaks for itself. Otherwise, denied.

277. The C&D Order speaks for itself. Otherwise, denied.

278. The C&D Order speaks for itself. Otherwise, denied.

279. The C&D Order speaks for itself. Otherwise, denied.

280. The C&D Order speaks for itself. Otherwise, denied.

281. The C&D Order speaks for itself. Otherwise, denied.

282. The C&D Order speaks for itself. Otherwise, denied.

283. The C&D Order speaks for itself. Otherwise, denied.

284. The C&D Order speaks for itself. Otherwise, denied.

285. The C&D Order speaks for itself. Otherwise, denied.

286. The purported description of the referenced SMJ Order is a legal conclusion to which no response is required; to the extent a response is required, the SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. Otherwise, denied.

287. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the C&D Order speaks for itself. Otherwise, denied.

288. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced statutes and cases speak for themselves. Otherwise, denied.

289. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SMJ Order and C&D Order speak for themselves. Otherwise, denied.

290. The referenced SEC complaint and SMJ Order speak for themselves. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

291. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SEC complaint speaks for itself. Otherwise, denied.

292. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SEC complaint speaks for itself. Otherwise, denied.

293. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SEC complaint speaks for itself. Otherwise, denied.

294. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SEC complaint speaks for itself. Otherwise, denied.

295. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced SEC complaint speaks for itself. Otherwise, denied.

296. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

297. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced SMJ Order and C&D Order speak for themselves. Kariya was not a party to either proceeding and denies that any finding, ruling, or evidentiary determination in either establishes any fact or liability as to him. Otherwise, denied.

298. Without knowledge or information sufficient to form a belief, therefore denied.

299. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

300. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

301. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

302. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

303. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

304. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

305. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

306. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced announcement and presentations speak for themselves. Otherwise, denied.

307. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

308. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

309. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

310. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

311. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

312. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

313. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced tweet speaks for itself. Otherwise, denied.

314. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced tweet speaks for itself. Otherwise, denied.

315. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

316. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced complaint filed in another matter to which Kariya was not a party speaks for itself. Otherwise, denied.

317. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced materials from TFL speak for themselves. Otherwise, denied.

318. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

319. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

320. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. The referenced posts and emails speak for themselves. Otherwise, denied.

321. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

322. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

323. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

324. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

325. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

326. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

327. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

328. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

329. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

330. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

331. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

332. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT I**

333. Kariya incorporates by reference his responses to the preceding paragraphs of the Complaint as if fully set forth herein.

334. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

335. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

336. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

337. The allegations in this paragraph state legal conclusions to which no response is required. The referenced statute and rule speak for themselves. Otherwise, denied.

338. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

339. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

340. Kariya neither admits nor denies the allegations in Paragraphs 340(a)-(c) and 340(f)-(m) because they relate to a claim the Court has dismissed. With regard to the remaining subparagraphs:

(d) The allegations in Paragraph 340(d) state legal conclusions to which no response is required. To the extent a response is required, the referenced blog post by the business unit Jump Crypto speaks for itself. Otherwise, denied.

(e) The allegations in Paragraph 340(e) state legal conclusions, to which no response is required. To the extent a response is required, the referenced article on Jump Capital's website speaks for itself. Otherwise, denied.

341. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, denied.

342. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

343. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

344. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

345. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

346. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

347. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

348. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, admitted that Kariya’s phone records reflect five Signal calls with Kwon on May 23, 2021. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

349. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

350. The allegations in this paragraph state legal conclusions to which no response is

required. The SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

351. The allegations in this paragraph state legal conclusions to which no response is required. The SMJ Order speaks for itself. Kariya was not a party to that action and denies that any finding, ruling, or evidentiary determination in it establishes any fact or liability as to him. The purported description of the referenced order is a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

352. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced announcements and articles speak for themselves. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

353. The allegations in this paragraph state legal conclusions to which no response is required. Admitted that Kariya, on the advice of counsel, invoked his Fifth Amendment rights in response to questions posed by the SEC in discovery in the referenced litigation. The referenced testimony speaks for itself. Kariya denies that any adverse inference is warranted. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

354. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

355. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

356. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

357. The allegations in this paragraph state legal conclusions to which no response is

required. To the extent a response is required, denied.

358. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, admitted that the prices of UST and LUNA decreased in May 2022. Publicly available pricing records speak for themselves. Otherwise, denied.

359. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

360. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the referenced *SEC v. TFL* record speaks for itself. Otherwise, denied.

361. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT II**

362. Kariya incorporates by reference his responses to the preceding paragraphs of the Complaint as if fully set forth herein.

363. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

364. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

365. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Any unidentified quoted source speaks for itself. Otherwise, denied.

366. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

367. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form

a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

368. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

369. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

370. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT III**

371. Kariya incorporates by reference his responses to the preceding paragraphs of the Complaint as if fully set forth herein.

372. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

373. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

374. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

375. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

376. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

Otherwise, denied.

377. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied. Otherwise, denied.

378. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

379. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT IV**

380. Kariya incorporates by reference his responses to the preceding paragraphs of the Complaint as if fully set forth herein.

381. This paragraph is a characterization of the action to which no response is required. To the extent a response is required, denied.

382. Kariya neither admits nor denies the allegations in this paragraph to the extent they relate to a control person claim premised on any alleged statements or omissions, because the Court dismissed any such claim. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied as to Kariya. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

383. Kariya neither admits nor denies the allegations in this paragraph to the extent they relate to a control person claim premised on any alleged statements or omissions, because the Court dismissed any such claim. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied as to Kariya. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

384. Kariya neither admits nor denies the allegations in this paragraph to the extent they relate to a control person claim premised on any alleged statements or omissions, because the Court

dismissed any such claim. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied as to Kariya. Without knowledge or information sufficient to form a belief as to the allegations concerning entities or persons other than Kariya, therefore denied.

385. Kariya neither admits nor denies the allegations in this paragraph to the extent they relate to a control person claim premised on any alleged statements or omissions, because the Court dismissed any such claim. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT V**

386. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

387. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

388. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

389. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

390. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

391. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

392. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

393. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

394. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

395. Kariya neither admits nor denies the allegations in this paragraph because it relates

to a claim the Court has dismissed.

**COUNT VI**

396. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

397. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

398. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

399. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

400. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

**COUNT VII**

401. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

402. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

403. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

404. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

405. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

406. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

407. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

**COUNT VIII**

408. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

409. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

410. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

411. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

412. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

413. Kariya neither admits nor denies the allegations in this paragraph because it relates to a claim the Court has dismissed.

**PRAYER FOR RELIEF**

Kariya denies that Plaintiffs or the putative class are entitled to any of the relief requested in the Prayer for Relief or to any relief whatsoever.

**JURY DEMAND**

Admitted that Plaintiffs demand a trial by jury. Kariya also demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of pleading or proof that would otherwise rest with Plaintiffs, Kariya asserts the following defenses to the Complaint. Kariya incorporates by reference the affirmative and other defenses asserted by any other defendant in this action to the extent applicable to him, and reserves the right to assert additional defenses, and to amend or supplement these defenses, as discovery proceeds.

**First Affirmative Defense: Failure to State a Claim**

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim against Kariya upon which relief may be granted.

**Second Affirmative Defense: No But-For or Proximate Causation**

Plaintiffs' claims are barred, in whole or in part, because no alleged misrepresentation, omission, or manipulative or deceptive device or act by Kariya was the but-for and/or proximate cause of Plaintiffs' alleged injuries.

**Third Affirmative Defense: Intervening and Superseding Causes**

Plaintiffs' claims are barred, in whole or in part, because the injuries Plaintiffs or other putative class members sustained, if any, were caused by the actions or inactions of parties other than Kariya, actions or inactions by parties outside Kariya's control, or economic events that were likewise outside Kariya's control. Those actions, inactions, and events were intervening or superseding causes of Plaintiffs' and the putative class members' alleged damages.

**Fourth Affirmative Defense: External Market Factors**

Kariya is not liable because any decline in value of the alleged securities of which Plaintiffs complain was caused by external market factors.

**Fifth Affirmative Defense: Terra Tokens Not Securities**

Plaintiffs' claims are barred, in whole or in part, because neither the Terra Tokens nor any of the transactions referenced in the Complaint were securities at any relevant time.

**Sixth Affirmative Defense: Extraterritoriality**

Plaintiffs' claims are barred, in whole or in part, because they do not involve a domestic transaction in a security under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).

**Seventh Affirmative Defense: Not a Statutory Seller**

Plaintiffs' claims are barred, in whole or in part, because Kariya was not a statutory seller of Terra Tokens.

