**KKL LLP**
Paul M. Krieger (admitted *pro hac vice*)
Rebecca S. Tinio (admitted *pro hac vice*)
Jonathan F. Bolz (admitted *pro hac vice*)
Benjamin W. Perotin (admitted *pro hac vice*)
350 Fifth Avenue, Suite 7710
New York, NY 10118
(212) 390-9550
Paul.Krieger@KKLllp.com
Rebecca.Tinio@KKLllp.com
Jonathan.Bolz@KKLllp.com
Ben.Perotin@KKLllp.com

**KOBRE & KIM LLP**
Daniel A. Zaheer (SBN 237118)
150 California Street, 19th Floor
San Francisco, CA 94111
(415) 582-4751
daniel.zaheer@kobrekim.com

*Counsel for Defendant William DiSomma*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK PATTERSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JUMP TRADING LLC, JUMP CRYPTO HOLDINGS LLC, TAI MO SHAN LTD., KANAV KARIYA, AND WILLIAM DISOMMA,<br><br>Defendants. | Case No. 5:22-cv-03600-PCP<br><br>**DEFENDANT WILLIAM DISOMMA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>Honorable P. Casey Pitts |

Defendant William DiSomma asserts the following answers and affirmative defenses ("Answer") to Plaintiffs' Fourth Amended Class Action Complaint (ECF No. 176, "FAC"), dated October 31, 2025, upon knowledge with respect to himself and his own acts and upon information and belief with respect to all other matters. Except as hereinafter expressly admitted, qualified, or otherwise answered, DiSomma denies each and every allegation and assertion set forth in the FAC. DiSomma denies that headings, subheadings, and footnotes in the FAC are allegations to which a response is required. To the extent a response is required, DiSomma denies all allegations in the headings, subheadings, and footnotes in the FAC, except as hereinafter expressly admitted, qualified, or otherwise answered. DiSomma further denies all the allegations in the documents incorporated by reference in the FAC to the extent those documents contain allegations, except as hereinafter expressly admitted, qualified, or otherwise answered. By acknowledging the existence of or referring the Court to certain documents, DiSomma makes no admission as to the truth of their contents or factual or legal relevance in this matter and reserves all rights (and does not waive any) to argue that they are objectionable and/or inadmissible on any ground.

DiSomma specifically incorporates into each response a denial of all allegations concerning his purported participation in the alleged scheme and securities violations described in the FAC. Where allegations concern "Defendants" or other individuals or entities other than DiSomma, DiSomma denies knowledge or information sufficient to form a belief as to the truth of the allegations as to other individuals or entities other than DiSomma, except as hereinafter expressly admitted, qualified, or otherwise answered.

DiSomma reserves the right to amend or supplement his Answer at any time. DiSomma further responds to the specific allegations in the FAC as follows:

1. The allegations in Paragraph 1 state legal conclusions and are a characterization of the action, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

2. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that, in May 2021, the price of UST fell below $1

before ultimately returning to approximately $1. The remaining allegations in this paragraph are argumentative and do not require a response. To the extent a response is required, DiSomma denies the remaining allegations in this paragraph.

3. The allegations in Paragraph 3 state legal conclusions and are argumentative; therefore, they do not require a response. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

4. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

5. To the extent Paragraph 5 references the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

6. To the extent Paragraph 6 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

7. In response to the allegations in Paragraph 7, DiSomma states that he invoked his Fifth Amendment rights as to all substantive questions during his deposition testimony in *SEC v. TFL*. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the

allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the trial record and deposition testimony in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record and testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record and testimony that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

8. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

9. In response to the allegations in Paragraph 9, DiSomma states that the price of UST fell below $1 in May 2021. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

10. The allegations in Paragraph 10 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that Tai Mo Shan Limited ("TMSL") purchased UST in May 2021, including while its price was below $1. DiSomma denies the remaining allegations in this paragraph.

11. The allegations in Paragraph 11 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

12. The allegations in Paragraph 12 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that the price of UST fell below $1 in May 2022. DiSomma denies the remaining allegations in this paragraph.

13. In response to the allegations in Paragraph 13, DiSomma states that he invoked his Fifth Amendment rights as to all substantive questions during his deposition testimony in *SEC v. TFL*. To the extent this paragraph references the deposition testimony in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the

testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

14. In response to the allegations in Paragraph 14, DiSomma states that Jump Trading Group, which is not a legal entity, is a group of affiliated independent entities, which includes Jump Trading, LLC, Jump Crypto Holdings LLC, and TMSL, and that certain entities in Jump Trading Group engage in algorithmic trading across a variety of assets, including digital assets. To the extent this paragraph references briefing in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the briefing, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the briefing that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

15. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

16. The allegations in Paragraph 16 state legal conclusions, to which no response is required. To the extent this paragraph references the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

17. To the extent Paragraph 17 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

18. To the extent Paragraph 18 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the

allegations in this paragraph.

19. To the extent Paragraph 19 references the testimony in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

20. To the extent Paragraph 20 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

21. To the extent Paragraph 21 references the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms. The remaining allegations in this paragraph are argumentative and do not require a response. To the extent a response is required, DiSomma denies the remaining allegations in this paragraph.

22. To the extent Paragraph 22 references the record and the Indictment against Mr. Kwon in *United States v. Kwon*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the record and Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the record and Indictment that is inconsistent with their actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

23. To the extent Paragraph 23 references the Superseding Indictment against Mr. Kwon in *United States v. Kwon*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise

denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

24. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the record in *United States v. Kwon*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the record that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

25. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the sentencing allocution in *United States v. Kwon*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the allocution, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the allocution that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

26. In response to the allegations in Paragraph 26, DiSomma states that the Securities and Exchange Commission ("SEC") entered into a cease-and-desist order with TMSL ("SEC C&D Order"). To the extent this paragraph references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma further states that TMSL is an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. DiSomma denies the remaining allegations in this paragraph.

27. To the extent Paragraph 27 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the

SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

28. To the extent Paragraph 28 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

29. The allegations in Paragraph 29 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

30. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references Lead Plaintiff Tobias's Private Securities Litigation Reform Act ("PSLRA") certification, DiSomma admits that, to the extent such allegations accurately reflect the contents of the certification, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the certification that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

31. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references Plaintiff Patterson's PSLRA certification, DiSomma admits that, to the extent such allegations accurately reflect the contents of the certification, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the certification that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

32. In response to the allegations in Paragraph 32, DiSomma states that Jump Trading, LLC is a limited liability company organized in Delaware and is a registered broker-dealer with the SEC and is a member of various exchanges. DiSomma further states that Jump Trading, LLC

has an office at 600 West Chicago Avenue, Suite 600, in Chicago, Illinois. DiSomma further states that Jump Trading, LLC is a part of Jump Trading Group. DiSomma denies the remaining allegations in this paragraph.