**Eighth Affirmative Defense: Truth; No Material Omission**

Plaintiffs' claims are barred, in whole or in part, because Kariya did not make any untrue statement of material fact or omit or fail to state any material facts that were necessary in order to make any statement made by him not false or misleading.

**Ninth Affirmative Defense: Disclosure of Allegedly Omitted Information**

Plaintiffs' claims are barred, in whole or in part, to the extent Kariya, or others, disclosed information that Plaintiffs allege was omitted.

**Tenth Affirmative Defense: Statements of Opinion**

Plaintiffs' claims are barred, in whole or in part, because certain statements challenged in the Complaint were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue fact, and did not omit any material fact necessary to make the statements therein not misleading.

**Eleventh Affirmative Defense: Truth on the Market**

Plaintiffs' claims are barred, in whole or in part, by the truth-on-the-market doctrine, because the information Plaintiffs allege was concealed was already known by the public.

**Twelfth Affirmative Defense: Statements Believed True**

Plaintiffs' claims are barred, in whole or in part, because the statements complained of were, at the time of their utterance, believed by the speaker to be true.

**Thirteenth Affirmative Defense: Lack of Materiality**

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

**Fourteenth Affirmative Defense: No Duty to Disclose**

Plaintiffs' claims are barred, in whole or in part, because Kariya had no duty to disclose any allegedly omitted information.

**Fifteenth Affirmative Defense: No Breach of Duty**

Kariya is not liable because he did not breach any duties owed to Plaintiffs or other putative class members.

**Sixteenth Affirmative Defense: Absence of Scienter**

Plaintiffs' claims are barred, in whole or in part, because Kariya lacked the requisite scienter at the time each alleged false or misleading statement or omission was made and at the time of any alleged manipulative or deceptive act, and at all times acted in good faith.

**Seventeenth Affirmative Defense: No Willful Violation**

Plaintiffs' claims are barred, in whole or in part, because Kariya did not willfully participate in any violation of Section 9 of the Securities Exchange Act.

**Eighteenth Affirmative Defense: No Reliance**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Complaint.

**Nineteenth Affirmative Defense: No Efficient Market; No Presumption of Reliance**

Plaintiffs' claims are barred, in whole or in part, because Terra Tokens did not trade in an efficient market, such that Plaintiffs are not entitled to a presumption of reliance, and any presumption of reliance is rebutted.

**Twentieth Affirmative Defense: No Price Impact**

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements, omissions, or manipulative or deceptive acts did not have any impact on the price of Terra Tokens.

**Twenty-First Affirmative Defense: Assumption of Risk**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks of their trading, and any losses were caused by the materialization of some or all of those risks.

**Twenty-Second Affirmative Defense: No Deceptive Act or Course of Business**

Kariya is not liable because he did not engage in any act, practice, or course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of securities.

**Twenty-Third Affirmative Defense: No Artificial Price**

Plaintiffs' claims are barred, in whole or in part, because Terra Tokens did not trade at an artificial price.

**Twenty-Fourth Affirmative Defense: No Trading by Kariya Causing an Artificial Price**

Kariya is not liable because he did not effect, direct, or execute any of the trading alleged in the Complaint, and no trading by or at the direction of Kariya or any other Defendant caused Terra Tokens to trade at an artificial price.

**Twenty-Fifth Affirmative Defense: No Manipulative Intent**

Kariya is not liable because he did not have the intent to create an artificial price for UST or to send a false signal to the market regarding the price of Terra Tokens.

**Twenty-Sixth Affirmative Defense: No Ability to Create an Artificial Price**

Kariya is not liable because he did not have the ability to create an artificial price for Terra Tokens, and because the price of a stablecoin is not subject to manipulation.

**Twenty-Seventh Affirmative Defense: Class Action Not Maintainable**

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Twenty-Eighth Affirmative Defense: Statutes of Limitations**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**Twenty-Ninth Affirmative Defense: Statutes of Repose**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose.

**Thirtieth Affirmative Defense: Not a Control Person**

Kariya is not liable for the actions of any other Defendant, TFL, Do Kwon, the LFG, or any other person or entity mentioned in the Complaint because he was not a control person of any other Defendant, TFL, Do Kwon, the LFG, or any other person or entity mentioned in the Complaint, and did not possess the power to direct or cause the direction of their activities, management, or policies.

**Thirty-First Affirmative Defense: Good Faith/No Inducement**

Kariya is not liable for the actions of any other Defendant, TFL, Do Kwon, the LFG, or

any other person or entity mentioned in the Complaint because he did not culpably participate in any alleged violation by them, acted in good faith, and did not directly or indirectly induce any act constituting a violation or that led to any economic injury.