33. In response to the allegations in Paragraph 33, DiSomma states that Jump Crypto Holdings LLC is a limited liability company organized in Delaware. DiSomma further states that Jump Crypto Holdings LLC is a holding company that does not trade cryptocurrencies and is a part of Jump Trading Group. DiSomma further states that Jump Crypto Holdings LLC is not the business unit *Jump Crypto* announced on September 14, 2021. To the extent this paragraph references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

34. In response to the allegations in Paragraph 34, DiSomma states that TMSL is an entity organized in the Cayman Islands that is an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. DiSomma denies the remaining allegations in this paragraph.

35. To the extent Paragraph 35 references Mr. Kariya's LinkedIn profile, DiSomma admits that, to the extent such allegations accurately reflect the contents of the profile, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the profile that is inconsistent with its actual terms. DiSomma states that Mr. Kariya was employed first by Jump Operations, LLC and then by Prairie Operations LLC and his title was first Algorithmic Trader and then Director of Strategic Initiatives, Digital Assets. DiSomma further states that while Mr. Kariya was also President of the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group known as Jump Crypto, he was not President of Jump Crypto Holdings LLC, which Plaintiffs define as *Jump Crypto*. DiSomma further states that Mr. Kariya's role included interacting with others in the crypto community and that Mr. Kariya communicated with Mr. Kwon during the UST depeg in May 2021. DiSomma denies the remaining allegations in this paragraph.

36. In response to the allegations in Paragraph 36, DiSomma states that he is one of the

founders of Jump Trading Group and one of the ultimate beneficial owners of Jump Trading, LLC. DiSomma further states that, at times, including May 2021, he made certain decisions concerning trading of UST by TMSL. DiSomma denies the remaining allegations in this paragraph.

37. The allegations in Paragraph 37 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. DiSomma denies the remaining allegations in this paragraph.

38. The allegations in Paragraph 38 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that he does not dispute that this Court may exercise personal jurisdiction over him for this case alone. DiSomma denies the remaining allegations in this paragraph.

39. To the extent Paragraph 39 references the transfer motion in *Kim v. Jump Trading*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the motion, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the motion that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

40. The allegations in Paragraph 40 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

41. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references certain loan agreements, DiSomma admits that, to the extent such allegations accurately reflect the contents of the loan agreements, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the loan agreements that is inconsistent with their actual terms. DiSomma denies the remaining allegations in this paragraph.

42. The allegations in Paragraph 42 state legal conclusions, to which no response is

required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that he does not contest venue in this Court for this case alone and denies the remaining allegations in this paragraph.

43. In response to the allegations in Paragraph 43, DiSomma states that Jump Trading Group is a group of affiliated independent entities, which includes Jump Trading, LLC, Jump Crypto Holdings LLC, and TMSL, and that certain entities within Jump Trading Group conduct algorithmic trading. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

44. In response to the allegations in Paragraph 44, DiSomma states that certain entities in Jump Trading Group were trading digital assets by at least 2017. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

45. To the extent Paragraph 45 references articles from Crain's Chicago Business and CoinDesk, DiSomma admits that, to the extent such allegations accurately reflect the contents of the articles, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the articles that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

46. To the extent Paragraph 46 references a CoinDesk article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

47. In response to the allegations in Paragraph 47, DiSomma states that there was a hack of Wormhole in 2022. To the extent this paragraph references a CoinDesk article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the

referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

48. In response to the allegations in Paragraph 48, DiSomma states that there was a hack of Wormhole in 2022, following which one or more entities within Jump Trading Group deposited their own digital assets into Wormhole to replace the assets stolen by the hacker. To the extent this paragraph references tweets, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms. The remaining allegations in this paragraph are argumentative and do not require a response. To the extent a response is required, DiSomma denies the remaining allegations in this paragraph.

49. To the extent Paragraph 49 references the NYSE Chicago settlement order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the order that is inconsistent with its actual terms. The remaining allegations in this paragraph are argumentative and do not require a response. To the extent a response is required, DiSomma denies the remaining allegations in this paragraph.

50. To the extent Paragraph 50 references an article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

51. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references exhibits in the Sam Bankman-Fried criminal trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the exhibits, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the exhibits that is inconsistent with their actual terms and otherwise

denies the allegations in this paragraph.

52. DiSomma denies the allegations in Paragraph 52.

53. DiSomma denies the allegations in Paragraph 53.

54. To the extent Paragraph 54 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

55. To the extent Paragraph 55 references the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

56. To the extent Paragraph 56 references a loan agreement between TMSL and TFL, DiSomma admits that, to the extent such allegations accurately reflect the contents of the agreement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the agreement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

57. To the extent Paragraph 57 references an email and the trial record and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email, trial record, and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email, trial record, and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

58. To the extent Paragraph 58 references an email and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email and ruling that is inconsistent with their

actual terms and otherwise denies the allegations in this paragraph.

59. To the extent Paragraph 59 references an email and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

60. To the extent Paragraph 60 references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

61. To the extent Paragraph 61 references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

62. The allegations in Paragraph 62 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

63. To the extent Paragraph 63 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

64. To the extent Paragraph 64 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL

neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

65. To the extent Paragraph 65 references the SEC's complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

66. To the extent Paragraph 66 references an email, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

67. To the extent Paragraph 67 references an email, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

68. To the extent Paragraph 68 references an email, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

69. To the extent Paragraph 69 references an email, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

70. To the extent Paragraph 70 references an email, DiSomma admits that, to the extent such allegations accurately reflect the contents of the email, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

71. To the extent Paragraph 71 references an email, DiSomma admits that, to the extent

such allegations accurately reflect the contents of the email, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the email that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

72. The allegations in Paragraph 72 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

73. To the extent Paragraph 73 references a loan agreement for MIR tokens and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the agreement and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the agreement and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

74. To the extent Paragraph 74 references deposition testimony in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

75. In response to the allegations in Paragraph 75, DiSomma states that Jump Crypto is not a legal entity but rather the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group that creates and deploys research-driven proprietary trading and investment strategies in various digital asset markets. To the extent this paragraph references tweets, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

76. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a declaration in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the

declaration, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the declaration that is inconsistent with its actual terms and denies the remaining allegations in this paragraph.

77. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore denies them.

78. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references an article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and denies the remaining allegations in this paragraph.

79. To the extent Paragraph 79 references Judge Rakoff's summary judgment ruling and the jury verdict in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling and verdict, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling and verdict that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

80. DiSomma admits the allegations in Paragraph 80.

81. To the extent Paragraph 81 references an SEC press release, DiSomma admits that, to the extent such allegations accurately reflect the contents of the press release, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the press release that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

82. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a New York Times article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this

paragraph.

83. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references an article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and denies the remaining allegations in this paragraph.

84. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that Mr. Kwon was indicted by the Department of Justice. To the extent this paragraph references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

85. To the extent Paragraph 85 references Mr. Kwon's plea, DiSomma admits that, to the extent such allegations accurately reflect the contents of the plea, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the plea that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

86. To the extent Paragraph 86 references Mr. Kwon's plea, DiSomma admits that, to the extent such allegations accurately reflect the contents of the plea, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the plea that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

87. To the extent Paragraph 87 references Mr. Kwon's plea, DiSomma admits that, to the extent such allegations accurately reflect the contents of the plea, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the plea that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

88. To the extent Paragraph 88 references descriptions of tokens provided in white

papers, DiSomma admits that, to the extent such allegations accurately reflect the contents of the white papers, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the white papers that is inconsistent with their actual terms. DiSomma states that LUNA was a native TFL token launched in or around April 2019 and that LUNA and UST could be exchanged through a smart contract; that aUST was a token provided in return for depositing UST tokens into the Anchor Protocol; and that MIR was a governance token for the Mirror Protocol. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

89. In response to the allegations in Paragraph 89, DiSomma states that cryptocurrency markets can be volatile. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

90. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that UST was an algorithmic stablecoin designed to maintain a $1 value that operated as a pair with LUNA through a smart contract that allowed traders to swap UST for LUNA and vice versa. DiSomma further states that UST is described by its publicly available white paper and respectfully refers the Court to that white paper for its contents. DiSomma otherwise denies the allegations in this paragraph.

91. The allegations in Paragraph 91 are not relevant to any claim and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that mirrored assets are described by their publicly available white paper and respectfully refers the Court to that white paper for its contents. To the extent this paragraph references TFL's website, DiSomma admits that, to the extent such allegations accurately reflect the contents of the website, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the website that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

92. The allegations in Paragraph 92 are not relevant to any claim, and therefore no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that mirrored assets are described by their publicly available white paper and respectfully refers the Court to that white paper for its contents. DiSomma otherwise denies the allegations in this paragraph.

93. The allegations in Paragraph 93 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that, in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. DiSomma further states that while the price of UST was below $1 in May 2021, TMSL purchased UST. DiSomma denies the remaining allegations in this paragraph.

94. To the extent Paragraph 94 references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

95. The allegations in Paragraph 95 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

96. In response to the allegations in Paragraph 96, DiSomma states that in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. DiSomma further states that Mr. Kariya's Signal records reflect five Signal calls with Mr. Kwon on May 23, 2021. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint and briefing in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint and briefing, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint and briefing that is inconsistent with their actual

terms and otherwise denies the allegations in this paragraph.

97. The allegations in Paragraph 97 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that TMSL purchased UST between May 23 and May 27, 2021. To the extent this paragraph references Mr. Kariya's call log and the complaint and briefing in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the call log, complaint, and briefing, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the call log, complaint, and briefing that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

98. To the extent Paragraph 98 references the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

99. To the extent Paragraph 99 references deposition testimony in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

100. To the extent Paragraph 100 references deposition testimony in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

101. To the extent Paragraph 101 references the complaint and briefing in *SEC v. TFL* and the amended loan agreement between TMSL and TFL, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, briefing, and agreement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the

complaint, briefing, and agreement that is inconsistent with their actual terms. DiSomma denies the remaining allegations in this paragraph.

102. To the extent Paragraph 102 references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

103. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the trial record and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

104. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a chat, DiSomma admits that, to the extent such allegations accurately reflect the contents of the chat, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the chat that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

105. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a Terraform employee resource manual and the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the manual and the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the manual and Superseding Indictment that is inconsistent with their actual terms and otherwise

denies the allegations in this paragraph.

106. To the extent Paragraph 106 references the trial record in *SEC v. TFL* and a Slack chat, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record and Slack chat, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record and Slack chat that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

107. To the extent Paragraph 107 references a Slack chat, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Slack chat, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Slack chat that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

108. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references text messages and the trial record and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the messages, trial record, and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the messages, trial record, and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

109. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the trial record in *SEC v. TFL* and a tweet from Terraform, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record and tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record and tweet that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

110. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a tweet, DiSomma admits that,

to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

111. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references chat messages, DiSomma admits that, to the extent such allegations accurately reflect the contents of the messages, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the messages that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

112. To the extent Paragraph 112 references Judge Rakoff's summary judgment ruling and a declaration in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling and declaration, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling and declaration that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

113. To the extent Paragraph 113 references briefing in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the briefing, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the briefing that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

114. To the extent Paragraph 114 references chat messages, DiSomma admits that, to the extent such allegations accurately reflect the contents of the messages, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the messages that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

115. To the extent Paragraph 115 references declarations and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the declarations and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the declarations and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

116. To the extent Paragraph 116 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

117. The allegations in Paragraph 117 state legal conclusions, to which no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

118. To the extent Paragraph 118 references Judge Rakoff's summary judgment ruling and Dr. Mizrach's expert opinion in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling and opinion, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling and opinion that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

119. To the extent Paragraph 119 references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

120. To the extent Paragraph 120 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

121. To the extent Paragraph 121 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the

testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

122. To the extent Paragraph 122 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

123. To the extent Paragraph 123 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

124. The allegations in Paragraph 124 state legal conclusions, to which no response is required. To the extent this paragraph references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

125. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

126. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 that are related to persons or entities other than DiSomma

and therefore denies them. To the extent this paragraph references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

127. To the extent Paragraph 127 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

128. To the extent Paragraph 128 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

129. The allegations in Paragraph 129 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in the first two sentences of this paragraph. To the extent this paragraph references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

130. To the extent Paragraph 130 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

131. To the extent Paragraph 131 references a message from Mr. Kwon, DiSomma

admits that, to the extent such allegations accurately reflect the contents of the message, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the message that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

132. To the extent Paragraph 132 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

133. To the extent Paragraph 133 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

134. To the extent Paragraph 134 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

135. To the extent Paragraph 135 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

136. To the extent Paragraph 136 references the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms and otherwise denies the allegations in this

paragraph.