**Thirty-Second Affirmative Defense: Contribution and Indemnification**

Kariya is entitled to recover contribution and/or indemnification from others for any liability he incurs and reserves the right to do so at the appropriate time.

**Thirty-Third Affirmative Defense: Damages in Excess of Those Permitted by Law**

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages Plaintiffs seek are in excess of those permitted by law.

**Thirty-Fourth Affirmative Defense: Failure to Mitigate**

Because the claimed injury and damages flow from consequences that Plaintiffs and other putative class members could have reasonably avoided, Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate.

**Thirty-Fifth Affirmative Defense: Comparative Responsibility; Proportionate Liability; Setoff**

Any liability of Kariya must be reduced or eliminated under the doctrines of comparative responsibility, contribution, setoff, and/or indemnity, and is limited to his proportionate share of responsibility.

**Thirty-Sixth Affirmative Defense: Waiver, Estoppel, Unclean Hands, and In Pari Delicto**

Plaintiffs' claims are barred, in whole or in part, by the principles of waiver and/or estoppel and by the doctrines of unclean hands, in pari delicto, and/or other related equitable doctrines.

**Thirty-Seventh Affirmative Defense: Statements Not Attributable to Kariya**

Plaintiffs' claims are barred, in whole or in part, because Kariya did not make statements on which Plaintiffs' claims are based.

**Thirty-Eighth Affirmative Defense: Forward-Looking Statements and Puffery**

Plaintiffs' claims are barred, in whole or in part, because the statements attributed to Kariya were forward-looking statements and/or non-actionable puffery, and were not statements of material fact.

**Thirty-Ninth Affirmative Defense: No Manipulative Act; Bona Fide Transactions**

Plaintiffs' claims under Sections 9(a) and 10(b) of the Exchange Act are barred because Kariya did not engage in any manipulative act, and because the open-market purchases of UST alleged in the Complaint were bona fide transactions made for legitimate investment and economic purposes.

**Fortieth Affirmative Defense: Not a Statutory Underwriter; Exemptions from Registration**

Plaintiffs' Securities Act claims are barred because Kariya was not an issuer, underwriter, or dealer; because the transactions alleged were exempt from registration; and because Plaintiffs cannot trace their purchases to any offer or sale by Kariya.

**Forty-First Affirmative Defense: Lack of Standing**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert claims with respect to Terra Tokens they did not purchase and to assert claims based on statements made after their purchases.

**Forty-Second Affirmative Defense: No Damages**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered cognizable damages attributable to Kariya.

**Forty-Third Affirmative Defense: Assignment**

Plaintiffs' claims are barred, in whole or in part, because certain members of the putative class have assigned their claims to another party.

**Forty-Fourth Affirmative Defense: Arbitration**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claim are improperly before this Court because there is a valid and enforceable arbitration agreement that applies to this dispute.

**Forty-Fifth Affirmative Defense: Purchase Before Challenged Conduct or After Truth**

Plaintiffs' claims are barred, in whole or in part, to the extent their purchases came before the challenged statements or conduct, or after the alleged truth was disclosed.

**Forty-Sixth Affirmative Defense: Reservation of Rights**

Kariya reserves the right to assert any additional defenses that may become available or

apparent through discovery or further investigation, and to amend this Answer accordingly.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Kariya demands trial by jury on all issues triable of right by a jury.

WHEREFORE, Defendant Kanav Kariya prays for entry of judgment in his favor, dismissal of the Fourth Amended Class Action Complaint with prejudice, an award of the fees and costs incurred in defending this action, and such other relief as the Court may deem just and proper.

Dated: October 7, 2026

*<u>/s/ Aitan D. Goelman</u>*
Aitan D. Goelman (admitted *pro hac vice*)
Miles R. Clark (admitted *pro hac vice*)
Christopher R. MacColl (admitted *pro hac vice*)
J. Benjamin Jernigan (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8106
agoelman@zuckerman.com
mclark@zuckerman.com
cmaccoll@zuckerman.com
bjernigan@zuckerman.com

Daniel A. Zaheer (Bar No. 237118)
KOBRE & KIM LLP
150 California Street, 19th Floor
San Francisco, CA 94111
Tel: (415) 582-4800
daniel.zaheer@kobrekim.com

*Attorneys for Defendant Kanav Kariya*