137. To the extent Paragraph 137 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

138. To the extent Paragraph 138 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

139. To the extent Paragraph 139 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

140. To the extent Paragraph 140 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

141. To the extent Paragraph 141 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

142. To the extent Paragraph 142 references the trial record in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial

record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

143. To the extent Paragraph 143 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

144. To the extent Paragraph 144 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

145. To the extent Paragraph 145 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

146. To the extent Paragraph 146 references testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

147. The allegations in Paragraph 147 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

148. The allegations in Paragraph 148 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

149. The allegations in Paragraph 149 state legal conclusions, to which no response is

required. To the extent a response is required, DiSomma states that certain entities within Jump Trading Group submitted occasional governance proposals regarding the Terra ecosystem. DiSomma denies any characterization of the governance proposals that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

150. The allegations in Paragraph 150 state legal conclusions, to which no response is required. To the extent this paragraph references a Signal chat, DiSomma admits that, to the extent such allegations accurately reflect the contents of the chat, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the chat that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

151. The allegations in Paragraph 151 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references statements made by others, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statements, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statements that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

152. To the extent Paragraph 152 references a tweet thread, DiSomma admits that, to the extent such allegations accurately reflect the contents of the thread, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the thread that is inconsistent with its actual terms. DiSomma further denies any implication that he controlled the content of TFL's statements. DiSomma denies the remaining allegations in this paragraph.

153. To the extent Paragraph 153 references a tweet thread, DiSomma admits that, to the extent such allegations accurately reflect the contents of the thread, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the thread that is inconsistent with its actual terms. The allegations in this paragraph further state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies these allegations.

154. To the extent Paragraph 154 references a document released by TFL, DiSomma

admits that, to the extent such allegations accurately reflect the contents of the document, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the document that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

155. The allegations in Paragraph 155 state legal conclusions, to which no response is required. To the extent this paragraph references a document, DiSomma admits that, to the extent such allegations accurately reflect the contents of the document, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the document that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

156. To the extent Paragraph 156 references emails, DiSomma admits that, to the extent such allegations accurately reflect the contents of the emails, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the emails that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

157. To the extent Paragraph 157 references emails, DiSomma admits that, to the extent such allegations accurately reflect the contents of the emails, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the emails that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

158. The allegations in Paragraph 158 state legal conclusions, to which no response is required. To the extent Paragraph 158 references a statement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

159. In response to the allegations in Paragraph 159, DiSomma states that Mr. Kwon held an “AMA” with individuals at the business unit Jump Crypto on or before September 1, 2021. DiSomma further states that, pursuant to a loan agreement, TMSL received 4,800,000 LUNA tokens on or about September 11, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise

denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

160. In response to Paragraph 160, DiSomma states that the "Jump Crypto" announcement on September 14, 2021, was not an announcement of a legal entity, but of the cryptocurrency- and digital-asset-focused business unit of Jump Trading Group that creates and deploys research-driven proprietary trading and investment strategies in various digital asset markets. To the extent this paragraph references a tweet by TFL, a retweet by Mr. Kariya, and a blog post, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets and blog post, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets and blog post that is inconsistent with their actual terms. DiSomma denies the remaining allegations in this paragraph.

161. The allegations in Paragraph 161 state legal conclusions, to which no response is required. To the extent this paragraph references tweets, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

162. To the extent Paragraph 162 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

163. The allegations in Paragraph 163 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

164. The allegations in Paragraph 164 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents

exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to a deleted tweet and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

165. In response to the allegations in Paragraph 165, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on October 1, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

166. To the extent Paragraph 166 references an article published on Jump Capital's website, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

167. The allegations in Paragraph 167 state legal conclusions, to which no response is required. To the extent this paragraph references an article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

168. To the extent Paragraph 168 references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

169. The allegations in Paragraph 169 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents

exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

170. The allegations in Paragraph 170 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

171. The allegations in Paragraph 171 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet by @wormholecrypto and a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

172. In response to the allegations in Paragraph 172, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on November 1, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

173. To the extent Paragraph 173 references a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

174. The allegations in Paragraph 174 state legal conclusions, to which no response is

required. To the extent this paragraph references a tweet by @wormholecrypto and a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

175. To the extent Paragraph 175 references a retweet by @wormholecrypto and a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

176. The allegations in Paragraph 176 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

177. The allegations in Paragraph 177 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

178. To the extent Paragraph 178 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

179. To the extent Paragraph 179 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

180. The allegations in Paragraph 180 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

181. To the extent Paragraph 181 references a retweet by @jump_, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

182. In response to the allegations in Paragraph 182, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on December 2, 2021. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

183. To the extent Paragraph 183 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

184. The allegations in Paragraph 184 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

185. The allegations in Paragraph 185 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents

exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

186. To the extent Paragraph 186 references a tweet and retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

187. To the extent Paragraph 187 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

188. In response to the allegations in Paragraph 188, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on January 3, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

189. The allegations in Paragraph 189 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

190. The allegations in Paragraph 190 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

191. To the extent Paragraph 191 references an announcement related to the Luna Foundation Guard ("LFG"), DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms, denies that the announcement was made by "Jump," and otherwise denies the allegations in this paragraph.

192. The allegations in Paragraph 192 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

193. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the LFG announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms and denies that the LFG made any statements "at the behest of Jump." The allegations in the footnote to this paragraph state legal conclusions, to which no response is required. To the extent the footnote references the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms. DiSomma otherwise denies the allegations in this paragraph.

194. To the extent Paragraph 194 references the LFG's website, DiSomma admits that, to the extent such allegations accurately reflect the contents of the website, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the website that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

195. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the LFG announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the

announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

196. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the LFG announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

197. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references LFG's website and the LFG announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the website and announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the website and announcement that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

198. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the LFG announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

199. To the extent Paragraph 199 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

200. The allegations in Paragraph 200 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

201. The allegations in Paragraph 201 state legal conclusions, to which no response is required. To the extent this paragraph references statements regarding the LFG, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statements, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statements that is inconsistent with their actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

202. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

203. To the extent Paragraph 203 references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

204. The allegations in Paragraph 204 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

205. In response to the allegations in Paragraph 205, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on February 1, 2022. To the extent this

paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

206. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references an announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

207. The allegations in Paragraph 207 state legal conclusions, to which no response is required. To the extent this paragraph references retweets by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweets that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

208. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a statement by Mr. Kwon and the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statement and the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statement and Superseding Indictment that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

209. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a press release, DiSomma

admits that, to the extent such allegations accurately reflect the contents of the press release, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the press release that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

210. To the extent Paragraph 210 references an announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

211. To the extent Paragraph 211 references a press release, DiSomma admits that, to the extent such allegations accurately reflect the contents of the press release, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the press release that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

212. The allegations in Paragraph 212 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

213. The allegations in Paragraph 213 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

214. To the extent Paragraph 214 references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

215. To the extent Paragraph 215 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

216. The allegations in Paragraph 216 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

217. In response to the allegations in Paragraph 217, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on March 1, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

218. The allegations in Paragraph 218 state legal conclusions, to which no response is required. DiSomma states that a podcast series called the Ship Show was launched to discuss topics in cryptocurrency and that Eden hosted certain episodes of the podcast. To the extent this paragraph references the March 1, 2022, Ship Show podcast and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

219. To the extent Paragraph 219 references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

220. To the extent Paragraph 220 references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

221. To the extent Paragraph 221 references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

222. The allegations in Paragraph 222 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

223. The allegations in Paragraph 223 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

224. The allegations in Paragraph 224 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

225. The allegations in Paragraph 225 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast or the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast and complaint that is inconsistent with their actual terms and

otherwise denies the allegations in this paragraph.

226. The allegations in Paragraph 226 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, DiSomma states that one or more entities in Jump Trading Group hosted and produced the podcast and admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

227. The allegations in Paragraph 227 state legal conclusions and are argumentative; therefore, they do not require a response. To the extent this paragraph references a podcast and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

228. The allegations in Paragraph 228 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that TMSL purchased UST between May 21, 2021, and May 27, 2021, and that at times, including May 2021, DiSomma made certain decisions concerning trading of UST by TMSL. To the extent this paragraph references an amended loan agreement between TMSL and TFL and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the agreement and the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the agreement and the complaint that is inconsistent with their actual terms. DiSomma denies the remaining allegations in this paragraph.

229. The allegations in Paragraph 229 state legal conclusions, to which no response is required. To the extent this paragraph references the complaint in *SEC v. TFL*, DiSomma admits

that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

230. The allegations in Paragraph 230 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

231. The allegations in Paragraph 231 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

232. The allegations in Paragraph 232 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

233. To the extent Paragraph 233 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

234. To the extent Paragraph 234 references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

235. The allegations in Paragraph 235 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet by @jump_ and a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweets, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweets that is inconsistent with their actual terms and otherwise denies the allegations in this

paragraph.

236. The allegations in Paragraph 236 state legal conclusions, to which no response is required. To the extent this paragraph references an article on the business unit Jump Crypto's website, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

237. The allegations in Paragraph 237 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

238. To the extent Paragraph 238 references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

239. The allegations in Paragraph 239 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

240. The allegations in Paragraph 240 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

241. The allegations in Paragraph 241 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them.

242. To the extent Paragraph 242 references statements on a podcast by Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

243. The allegations in Paragraph 243 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

244. The allegations in Paragraph 244 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

245. In response to the allegations in Paragraph 245, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on March 31, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

246. The allegations in Paragraph 246 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that,

to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

247. The allegations in Paragraph 247 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

248. To the extent Paragraph 248 references an LFG announcement, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement that is inconsistent with its actual terms. DiSomma states that Mr. Kariya spoke at the March 2022 Avalanche Summit. DiSomma denies the remaining allegations in this paragraph.

249. The allegations in Paragraph 249 state legal conclusions, to which no response is required. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

250. The allegations in Paragraph 250 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

251. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 251 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references an interview with Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the interview, the referenced contents exist, and otherwise denies them. DiSomma denies any

characterization of the interview that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

252. The allegations in Paragraph 252 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

253. The allegations in Paragraph 253 state legal conclusions, to which no response is required. To the extent this paragraph references a podcast, DiSomma admits that, to the extent such allegations accurately reflect the contents of the podcast, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the podcast that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

254. In response to the allegations in Paragraph 254, DiSomma states that, pursuant to a loan agreement, TMSL received 1.2 million LUNA tokens on May 4, 2022. To the extent this paragraph references historic pricing data available on CoinMarketCap, DiSomma admits that, to the extent such allegations accurately reflect the contents of the pricing data, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the pricing data that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

255. The allegations in Paragraph 255 state legal conclusions, to which no response is required. To the extent this paragraph references a retweet by Mr. Kariya, DiSomma admits that, to the extent such allegations accurately reflect the contents of the retweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the retweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

256. In response to the allegations in Paragraph 256, DiSomma states that around May 9, 2022, the price of UST fell below $1 and ultimately did not recover. DiSomma further states that the price of UST and LUNA eventually collapsed. DiSomma denies the remaining allegations in this paragraph.

257. The allegations in Paragraph 257 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that UST was an algorithmic stablecoin whose mechanism was described for the public in its publicly available white paper and other publicly available information. DiSomma denies the remaining allegations in this paragraph.

258. The allegations in Paragraph 258 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that around May 9, 2022, the price of UST fell below $1 and ultimately did not recover. DiSomma further states that the price of UST and LUNA eventually collapsed. DiSomma denies the remaining allegations in this paragraph.

259. The allegations in Paragraph 259 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that around May 9, 2022, the price of UST fell below $1 and ultimately did not recover. DiSomma further states that the price of UST and LUNA eventually collapsed. DiSomma respectfully refers the Court to publicly available pricing records for UST and LUNA and otherwise denies the allegations in this paragraph.

260. To the extent Paragraph 260 references communications between Mr. Kwon and Mr. Kariya and the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the communications and the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the communications and the Superseding Indictment that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

261. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma states that on May 9, 2022, the price of UST fell below $1. To the extent this paragraph references a tweet, DiSomma admits that, to the extent such

allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

262. In response to the allegations in Paragraph 262, DiSomma states that LUNA's price decreased between May 9, 2022, and May 12, 2022. To the extent this paragraph references a chart, DiSomma admits that, to the extent such allegations accurately reflect the contents of the chart, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the chart that is inconsistent with its actual terms. DiSomma respectfully refers the Court to publicly available pricing records for LUNA and otherwise denies the allegations in this paragraph.

263. In response to the allegations in Paragraph 263, DiSomma states that the price of UST decreased between May 7, 2022, and May 25, 2022. DiSomma respectfully refers the Court to publicly available pricing records for UST and otherwise denies the allegations in this paragraph.

264. To the extent Paragraph 264 references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

265. The allegations in Paragraph 265 state legal conclusions, to which no response is required. To the extent this paragraph references the amended loan agreement between TMSL and TFL and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the agreement and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the agreement and complaint that is inconsistent with their actual terms. DiSomma denies that the modifications were agreed to in May 2021 in exchange for restoration of the peg. DiSomma denies the remaining allegations in this paragraph.

266. To the extent Paragraph 266 references the amended loan agreement between

TMSL and TFL and the trial record in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the agreement and trial record, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the agreement and trial record that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

267. The allegations in Paragraph 267 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that TMSL profitably traded the LUNA it borrowed from TFL. DiSomma denies the remaining allegations in this paragraph.

268. To the extent Paragraph 268 references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

269. To the extent Paragraph 269 references a tweet, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

270. To the extent Paragraph 270 references a Bloomberg article, DiSomma admits that, to the extent such allegations accurately reflect the contents of the article, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the article that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

271. To the extent Paragraph 271 references the Superseding Indictment against Mr. Kwon, DiSomma admits that, to the extent such allegations accurately reflect the contents of the Superseding Indictment, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the Superseding Indictment that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

272. In response to the allegations in Paragraph 272, DiSomma states that on December 20, 2024, the SEC announced the institution and settlement of cease-and-desist proceedings with TMSL, an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. DiSomma further

states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. To the extent this paragraph references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

273. To the extent Paragraph 273 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

274. To the extent Paragraph 274 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

275. To the extent Paragraph 275 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

276. To the extent Paragraph 276 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the

remaining allegations in this paragraph.

277. To the extent Paragraph 277 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

278. To the extent Paragraph 278 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

279. To the extent Paragraph 279 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

280. To the extent Paragraph 280 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

281. To the extent Paragraph 281 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the

SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

282. To the extent Paragraph 282 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

283. To the extent Paragraph 283 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

284. To the extent Paragraph 284 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

285. To the extent Paragraph 285 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

286. To the extent Paragraph 286 references Judge Rakoff's summary judgment ruling

in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

287. To the extent Paragraph 287 references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

288. The allegations in Paragraph 288 state legal conclusions, to which no response is required. To the extent this paragraph references statutes and case law, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statutes and cases, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statutes and cases that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

289. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 289 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL* and the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling and SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling and SEC C&D Order that is inconsistent with their actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

290. To the extent Paragraph 290 references the complaint and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint and ruling, the referenced contents exist, and otherwise denies

them. DiSomma denies any characterization of the complaint and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

291. The allegations in Paragraph 291 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

292. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 292 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

293. DiSomma denies the first two sentences of Paragraph 293. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms. DiSomma denies the remaining allegations in this paragraph.

294. The allegations in Paragraph 294 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint in *SEC v. TFL*,

DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

295. The allegations in Paragraph 295 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

296. The allegations in Paragraph 296 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

297. The allegations in Paragraph 297 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

298. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 298 that are related to persons or entities other than DiSomma and therefore denies them.

299. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

300. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

301. The allegations in Paragraph 301 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and

therefore denies them. DiSomma denies the remaining allegations in this paragraph.

302. The allegations in Paragraph 302 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

303. The allegations in Paragraph 303 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them.

304. The allegations in Paragraph 304 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them.

305. The allegations in Paragraph 305 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma states that unlocked LUNA was fungible. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the complaint that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

306. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 306 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a TFL announcement and presentations and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the announcement, presentations, and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the announcement, presentations, and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

307. In response to the allegations in Paragraph 307, DiSomma states that TMSL owned LUNA during the Class Period. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

308. The allegations in Paragraph 308 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

309. The allegations in Paragraph 309 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

310. The allegations in Paragraph 310 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

311. The allegations in Paragraph 311 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

312. The allegations in Paragraph 312 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

313. The allegations in Paragraph 313 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a tweet and the complaint in *SEC v.*

*TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

314. The allegations in Paragraph 314 state legal conclusions, to which no response is required. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a tweet and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the tweet and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the tweet and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

315. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 315 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a Telegram message, Reddit post, and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the message, post, and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the message, post, and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

316. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 316 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references a filing in another matter, DiSomma admits that, to the extent such allegations accurately reflect the contents of the filing, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the filing that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

317. DiSomma lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 317 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references materials from TFL and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the materials and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the materials and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

318. The allegations in Paragraph 318 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

319. The allegations in Paragraph 319 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references social media posts or the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the posts and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the posts and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

320. DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 320 that are related to persons or entities other than DiSomma and therefore denies them. To the extent this paragraph references "Community Updates" posts, emails from TFL, and the complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the posts, emails, and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the posts, emails, and complaint that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

321. The allegations in Paragraph 321 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

322. The allegations in Paragraph 322 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

323. The allegations in Paragraph 323 are a characterization of the action, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

324. The allegations in Paragraph 324 are a characterization of the action, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

325. The allegations in Paragraph 325 are a characterization of the action, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

326. The allegations in Paragraph 326 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them.

327. The allegations in Paragraph 327 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

328. The allegations in Paragraph 328 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them.

329. The allegations in Paragraph 329 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them.

330. The allegations in Paragraph 330 state legal conclusions, to which no response is

required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

331. The allegations in Paragraph 331 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

332. The allegations in Paragraph 332 state legal conclusions, to which no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

333. The allegations in Paragraph 333 relate to Count I, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent a response is required, DiSomma incorporates and reasserts his responses to the preceding paragraphs as if fully set forth herein.

334. The allegations in Paragraph 334 relate to Count I, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

335. The allegations in Paragraph 335 relate to Count I, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

336. The allegations in Paragraph 336 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

337. The allegations in Paragraph 337 relate to Count I, which the Court has dismissed

against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent this paragraph references statutes and rules, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statutes and rules, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statutes and rules that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

338. The allegations in Paragraph 338 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

339. The allegations in Paragraph 339 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

340. The allegations in Paragraph 340 and its subparts relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent the allegations in this paragraph and its subparts reference filings and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, documents, statements, press releases, blog posts, websites, social media posts, articles, podcasts, and other materials, DiSomma admits that, to the extent such allegations accurately reflect the contents of these materials, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of these materials that is inconsistent with their actual terms. DiSomma denies the remaining allegations in this paragraph and its subparts.

341. The allegations in Paragraph 341 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

342. The allegations in Paragraph 342 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

343. The allegations in Paragraph 343 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the

extent a response is required, DiSomma denies the allegations in this paragraph.

344. The allegations in Paragraph 344 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

345. The allegations in Paragraph 345 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

346. The allegations in Paragraph 346 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

347. The allegations in Paragraph 347 relate to Count I, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

348. The allegations in Paragraph 348 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma states that Mr. Kariya's Signal records reflect five Signal calls with Mr. Kwon on May 23, 2021, and that at times, including May 2021, DiSomma made certain decisions concerning trading of UST by TMSL. DiSomma denies the remaining allegations in this paragraph.

349. The allegations in Paragraph 349 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

350. The allegations in Paragraph 350 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*,

DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the remaining allegations in this paragraph.

351. The allegations in Paragraph 351 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the remaining allegations in this paragraph.

352. The allegations in Paragraph 352 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent this paragraph references certain articles and announcements, DiSomma admits that, to the extent such allegations accurately reflect the contents of the articles and announcements, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the articles and announcements that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

353. The allegations in Paragraph 353 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma states that he invoked his Fifth Amendment rights as to all substantive questions during his deposition testimony in *SEC v. TFL*. To the extent this paragraph references deposition testimony and Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the testimony and ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the testimony and ruling that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

354. The allegations in Paragraph 354 relate to Count I, which the Court has dismissed

against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

355. The allegations in Paragraph 355 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

356. The allegations in Paragraph 356 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

357. The allegations in Paragraph 357 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma, including with respect to the prices of "Terra Tokens" generally, and therefore denies them. DiSomma states that UST's and LUNA's prices decreased in May 2022. DiSomma respectfully refers the Court to publicly available pricing records for UST and LUNA and otherwise denies the allegations in this paragraph.

358. The allegations in Paragraph 358 relate to Count I, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent a response is required, DiSomma states that UST's and LUNA's prices decreased in May 2022. DiSomma respectfully refers the Court to publicly available pricing records for UST and LUNA and otherwise denies the allegations in this paragraph.

359. The allegations in Paragraph 359 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

360. The allegations in Paragraph 360 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent this paragraph references the trial record and testimony in the *SEC v. TFL* trial, DiSomma admits that, to the extent such allegations accurately reflect the contents of the trial record and

testimony, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the trial record and testimony that is inconsistent with their actual terms and otherwise denies the allegations in this paragraph.

361. The allegations in Paragraph 361 relate to Count I, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

362. The allegations in Paragraph 362 relate to Count II, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent a response is required, DiSomma incorporates and reasserts his responses to the preceding paragraphs as if fully set forth herein.

363. The allegations in Paragraph 363 relate to Count II, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

364. The allegations in Paragraph 364 relate to Count II, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

365. The allegations in Paragraph 365 relate to Count II, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma states that UST was an algorithmic stablecoin designed to maintain a $1 value. DiSomma further states that in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. DiSomma further states that while the price of UST was below $1 in May 2021, TMSL purchased UST. DiSomma denies the remaining allegations in this paragraph.

366. The allegations in Paragraph 366 relate to Count II, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

367. The allegations in Paragraph 367 relate to Count II, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent a

response is required, DiSomma denies the allegations in this paragraph.

368. The allegations in Paragraph 368 relate to Count II, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

369. The allegations in Paragraph 369 relate to Count II, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

370. The allegations in Paragraph 370 relate to Count II, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

371. The allegations in Paragraph 371 relate to Count III, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent a response is required, DiSomma incorporates and reasserts his responses to the preceding paragraphs as if fully set forth herein.

372. The allegations in Paragraph 372 relate to Count III, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

373. The allegations in Paragraph 373 relate to Count III, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

374. The allegations in Paragraph 374 relate to Count III, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma states that UST was an algorithmic stablecoin designed to maintain a $1 value. DiSomma further states that in May 2021, the price of UST fell below $1 before ultimately returning to approximately $1. DiSomma further states that while the price of UST was below $1 in May 2021, TMSL purchased UST. DiSomma denies the remaining allegations in this paragraph.

375. The allegations in Paragraph 375 relate to Count III, which the Court has dismissed

against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

376. The allegations in Paragraph 376 relate to Count III, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that are related to persons or entities other than DiSomma and therefore denies them. DiSomma denies the remaining allegations in this paragraph.

377. The allegations in Paragraph 377 relate to Count III, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

378. The allegations in Paragraph 378 relate to Count III, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

379. The allegations in Paragraph 379 relate to Count III, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

380. DiSomma responds to Paragraph 380 by incorporating and reasserting his responses to the preceding paragraphs as if fully set forth herein.

381. The allegations in Paragraph 381 are a characterization of the action, and therefore no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

382. The allegations in Paragraph 382 state legal conclusions, and therefore no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

383. The allegations in Paragraph 383 state legal conclusions, and therefore no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

384. The allegations in Paragraph 384 state legal conclusions, and therefore no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

385. The allegations in Paragraph 385 state legal conclusions, and therefore no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

386. The allegations in Paragraph 386 relate to Count V, which the Court has dismissed against DiSomma, and also state a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma incorporates and reasserts his responses to the preceding paragraphs as if fully set forth herein.

387. The allegations in Paragraph 387 relate to Count V, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

388. The allegations in Paragraph 388 relate to Count V, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent this paragraph references a statute, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statute, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statute that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

389. The allegations in Paragraph 389 relate to Count V, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent this paragraph references a statute, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statute, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statute that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

390. The allegations in Paragraph 390 relate to Count V, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma

admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

391. The allegations in Paragraph 391 relate to Count V, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent this paragraph references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

392. The allegations in Paragraph 392 relate to Count V, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent this paragraph references the SEC C&D Order and complaint in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order and complaint, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order and complaint that is inconsistent with their actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma states that TMSL entered into loan agreements with TFL entities. DiSomma denies the remaining allegations in this paragraph.

393. The allegations in Paragraph 393 relate to Count V, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent this paragraph references a statute, DiSomma admits that, to the extent such allegations accurately reflect the contents of the statute, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the statute that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

394. The allegations in Paragraph 394 relate to Count V, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent a

response is required, DiSomma denies the allegations in this paragraph.

395. The allegations in Paragraph 395 relate to Count V, which the Court has dismissed against DiSomma, and state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

396. The allegations in Paragraph 396 relate to Count VI, which the Court has dismissed against DiSomma, and also state a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma incorporates and reasserts his responses to the preceding paragraphs as if fully set forth herein.

397. The allegations in Paragraph 397 relate to Count VI, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

398. The allegations in Paragraph 398 relate to Count VI, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

399. The allegations in Paragraph 399 relate to Count VI, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

400. The allegations in Paragraph 400 relate to Count VI, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

401. The allegations in Paragraph 401 relate to Count VII, which the Court has dismissed against DiSomma, and also state a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma incorporates and reasserts his responses to the preceding paragraphs as if fully set forth herein.

402. The allegations in Paragraph 402 relate to Count VII, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

403. The allegations in Paragraph 403 relate to Count VII, which the Court has

dismissed against DiSomma, and therefore no response is required. DiSomma states that on December 20, 2024, the SEC announced the institution and settlement of cease-and-desist proceedings with TMSL, an indirect, wholly owned subsidiary of Jump Crypto Holdings LLC. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. To the extent this paragraph references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

404. The allegations in Paragraph 404 relate to Count VII, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent this paragraph references the SEC C&D Order, DiSomma admits that, to the extent such allegations accurately reflect the contents of the SEC C&D Order, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the SEC C&D Order that is inconsistent with its actual terms. DiSomma further states that TMSL neither admitted nor denied the SEC's findings in the SEC C&D Order. DiSomma denies the remaining allegations in this paragraph.

405. The allegations in Paragraph 405 relate to Count VII, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

406. The allegations in Paragraph 406 relate to Count VII, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

407. The allegations in Paragraph 407 relate to Count VII, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

408. The allegations in Paragraph 408 relate to Count VIII, which the Court has dismissed against DiSomma, and also state a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma incorporates and reasserts his

responses to the preceding paragraphs as if fully set forth herein.

409. The allegations in Paragraph 409 relate to Count VIII, which the Court has dismissed against DiSomma, and are also a characterization of the action; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

410. The allegations in Paragraph 410 relate to Count VIII, which the Court has dismissed against DiSomma, and therefore no response is required. To the extent this paragraph references Judge Rakoff's summary judgment ruling in *SEC v. TFL*, DiSomma admits that, to the extent such allegations accurately reflect the contents of the ruling, the referenced contents exist, and otherwise denies them. DiSomma denies any characterization of the ruling that is inconsistent with its actual terms and otherwise denies the allegations in this paragraph.

411. The allegations in Paragraph 411 relate to Count VIII, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

412. The allegations in Paragraph 412 relate to Count VIII, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

413. The allegations in Paragraph 413 relate to Count VIII, which the Court has dismissed against DiSomma, and also state legal conclusions; therefore, no response is required. To the extent a response is required, DiSomma denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Section VII sets forth Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is required, DiSomma denies the Prayer for Relief or that Plaintiffs are entitled to any relief.

## JURY DEMAND

Section VIII sets forth Plaintiffs' Jury Demand, to which no response is required.

**AFFIRMATIVE AND OTHER DEFENSES**

DiSomma asserts the following defenses, incorporates by reference the affirmative and other defenses of any other defendant in this case to the extent applicable to him, and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action, and hereby reserves all rights to amend and/or supplement any and all defenses set forth herein. DiSomma does not assume the burden to prove any of these defenses, or any element of any of them, where the law does not so require. Even though the Court has dismissed all counts against DiSomma but Count IV, out of an abundance of caution, DiSomma has below asserted certain defenses that apply to other now-dismissed counts against DiSomma.

**FIRST AFFIRMATIVE DEFENSE**

The FAC fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because no alleged misrepresentation, omission, or manipulative or deceptive device by DiSomma was the but-for and/or proximate cause of Plaintiffs' alleged injuries.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the injuries Plaintiffs or other purported class members sustained, if any, were caused by the actions or inactions of parties other than DiSomma, actions or inactions by parties outside the control of DiSomma, or economic events that were, likewise, outside the control of DiSomma. These actions, inactions, and events were intervening or superseding causes of Plaintiffs' and other purported class members' alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

DiSomma is not liable because any decline in value of the alleged securities of which Plaintiffs complain was caused by external market factors.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because neither Terra Tokens, nor any of the transactions referenced in the FAC, were securities at any relevant time.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because they do not involve a domestic transaction in a security, including, but not limited to, as required by *Morrison v. National Australia Bank*, 561 U.S. 247 (2010).

**SEVENTH AFFIRMATIVE DEFENSE**

DiSomma is not liable because he was not a statutory seller of Terra Tokens.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because DiSomma did not omit or fail to state any material facts that were necessary in order to make any statement made by DiSomma not false or misleading.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, to the extent DiSomma disclosed certain information that Plaintiffs allege was omitted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because certain statements challenged by the FAC were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, and did not omit any material fact necessary to make the statements therein not misleading.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the truth-on-the-market doctrine, because the information they allege was concealed was already known by the public.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the statements complained of were, at the time they were made, believed by the speaker to be true.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because any alleged misrepresentations or omissions were immaterial as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because DiSomma had no duty to disclose any allegedly omitted information.

**FIFTEENTH AFFIRMATIVE DEFENSE**

DiSomma is not liable because he did not breach any duties owed to Plaintiffs or other purported class members.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because DiSomma lacked the requisite scienter and/or mens rea at the time each alleged false or misleading statement or omission was made or at the time of the alleged manipulative conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the FAC.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Terra Tokens did not trade in an efficient market, and therefore Plaintiffs are not entitled to a presumption of reliance.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because the alleged misstatements or omissions did not have any impact on the price for Terra Tokens.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs assumed the risks of their trading, and any losses were caused by the materialization of some or all of those risks.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

DiSomma is not liable because he did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of securities.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, because Terra Tokens did not trade at an artificial price.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

DiSomma is not liable because the trading in which he was involved did not cause Terra Tokens to trade at an artificial price.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

DiSomma is not liable because he did not have the intent to create an artificial price for Terra Tokens or to send a false signal to the market regarding Terra Tokens' price.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

DiSomma is not liable because he did not have the ability to create an artificial price for Terra Tokens.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

DiSomma is not liable because he did not violate any SEC rules or regulations.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the applicable statutes of limitations and/or repose.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

DiSomma is not liable for the actions of TFL, Do Kwon, the LFG, or any other Defendant because DiSomma did not exercise actual power or control over such persons or entities.

**THIRTIETH AFFIRMATIVE DEFENSE**

DiSomma is not liable for the actions of TFL, Do Kwon, the LFG, or any other Defendant because such persons and entities did not commit a primary violation.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

DiSomma is not liable for the actions of TFL, Do Kwon, the LFG, or any other Defendant

because DiSomma did not know of the facts constituting any primary violation by such persons and entities and DiSomma's ignorance was reasonable.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

DiSomma is not liable for the actions of TFL, Do Kwon, the LFG, or any other Defendant because DiSomma acted in good faith and did not directly or indirectly induce any primary violation by such persons and entities.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

DiSomma is entitled to recover contribution and/or indemnification from others for any liability he incurs and reserves the right to do so at the appropriate time.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, to the extent that the damages Plaintiffs seek are in excess of those permitted by relevant law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Because the claimed injury and damages flow from consequences which Plaintiffs and other purported class members could have reasonably avoided, Plaintiffs' claims are barred in whole, or in part, by their failure to mitigate.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Any liability of DiSomma must be reduced or eliminated under the doctrines of comparative responsibility, contribution, setoff, and/or indemnity.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the principles of waiver and/or estoppel and by the doctrine of unclean hands, *in pari delicto*, and/or other related equitable doctrines.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are improperly before this Court because there is a valid and enforceable arbitration agreement that applies to this dispute.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' and class members' claims are barred to the extent their purchases came before

the challenged statements or conduct, or after the alleged truth was disclosed.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because DiSomma did not make statements on which Plaintiffs' claims are based.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert claims with respect to Terra Tokens they did not purchase and to assert claims based on statements made after their purchases.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because certain members of the putative class have assigned the claims to another party.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Paul M. Krieger*

Paul M. Krieger (admitted *pro hac vice*)
Rebecca S. Tinio (admitted *pro hac vice*)
Jonathan F. Bolz (admitted *pro hac vice*)
Benjamin W. Perotin (admitted *pro hac vice*)
**KKL LLP**
350 Fifth Avenue, Suite 7710
New York, NY 10118
(212) 390-9550
Paul.Krieger@KKLllp.com
Rebecca.Tinio@KKLllp.com
Jonathan.Bolz@KKLllp.com
Ben.Perotin@KKLllp.com

Daniel A. Zaheer (SBN 237118)
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
(415) 582-4751
daniel.zaheer@kobrekim.com

*Counsel for Defendant William DiSomma*